**ORIGINAL**

12
7/13/01

David L. Schwalm, Esquire
**Thomas, Thomas & Hafer, LLP**
Attorney I.D. #32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED
HARRISBURG**

JUL 1 2 2001

MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

LEVI SLACK, JR.,            :
    Plaintiff            :
               :    CIVIL ACTION – LAW
    v.            :
               :    NO. 1: CV 01-0708
LEBANON COUNTY            :
CORRECTIONAL FACILITY, et al.,    :    (JUDGE CALDWELL)
    Defendants            :    (MAGISTRATE JUDGE BLEWITT)

## MOTION OF DEFENDANTS LEBANON COUNTY CORRECTIONAL FACILITY, et al., TO DISMISS OR FOR SUMMARY JUDGMENT

AND NOW, come Defendants Lebanon County Correctional Facility, et al., by and through their attorneys, Thomas, Thomas & Hafer, LLP, and move this Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, grant summary judgment in favor of the Defendants.

1.      On or about April 23, 2001, Plaintiff Levi Slack commenced this action by filing a Civil Rights Complaint.

2.      Plaintiff's Complaint alleges that he has been falsely classified as a security risk, that his placement in administrative segregation was unjustified.

3.      Defendants include the Lebanon County Correctional Facility, Robert L. Raiger, Robert J. Karnes, Michael J. Gerrity, John R. Russell, Edward B. McIntyre, and Michael K. Stuckey (hereinafter "Defendants.")

4.     Plaintiff's Complaint purports to state a federal law claim against the Defendants pursuant to 42 U.S.C. § 1983.

5.     Plaintiff Levi Slack was temporarily transferred on February 13, 2001, from Greene State Correctional Institution to Lebanon County Correctional Facility (hereinafter "LCCF"), pursuant to a Court Order dated February 9, 2001.

6.     Plaintiff was discharged from LCCF and transferred back to Greene on April 30, 2001.

7.     The operative facts, as plead by Plaintiff, disclose that Plaintiff was placed in administrative segregation at LCCF by Defendant Raiger and Defendant Karnes on February 28, 2001 and remained there up through the time Plaintiff filed the Complaint.

8.     This placement in administrative segregation was due to his state correctional record classifying him as a security risk.

9.     Plaintiff avers that this classification was unjustified because he has not received any misconducts while housed at Lebanon County Correctional Facility.

10.    Plaintiff's incarceration record reports twenty-eight misconducts prior to Plaintiff's transfer to LCCF.  A copy of Plaintiff's conduct record is attached hereto and marked Exhibit "C".

11.    While housed at LCCF, Plaintiff was placed on disciplinary lockdown for a period of fifteen days for "making unsanitary conditions by trashing the dayroom floor." A copy of the LCCF Disciplinary Board Hearing Report is found in Plaintiff's LCCF prison record, which is incorporated herein and attached hereto as Exhibit "A".

13.    While in administrative segregation, Plaintiff maintains that he was housed in quarantine, which consisted of inmates not medically cleared, and was afforded recreation time only with the quarantined inmates.

13.    Plaintiff avers that he repeatedly became ill and had to seek medical treatment, all of which he was charged for.   Plaintiff submits that this treatment constituted cruel and unusual punishment.

14.    To prove the existence of cruel and unusual punishment, a prisoner must show that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety.  Griffin v. Vaughn, 112 F. 3d 703 (3rd Cir. 1997).

15.    Plaintiff's Complaint fails to state a cause of action against all named Defendants pursuant to 42 U.S.C. § 1983 for the following reasons:

(a)    Even if the facts as pleaded by the Plaintiff are established, the facts do not rise to the level of a constitutional violation of the Eighth Amendment or the Fourteenth Amendment to the United States Constitution.

(b)    The transfer report Defendants received from Greene verified that Plaintiff had a history of problems involving drugs, sex, assault and escape.  The report recommended that Plaintiff be kept under "tight security."  Plaintiff's placement in administrative segregation was not unjustified and did not amount to cruel and unusual punishment.  A copy of the Plaintiff's state correctional record, including Plaintiff's transfer report, is incorporated herein and attached hereto as Exhibit "B".

(c)    Plaintiff's placement in administrative segregation, for the purpose of protecting the safety and security of the Lebanon County Correctional Facility, did not rise to the level of a constitutional violation of the Eighth Amendment or the Fourteenth Amendment.  Prison officials have broad discretion in the use of protective confinement.  Bloeth v. Montanye, 514 F.2d 1192 (2nd Cir. 1975).

(d)    Defendants cannot be held vicariously liable under 42 U.S.C. § 1983.  The doctrine of Respondeat Superior is not an acceptable basis for liability under 42 U.S.C. § 1983.  Durmer v. O'Carroll and Barker and Fauver, 991 F.2d 64 (3rd Cir. 1993); Howard v. Adkinson and Jackson, 887 F.2d 134 (8th Cir. 1989).

16.    Plaintiff's Complaint should be dismissed for  failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

17.    Summary Judgment is appropriate when there is no genuine issue of material fact and...the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).

18.    An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. ed. 2d 202, 106 S. Ct. 2505 (1986).

19.    After reviewing all pleadings and the prison record,  it is clear that no genuine issue of material fact exists as to why Plaintiff was placed on administrative segregation or Plaintiff's inability to prove that he was deprived of a necessary human right while in administrative segregation.

WHEREFORE, Defendants Lebanon County Correctional Facility,  Robert L. Raiger, Robert J. Karnes, Michael J. Gerrity, John R. Russell, Edward B. McIntyre, and Michael K. Stuckey, by their attorneys, Thomas, Thomas & Hafer, LLP, respectfully request that all Counts of Plaintiff's Complaint be dismissed with prejudice, for failure to state a claim upon which relief can be granted, or in the alternative,  that this Honorable Court grant summary judgment in favor of the Defendants, in whole or in part.

THOMAS, THOMAS & HAFER, LLP

David L. Schwalm, Esquire
Attorney I.D. No. 32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

Date: July 12, 2001
:135631.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                    :
            Plaintiff               :
                                    :          CIVIL ACTION – LAW
            v.                      :
                                    :          NO. 1: CV 01-0708
LEBANON COUNTY                      :
CORRECTIONAL FACILITY, et al.,      :
            Defendants              :

## AFFIDAVIT OF ROBERT L. RAIGER

I, Robert L. Raiger, swear and affirm that the following statements are true:

1.      I am the Warden of the Lebanon County Correctional Facility.

2.      A true and correct copy of Plaintiff's prison record at the Lebanon County Correctional Facility is attached hereto and marked as Exhibit "A".

3.      On February 13, 2001, Plaintiff Levi Slack was transferred from Greene State Correctional Institution to Lebanon County Correctional Facility pursuant to a Court Order dated February 9, 2001.

4.      Plaintiff Levi Slack's state correctional record, sent to the Lebanon County Correctional Facility, classified Plaintiff as a security risk and recommended tight security. A true and correct copy of Plaintiff's state correctional record is attached hereto and marked as Exhibit "B".

5.      Plaintiff Levi Slack's state correctional record indicated that Plaintiff had a verified history of escape.

6.    Plaintiff Levi Slack's state correctional record indicated that Plaintiff had a verified history of assault.

7.    Plaintiff Levi Slack's conduct record reflected twenty-eight reported misconducts prior to Plaintiff's transfer to Lebanon County Correctional Facility. A copy of Plaintiff's conduct record is attached hereto and marked as Exhibit "C".

8.    Plaintiff Levi Slack's reported misconducts included charges of refusing to obey an order, use of offensive or abusive language, fighting, threatening an employee, possession of contraband, and destroying, altering or damaging property.

9.    My decision to place Plaintiff Levi Slack in administrative segregation was based on Greene State Correctional Institution's recommendation that Plaintiff be held in tight security.

10.    Plaintiff Levi Slack was placed in, and remained in administrative segregation pursuant to Lebanon County Correctional Facility's standard operating procedure guidelines. A copy of the applicable guidelines is attached hereto and marked as Exhibit "D".

Robert L. Raiger, Warden of the
Lebanon County Correctional Facility

138005 1

**LEBANON COUNTY CORRECTIONAL FACILITY**

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden · Corrections
John R. Russell, Deputy Warden · Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

Fi

DISCIPLINARY BOARD HEARING          DATE:  4/9/01    125

NAME:  LEVI SLACK

OFFENSE:  MAKING UNSANITARY CONDITIONS, TRASHING DAYROOM FLOOR

DATE OF OFFENSE: 4/4/01          TIME OF OFFENSE: 10:20 P.M.

BOARD MEMBERS: CHAIRMAN: JOHN R. RUSSELL

                MEMBER: Perry Gernert

1.  Miranda Rights read to  LEVI SLACK          by  JOHN R. RUSSELL

2.  Misconduct Report read to  LEVI SLACK          by  JOHN R. RUSSELL

3.  Comments of Inmate:  Mr. Slack came before the board and did admit that
dumped his trash outside his cell due to being frustrated at attempting to sneak
an Officer regarding a question that he had. He went on to say that he was getti
"stircrazy" from lack of physical exercise and being "locked-down" almost consta
He went on to state that while upstate he would be able to exercise 2-3 times da
and have a job to occupy his mind; while here it was all "deadtime". He went on
say that he had the trash pushed in fron of his cell and that he cleaned it up a
apologized to Officer LaFountain for acting so "stupid".

4.  Witnesses Called:  NONE REQUESTED.

5.  DECISION OF DISCIPLINARY BOARD:  The board can empathize with Mr. Slack
dilemma; however; throwing out trash does not solve the problem. He is therefore
removed from Administrative lockdown and placed on disciplinary lockdown for a
fifteen day period which will end  on 4/19/01.



NOTE:  Decision of Disciplinary Board may be appealed to the Warden in writing

# DEPARTMENT OF CORRECTIONS
## LEBANON, COUNTY, PENNSYLVANIA

| XXX | MISCONDUCT | | |
|---|---|---|---|
| | OTHER | | |

| BLOCK | CELL | INMATE'S NAME | TIME AND DATE OF MISCONDUCT |
|---|---|---|---|
| 4 | 69 | SLACK,LEVI | APPROX 10:20 P.M. 4/4/01 |

PLACE OF MISCONDUCT: Cell 4/69 & Dayroom Floor

OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR P)

| BLOCK | CELL | NAME | I | W | BLOCK | CELL | NAME | I |
|---|---|---|---|---|---|---|---|---|
| | | Officer Robert Weise | | X | | | | |
| | | Officer Josh Yeagly | | X | | | | |
| | | | | | | | | |
| | | | | | | | | |

MISCONDUCT

1. Trashing Dayroom Floor
2. Making an Unsanitary Condition

**STAFF MEMBER'S VERSION**

At Approximately 10:10 P.M. on the above date inmate Levi Slack was motioning and yelling from his cell. Officer Josh Yeagly recognized inmate Slack and went to the station window flap to hear what he was yelling about, at this time C.O. Yeagly could hear inmate Slack yelling that he wanted to talk to a C.O.. Officer LaFountain then informed C.O. Yeagly that the Officers perform regular block checks and they would speak to him during a check.

Approximately 5 Minutes later inmate John Andrews who is housed on a dayroom bunk approached the station window flap and stated that inmate Slack wanted to be released from his cell so he could empty his trash. Inmate Andrews was informed that it was well passed lock-down and inmate slack would not be let out of his cell and that he could tell him th[...] Inmate Andrews then informed inmate Slack that he would not be released and inmate slack then began to throw his trash out on to the dayroom floor creating an unsanitary conditio[...]

At Approximately 10:20 P.M. Sgt. Control was notified of Slack's actions and a Major Misconduct was ordered. It Should be noted that Inmate Slack received 2 Hours of Block-out from 7:00 P.M. to 9:00 P.M. on this evening and did not feel the need to relieve himself of this apparent trash emergency during his 120 minutes of regularly scheduled block-out.

**IMMEDIATE ACTION TAKEN AND REASON**

1.) Inmate Slack was motioning to the Station
2.) Inmate Andrews approached the station and said Slack wanted out to empty trash
3.) Inmate Slack was denied his request and began to trash the dayroom floor.
4.) Major Misconduct Ordered, Slack Placed in Pre-hearing confinement.

| STAFF MEMBER REPORTING MISCONDUCT | SIGNATURE AND TITLE OF RANKING OFFICER |
|---|---|
| Officer Terence W. LaFountain | Sgt. Gary Breidenstine |

| DATE 04/04/01 /AND/ | TIME 11:45 P.M. | INAMTE GIVEN COPY OF MISCONDUCT REPORT YES |
|---|---|---|

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN



730 East Walnut St—
Lebanon, Pennsylvania 17—
(717) 274-5—
(717) 274-5—
(717) 274-5—

## STATEMENT OF MIRANDA RIGHTS

1. You have the right to remain silent. ✓ LS

2. Anything you say can and will be used against you in a court of law. ✓ LS

3. You have the right to talk to a lawyer and have him present with you while you are being questioned. ✓ LS

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish, at no cost. LS

5. You can decide at any time to exercise these rights, and not answer any questions or make any statements. LS

## WAIVER OF RIGHTS

I have read the above statements of my rights and I understand each of those rights and having these rights in mind I waive them and willingly make a statement.

_____
Defendant

_____
Interpreter

WITNESSED BY:

_____
John R. Russell

_____
Perry J. Hennert

_____
Treatment / Security
Department

Date: 4/9 , 2001

Time: 1:46 PM

**LEBANON COUNTY CORRECTIONAL FACILITY**

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Train
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

---

DISCIPLINARY BOARD HEARING                 DATE: 11/1/00

NAME:   LEVI SLACK

OFFENSE:  Unauthorized Shower, Disoby, Dir. Ord, Being in Unauth Area
Disrespt. to an Officer.

DATE OF OFFENSE: 10/30/00        TIME OF OFFENSE:  10:05 A.M.

BOARD MEMBERS: CHAIRMAN: *John R. Russell* John R. Russell

MEMBER: *Dwight M Eisenhower* C.O. Dwight Eisenhower

1. Miranda Rights read to LEVI SLACK          by JOHN R. RUSSELL

2. Misconduct Report read to LEVI SLACK       by  JOHN R. RUSSELL

3. <u>Comments of Inmate:</u>     Mr. Slack came before the board and stated that
happened was due to being under stress and confusion on the part of knowing
shower procedures. He felt that since he had been released from quarantine a
been told  previously "that tomorrow is your shower day" that he was ok to
shower. He assumed that it was just like "upstate" when you come out of the
you can take a shower. He denies that he called the Officer "a bitch" but did
that he "apologized" to the Officer for disrespecting him!!

4. <u>Witnesses Called:</u>

                    None

5. <u>DECISION OF DISCIPLINARY BOARD:</u>

    The board can accept the defense of not knowing the shower procedure howe
there is not now; nor has there been any "excuse" for disrespect toward an of
therefore, Mr. Slack is sanctioned with fifteen(15) days lockup with a release
of 11/14/00. He is further cautioned that any future misconducts will be forw
to the institution from which he has come for them to consider as they see fi

<u>NOTE:</u>  Decision of Disciplinary Board may be appealed to the Warden in writing.

**DEPARTMENT OF CORRECTIONS**
**Lebanon County, Pennsylvania**

☒ MISCONDUCT
☐ OTHER

| BLK. | CELL | INMATES NAME | TIME & DATE OF MISCONDUCT |
|------|------|--------------|---------------------------|
| 2 | 21 | Levi Slack | 10:05 AM   30 Oct. 2000 |

**PLACE OF MISCONDUCT**
Shower area Block 2

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES  (Check I or W )**

| BLK. | CELL | NAME | I | W | BLK. | CELL | NAME | I | W |
|------|------|------|---|---|------|------|------|---|---|
| | | Officer Troxell | | X | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

**MISCONDUCT**
1. Unauthorized shower    2. Being in unauthorized area    3. Disobeying a direct order    4. Disrespect toward an officer

**STAFF MEMBER'S VERSION**

At approximately 10:05 AM, Officer's Wetzel and Troxell observed Inmate Levi Slack taking an unauthorized shower in cell block 2.  Officer Wetzel proceeded into Block 2 and instructed Mr. Slack to turn off the shower and vacate the shower area.  Mr. Slack claimed that he was not aware that this was not his shower time.  It should be noted that Inmate Slack was relocated to block 2 on Wednesday, October 25th and had at least one opportunity to shower with this block. Officer Wetzel made several more verbal requests but they were ignored.
At this time Officer Wetzel turned to exit the block, at which time Mr. Slack poked his head through the shower curtain and  shouting at Officer Wetzel said, "Hey you bitch, what the fuck man you get paid the same if I get a shower or not". Central and sergeant control were notified and a major was written.
It should be mentioned at this point that Inmate Slack spent another 8 - 10 minutes in the shower.  Should he have merely wanted to rinse the soap off as he later stated was all he wanted to accomplish it would not have taken an additional 10 minutes.  The fact is that Mr. Slack was not only taking a shower but using the shower as his personal laundry area. Inmate Slack will remain in his present location in Pre-Hearing confinement until his case is reviewed by a D. B.

**IMMEDIATE ACTION TAKEN AND REASON**

1. Inmate observed in shower    2. Inmate told to leave shower area 3. Inmate ignored direct order  4. Inmate verbally disrespects officer  5. Central & Sgt Control notified
6. Major written

| STAFF MEMBER REPORTING MISCONDUCT (Signature & Title) | SIGNATURE & TITLE OF RANKING OFFICER |
|---|---|
| Officer Arthur Wetzel | Sgt Gary Breidenstine  Sergeant Gary Breidenstine |

**DATE** 10/30/00 **/and/ TIME** 3:00 PM    **INMATE GIVEN COPY OF MISCONDUCT REPORT** Yes

**INMATES PLEA:**    Guilty ☐   /or/   Not Guilty ☐

NAME OF PATIENT: _____ _Steve Slack_ _____

NAME OF MEDICATION & DESCRIPTION: _Albuterol MDI_____

REASON NEEDED: _asthma_____

DIRECTIONS FOR USAGE: _# puffs QID PRN_____

| ATE & TIME | NO. OF TABLETS DISPENSED | NO. REMAINING | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 10/27/00 | Acct m 10/27 | | | |
| 10/30/00 | 12N | | | |
| 10/30/00 | 2 puffs @ 7p | | L Borgesin | |
| 11-9-00 | 2 puffs @ 9p | | L Borgesin | |
| 11-27-00 | 2 puffs @ 9p | | L Borgesin | |
| 1/29/01 | | | | released |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

NAME OF PATIENT: _____ Joe Slack _____

NAME OF MEDICATION & DESCRIPTION: _____ Albuterol Inhaler _____

REASON NEEDED: _____ Breathing _____

DIRECTIONS FOR USAGE: _____ 2 puffs 4X day as needed _____

| DATE & TIME | NO. OF TABLETS DISPENSED | NO. REMAINING | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 2/20/01 | 2 puffs @ 9P | | L Borgesin | |
| 3-1-01 | 12N | | L | |
| 3-9-01 | 12N | | pm | |
| 3/21/01 | 9P | | B | |
| 3/24 | 6P | | L | |
| | Needs to move to medical if continues | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

LEBANON COUNTY PRISON
LEBANON, PENNSYLVANIA

Name: Lum Stach

DOCTOR'S ORDER SHEET    Block: _____

| Date | Order | D/C Date |
|------|-------|----------|
| 10/25/00 | PE #2  4A. Had a _____ um CH. _____ for crut no allergies. state he doesn't eat meat. No family doctor.  G. Snyder | |
| 10/27/- | Hx P _____ NS ⊖ _____ or no meds  _____ | |
| 10/27/0 | Albuterol MDI if puffs QID PRN  _____ | |
| 12-6-00 | Transfer Paper + Albuterol MDI Dental inmate to SCI. Detfef. (M) | |
| 2-14-01 | At Court today - No physical - _____ | |
| 3/20/01 | requesting albuterol inhaler. Can _____ prior to bring along from State Prison this time. Will start  Chundra | |
| 3/18/01 | apparently had some out of breathing _____ this pm & was told he'd see the nurse when she came in. _____ this am  At 3 he feels better.  T-100° Started Tylenol 1000g & 10 au to see Dr in am  Chundra | |
| 3/2/01 | wanted inhaler - stated opening c another inmate on the way - I _____ him if he wants his meds, he needs to come directly to the corner. He told me until I have a uniform on I'm not to tell him what to do. I | |

LEBANON COUNTY CORRECTIONAL FACILITY
PHYSICAL EXAMINATION FORM

NAME _____ DATE _10/25/00_

RACE _____ SEX _M_ AGE _32_ LAST GRADE IN SCHOOL _11 + GED + Vowel._

## PAST MEDICAL HISTORY

| | |
|---|---|
| Respiratory Disease _asthma_ | Heart Disease _Ø_ |
| Kidney Disease _Ø_ | Rheumatic Fever _Ø_ |
| G/I Disease _Ø_ | Skin Disease _Ø_ |
| Pelvic Disease | Venereal Disease _Ø_ |
| Back Disorders _Ø_ | Seizures _Ø_ |
| Diabetes _Ø_ | Hepatitis _Ø_ |
| Pregnancies | Fractures _hand_ |
| Operations _stab  throat  knowe_ | Hospitalizations _Good Hunt, G. Huntman_ |
| Tuberculosis _Ø_ | |
| Previous Positive Skin Test _Ø_   When/Where diagnosed _____ | |
| Treatment? (medication taken, where obtained, duration) _____ | |
| AIDS Symptoms _Ø_ | IV Drugs _Ø_ |
| Sexual Preference _Indian_ | Blood Transfusion _Ø_ |
| Previous HIV test _Ø_ | Street Drugs _Pot  etoac_ |
| Tobacco _Ø_ | Alcohol _Ø_ |
| Food/Drug Allergies _Ø_ | Medications _inhaler_ |
| Physician _Ø_ | Dentist |
| Dental Problems _Ø_ | Dentures _Ø_   Partials |
| Glasses | Contacts _null_ |

To the best of my knowledge, the above information is true and correct.
Date: _10/25/00_                        Signature X _____

## PHYSICAL EXAMINATION

| | |
|---|---|
| EENT _WNL_ | SKIN _WNL_ |
| NECK _WNL_ | |
| CARDIAC _WNL_ | NEUROLOGIC _WNL_ |
| RESPIRATORY _WNL_ | G/I _WNL_ |
| | GENITALIA _WNL_ |
| MUSCULO/SKELETAL _WNL_ | |

DATE _10/27_                        SIGNATURE _____

BP _120/70_          Height _5'10_
Pulse _____          Weight _149_
Respirations _____

| Index – Date | |
|---|---|
| 10/27/00 | Albuterol mdi 2 puffs dis prx |

URINE AND LABORATORY REPORTS

| ☐ COMMITTMENT ☐ DIAGNOSTIC | ☐ COMMITTMENT ☐ DIAGNOSTIC | ☐ COMMITTMENT ☐ DIAGNOSTIC | ☐ COMMITTMENT ☐ DIAGNOSTIC |
|---|---|---|---|
| NAME: | NAME: | NAME: | NAME: |
| DATE: 10/25/00 | DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: | TIME: |
| LEUKOCYTES | LEUKOCYTES | LEUKOCTES | LEUKOCYTES |
| PH 5 | PH | PH | PH |
| PROTEIN | PROTEIN | PROTEIN | PROTEIN |
| GLUCOSE | GLUCOSE | GLUCOSE | GLUCOSE |
| KETONES | KETONES | KETONES | KETONES |
| BILIRUBIN | BILIRUBIN | BILIRUBIN | BILIRUBIN |
| BLOOD | BLOOD | BLOOD | BLOOD |



# TRANSFER HEALTH INFORMATION

Receiving Facility: _Lebanon County_     Date of Transfer: _10/24/00_

| | Yes | No | If Yes, Specify |
|---|---|---|---|
| Allergies/Drug Sensitivities | | ✓ | |
| Chronic/Acute Health Problems | ✓ | | Asthma Hx of gout |
| Current Medications (Name, Dosage, Frequency, Duration, Route) | ✓ | | Albuterol MDI ++ puffs PO QID (has inhaler on self) |
| Current Treatment Plan | | ✓ | |
| Follow-up Care Needed | | ✓ | |
| Significant Medical History | ✓ | | Abdominal surgery 1986 |
| Restrictions (Dietary, Housing, Employment) | ✓ | | No work around dust, woods or fumes. No yard or farm work |
| Pending Specialty Referrals (Appointment Date) | | ✓ | |
| Physical Disabilities/Limitations | | ✓ | See restrictions |
| Eyeglasses | ✓ | | Contact lenses |
| Dentures | | ✓ | |
| Assistive Devices/Prosthetic | | ✓ | |
| Mental Health Problem | | ✓ | |
| History of Suicide Attempt | | ✓ | Date of last attempt: |
| History of Psychotropic Medication | | ✓ | |
| History of Substance Abuse | ✓ | | |
| Last PPD | Date: 9/20/00 | Result: ☒ Negative  ☐ Positive mm: 0mm | |
| Last Chest x-ray | Date: 9/21/00 | Result: NAD | |
| History of TB prophylaxis | Medication: N/A Start Date: | Stop Date: | |
| History of treatment for TB disease | Medication: N/A Start Date: | Stop Date: | |

_K BAJOREK RN_     Nurse Signature, Title     10/23/00 1145     Date/Time

---

Transfer Health Information
Commonwealth of Pennsylvania
Department of Corrections
DC-487

Inmate Name: Sieck, Levi
Inmate Number: EK 3256
DOB: 1/26/68
Facility: SCIC

## LEBANON COUNTY CORRECTIONAL FACILITY   INTAKE/CLASSIFICATION

Commitment Date: _____2/13/2001_____

Name: __Levi Slack__      Address: __SCI Greene__

Age: __33__ Date of Birth: __1/26/68__    Social Security Number: __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__

Charge: _____Robbery(Here from SCI Greene for Court)._____

Sentence: __2 1/2-10Yrs__ Minium: ____?____ Maximum: ____?____

Detainer: __Lebanon__     Bail: __NONE__

Criminal History:(No prior record claimed___) __Is Currently serving a 2 1/2 Yr-10Yr sentenc__
__at SCI Greene for Robbery Charges.__

1. Physical Condition:     Excellent____ Good____ Fair _X_ Poor____
2. Mental Condition:     Excellent____ Good _X_ Fair____ Poor____
3. Drug/Alcohol Dependence:   Yes _X_ No____ Advised AA/NA: _X_
4. Education: High School Graduate: Yes____ No __X__ Year & School_____

GED: Yes _X_ No____    Advised GED:____
5. Vocational Training/Trade School: Yes____ No _X_ School Name:_____
A) Years Attended:____ B) Training Received:_____
C) College:Yes _X_ No____ #of Years: __1__ Sch./Major: __HACC/Business Admin.__

6. Military Service/Schooling:    Yes____ No____ _X_ Not Applicable____
A) Branch:____ # of Years____ B) Disharge type:_____
C) M.O.S/Job:_____ D) Training:_____

Remarks: 1. _X_ 2.____ 3.____ 4. _X_ 5.____ 6.____
    1). Has Asthma. Uses an inhaler. Referred to Medical.
    4). GED Diploma received in 1987 at Lehigh County Prison.

Reccomadation for Housing: Special Need____ G.P.____ W.R.Trustee____ Segregation__X__
Reason for Special Needs/Segregation: __Review for communicable diseases____ _X_
Other:____ Placed in quarantine lockup upon committment
Review:____ Change Status:____ Status to remain unchanged:_____
Reason:_____

_____        _____
Robert L. Raiger, Warden         Michael J. Gerrity, Deputy Warden

_____        _____ 2-14-2001
John R. Russell, Deputy Warden, Treatment    Anthony Hauck, Assistant Counselor

S-S-00-SG

LEBANON COUNTY CORRECTIONAL FACILITY
PRETRIAL DETAINEE STRIP SEARCH FORM

SLACK, LEVI                                                    2-13-01
NAME OF PRETRIAL DETAINEE                                        DATE

OFFICER J. MILLER
NAME OF COMMITMENT OFFICER


    IDENTIFY THE SPECIFIC FACTORS WHICH ESTABLISH REASONABLE SUSPICION THAT
THE PRETRIAL DETAINEE POSSESS A WEAPON, EVIDENCE OF A CRIME, CONTROLLED
SUBSTANCES, OR OTHER CONTRABAND.  CHECK ALL THE APPROPRIATE CATERGORIES AND
EXPLAIN WHERE INDICATED.


| | |
|---|---|
| | A.  THE APPEARANCE AND DEMEANOR OF THE DETAINEE: |
| XX | B.  THE NATURE OF THE CRIMINAL CHARGES PENDING AGAINST DETAINEE: |
| XX | C.  THE DETAINEE'S PRIOR CRIMINAL HISTORY (IF KNOWN): |
| | D.  DISCOVERIES FROM PRIOR SEARCHES AND ARRESTS OF DETAINEE: |
| | E.  DETAINEE'S CONDUCT DURING THE PERIOD OF CONFINEMENT: |
| | F.  DETAINEE'S KNOWN RELATIONSHIPS WITH OTHER INMATES/DETAINEES: |
| | G.  DETAINEE'S KNOWN HISTORY OF SUICIDE ATTEMPTS OR THREATS: |
| | H.  ANY OTHER REASONABLE SUSPICION BASED UPON SPECIFIC CIRCUMSTAN THAT LEADS THE CORRECTIONAL OFFICER TO SUSPECT THAT THE DETAI IS CONCEALING WEAPONS, EVIDENCE OF A SPECIFIC CRIME, CONTROLL SUBSTANCES, OR OTHER CONTRABAND. |
| | I.  DETAINEE DOES NOT EXHIBIT ANY FACTORS TO WARRANT A STRIP SEAR |

                                                        MR SLACK IS
        DESCRIBE IN DETAIL THE ABOVE CHECKED CATEGORIES:
CURRENTLY SERVING A SENTENCE IN SCI GREENE & IS IN LEBANON COUNTY CORRECTIONAL

FACILITY FOR SENTENCING ON ANOTHER CHARGE.


MICHAEL J. GERRITY
DEPUTY WARDEN
x  OF OPERATIONS   2-15-01

x _____          x _____
SEARCHING OFFICER'S SIGNATURE    REVIEWED BY DEPUTY WARDEN  /  DATE

x _____             2-13-01          9:30PM
APPROVED BY: SHIFT COMMANDER/ OIC   DATE            TIME

## LEBANON COUNTY CORRECTIONAL FACILITY
### SENTENCE/COMMITMENT FORM

DEFENDANT: Levi Slack Jr.

OFFENSE: Various

ACTION NO. 2000-10815

(S)L OTN # E 184830-4

SENTENCING JUDGE: R. Eby  PJ

SENTENCE: Ct#6 - Crim. Consp. - $

Ct#7 - Simp. Asslt. - $

Ct#8 - Crim. Consp. - $          Continued

Ct#9 - Theft by Unlaw Tkng - $

Ct#10 - Crim. Consp. - $

Rest - $                                        Ernst Beltz

SPECIAL CONDITIONS: Rest - $                    Health Assuran

RECOMMENDED FOR WORK RELEASE:   YES_____ / NO_____

ACUTE MEDICIAL PROBLEMS:   YES_____ / NO_____

DETAINERS:_____

DOMESTIC RELATIONS (PURGE AMOUNT):_____

HEARING DATE:_____

BAIL AMOUNT:_____

BENCH WARRANT:_____

OTHER REMARKS:_____

BS                    2-21-2001                 Michelle Chilcote
(CLERK)               (DATE)                     (COURT STENOGRAPHER)


## LEBANON COUNTY CORRECTIONAL FACILITY
### SENTENCE/COMMITMENT FORM

DEFENDANT: _Lewis Slonk Jr._          ACTION NO. _2000-10815_

OFFENSE: _Various_          (S)L OTN # _E 184832-4_

SENTENCING JUDGE _R Eby_

SENTENCE: _Ct#1 - Robbery - B_

_Ct#2 - Robbery - $_

_Ct#3 - Robbery - $_

_Ct#4 - Crim Consp - $     Continued_

_Ct#5 - Agg Assit - B_

SPECIAL CONDITIONS: _____

RECOMMENDED FOR WORK RELEASE:   YES _____ / NO _____

ACUTE MEDICIAL PROBLEMS:   YES _____ / NO _____

DETAINERS: _____

DOMESTIC RELATIONS (PURGE AMOUNT): _____

HEARING DATE: _____

BAIL AMOUNT: _____

BENCH WARRANT: _____

OTHER REMARKS: _____

_RS_                  _2-21-2020_                  _Michelle Chelcate_
(CLERK)               (DATE)                       (COURT STENOGRAPHER)

# LEBANON COUN...
# CORRECTIONAL
# FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - O...ations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

### PERMANENT DISCHARGE TO ANOTHER FACILITY

DISCHARGED BY: COURT ORDER    DATE: 4/30/01    TIME: 7:00AM

DISCHARGED TO: S.C.I. GREENE

TRANSPORTING AUTHORITY: LEB. Co. SHERIFF'S DEPT

TRANSPORTING OFFICER: X Walter L. Boylston
(TRANSPORTING OFFICERS SIGNATURE)

RELEASING OFFICER: _____
(RELEASING OFFICERS SIGNATURE)

### PERMANENT DISCHARGE

DISCHARGED BY: COURT ORDER    DATE: 4/30/01    TIME: 7:00AM

BAIL: ____ FINES & COSTS PAID: ____ PAROLED: ____ CASE SETTLED: ____    RTN TO S.C.I. GREENE: ✓

### FORWARDING ADDRESS UPON DISCHARGE

NAME: _____

STREET: SCI GREENE.

CITY: _____    STATE: _____

PHONE: _____

### COMMITMENT INFORMATION

SEARCHED BY: Officer T. Shepler    RECEIVED BY: Sgt. J. Santen.

I, THE UNDERSIGNED, DO HEREBY PERMIT AND ALLOW THE WARDEN OR HIS DESIGNEE, OF THE LEBANON COUNTY CORRECTIONAL FACILITY TO EXAMINE ALL OR ANY INCOMING AND OUTGOING MAIL MATTER ADDRESSED TO ME, FOR THE PURPOSE OF EXAMINING ONLY, DURING THE TERM OF MY SENTENCE IN SAID FACILITY.

WITNESS: X Officer T. Shepler    SIGNED: X _____
(OFFICERS SIGNATURE)    (INMATES SIGNATURE)

FINGERPRINTED: Prior on file    PHOTOGRAPHED: 2-13-01
(DATE & TIME)    (DATE & TIME)

MADE INITIAL TELEPHONE CALL: X ____    LOCKER #: 0-2
(YES) (NO)

FORM 9/4/2000

# Inmate Commitment Summary Report
## LEBANON COUNTY PRISON

Page 1 of 4



Date: 02/13/2001

Shift 3

Date/Time 02/13/2001 21:28

Officer ID# MILLER, C.O. JASON

Social Security# 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

Last Name SLACK          Affix JR.

First Name LEVI

Middle Name

State ID# 171-73-58-8

County ID#

FBI#

Birth Date 01/26/1968

at Booking          33   Current Age 33

Sex Male

Race BLACK

Permanent ID# PI-05606

Booking# MMIP-0227

TID Number 553424

rital Status MARRIED

ssion Type HELD FOR TRIAL, HEARING, WITNESS

ounty Code LEBANON COUNTY

mmitted By JUDGE JOHN TYLWALK

sported By LEBANON COUNTY SHERIFF'S DEPT.

Property Number

NCIC Check Done No

NCIC Check Result

Arrested By

Fingerprint Record

Height 5' 10"

Right Hand

Thumb -------------- Pinky

Weight          260 POUNDS

e Color BROWN

Left Hand

r Color BLACK

Thumb -------------- Pinky

plexion MEDIUM

Build LARGE MUSCULAR FRAME

# Inmate Commitment Summary Report

## LEBANON COUNTY PRISON

's Date: 02/13/2001



Inmate's Legal Address

1 221 LEWIS ST.

1 2 SCI CAMPHILL

lty MINERSVILLE          State PA  Zip  17954-

e# (570)-544-5163

Spouse/Emergency Address/Information

Spouse Name ASHLEY SLACK-WIFE

Line 1 221 LEWIS ST.

Line 2

City MINERSVILLE          State PA  Zip 17954-

Spouse Phone (570)-544-5163

Emergency Contact If Different than Above BONNIE SLACK 273-4437

Citizen of UNITED STATES OF AMERICA          Employed No

Place of Birth ALLENTOWN,PA.          Income          0

Gang  NONE          #Dependants          2

Country of Birth USA

ers License State

Religion RASTAFARIAN

Church          0

hest Grade Completed          12

Graduate of          G.E.D.

Graduation Date 01/01/1987

nmate Read English     Yes     Read Language  NONE

nmate Write English     Yes     Write Language  NONE

# Inmate Commitment Summary Report

## LEBANON COUNTY PRISON

Date: 02/13/2001

Econ Status at Arrest UN

Work Release Eligible?

t Fully Employed Job UNEMPLOYED

Date Eligible 00/00/0000

Last Job Position HACC-LEBANON

Valid Drivers License? No

Last Salary

State of Issue

Job Skill Rating: PART TIME

License#

Outside Debt Status CT. ORDERED FINES & COSTS

Aptitude Results

Special Skills NONE

Ever In Military? No

d Vocation Objective NONE

Service Branch

Professional Licenses NONE

Service Start Date 00/00/0000

ent Work Assignment NONE

Service End Date 00/00/0000

Current Work Status UNAVAILABLE FOR EMPLOYMENT

Type of Discharge

iliar Physician Name

Shift 3

Address Line 1

Date 02/13/2001 21:46

Address Line 2

Officer MILLER, C.O. JASON

State        Zip Code        -

Health Insurance Provider NONE

Phone Number ( )- -

Provider Access Number NONE

Special Concerns:

Physical Handicaps NONE

dical Alert Information NONE

rug Addict    Alcohol Addiction    Mental Illness

Yes          No                  No

# Inmate Commitment Summary Report

## LEBANON COUNTY PRISON

's Date: 02/13/2001

Page 4 of 4

Casenum
00-10815

| se Date | Offense# | Offense Description | | | | | Grade | Degree |
|---------|----------|---------------------|--|--|--|--|-------|--------|
| | 35780-113A1 | MANUF ETC CONTROLLED SUBSTANCE | | | | | M | |

| num Date | Maximum Date | Discharge Date | Effective Date | Offender Tracking# | Hearing Date | Disposition | Sent. Date |
|----------|--------------|----------------|----------------|--------------------|--------------|-------------|------------|
| | | | | | | UNSENT | |

TYLWALK

te ID Numbers on File:

| ID Code | ID Description | ID Number/Identifier |
|---------|----------------|----------------------|
| SC | SCAR(S) | STOMACH/STAB |
| SS | SOCIAL SECURITY NUMBER | 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 |
| SI | STATE IDENTIFICATION NUMBER | S.C.I.CAMPHILL #EK-3258 |
| SS | SOCIAL SECURITY NUMBER | UPPER LEFT ARM (SUN) |

LEBANON COUNTY PRISON

Property Receipt

Date:02/13/2001
Time:21:49

Inmate Information
Name:SLACK, LEVI   JR.
Booking#:MMIP-0227
    PCP#:PI-05606

Description
SCI UNIFORM

This is to certify that I have carefully inspected
the entire list of property and that I have no
other items in possession of the facility.
I further certify that I have no legal recourse
against the facility upon signing this certification
receipt.

_____
Defendant's Signature

_____
Witness Signature

TID _____
PIN 569187

BLOCK #2

CELL #21

DATE 11-22-00

Form LCCF 81889-B

**LEBANON COUNTY CORRECTIONAL FACILITY**
730 EAST WALNUT STREET
LEBANON, PENNA. 17042

<u>INMATE REQUEST FORM</u>

Place on File
when compl...

TO: Sgt. Control

FROM: Mr. Levi Slack

REQUEST: My wife Ashley Slack will be coming to visit me on
Tuesday 11-28-00 & I have 2 white sweatshirt I would like to
release to her. Thank You!                    Mr. L. Slk. Jr.
                                              Inmate Signature

Reply: _____ During Business Hrs.
              Sign → X Ashley Slack

Approved: _____        Date: _____

Disapproved: _____     Reason: _____

Staff Member answering Inmate Request: ROBERT J. KARNES
                                       CAPTAIN OF SECURITY   11/24/00



## LEBANON COUNTY CORRECTIONAL FACILITY
### PRETRIAL DETAINEE STRIP SEARCH FORM

SLACK, LEVI JR.
_____
NAME OF PRETRIAL DETAINEE

10/24/2000
_____
DATE

OFFICER BURTON
_____
NAME OF COMMITMENT OFFICER

IDENTIFY THE SPECIFIC FACTORS WHICH ESTABLISH REASONABLE SUSPICION THAT THE PRETRIAL DETAINEE POSSESS A WEAPON, EVIDENCE OF A CRIME, CONTROLLED SUBSTANCES, OR OTHER CONTRABAND.  CHECK ALL THE APPROPRIATE CATERGORIES AND EXPLAIN WHERE INDICATED.

_____  A.  THE APPEARANCE AND DEMEANOR OF THE DETAINEE:

_____  B.  THE NATURE OF THE CRIMINAL CHARGES PENDING AGAINST DETAINEE:

__X____  C.  THE DETAINEE'S PRIOR CRIMINAL HISTORY (IF KNOWN):

_____  D.  DISCOVERIES FROM PRIOR SEARCHES AND ARRESTS OF DETAINEE:

__X____  E.  DETAINEE'S CONDUCT DURING THE PERIOD OF CONFINEMENT:

_____  F.  DETAINEE'S KNOWN RELATIONSHIPS WITH OTHER INMATES/DETAINEES:

_____  G.  DETAINEE'S KNOWN HISTORY OF SUICIDE ATTEMPTS OR THREATS:

__X____  H.  ANY OTHER REASONABLE SUSPICION BASED UPON SPECIFIC CIRCUMSTAN THAT LEADS THE CORRECTIONAL OFFICER TO SUSPECT THAT THE DETAI IS CONCEALING WEAPONS, EVIDENCE OF A SPECIFIC CRIME, CONTROLL SUBSTANCES, OR OTHER CONTRABAND.

_____  I.  DETAINEE DOES NOT EXHIBIT ANY FACTORS TO WARRANT A STRIP SEAR

MR. SLACK

DESCRIBE IN DETAIL THE ABOVE CHECKED CATEGORIES: _____
WAS COMMITED TO L.C.C.F. TO APPEAR IN COURT ON DRUG RELATED CHARGES, MR. SLACK HAS I
_____
IN THIS FACILITY IN THE PAST, AND WAS TRANSFERED TO THIS FACILITY FROM S.C.I. CAMPHILL.

X _____
SEARCHING OFFICER'S SIGNATURE

X _____
APPROVED BY: SHIFT COMMANDER/ OIC

10/24/2000
_____
DATE

MICHAEL GERRITY
DEPUTY WARDEN
OPERATIONS

X _____
REVIEWED BY DEPUTY WARDEN  /  DATE

11-1-0

1:35 PM
_____
TIME

## LEBANON COUNTY CORRECTIONAL FACILITY  INTAKE CLASSIFICATION

Commitment Date: __10/24/00__

Name: __Levi Slack__          Address: __221 Lewis St., Minersville, Pa17954__

Age: __32__   Date of Birth: __1/26/68__   Social Security Number: __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__

Charge: __Mfg. , Poss., w/int. to delv.__

Sentence: ___n/a___   Minium: ___n/a___   Maximum: ___n/a___

Detainer: __none__                Bail: __none__

Criminal History:(No prior record claimed ___ )
__1999..Robbery...Easton,Pa--2.5-10 yrs__

1. Physical Condition:       Excellent____  Good _✓_ Fair____ Poor____
2. Mental Condition:        Excellent____  Good _✓_ Fair____ Poor____
3. Drug/Alcohol Dependence:    Yes _✓_ No____  Advised AA/NA: _✓_
4. Education: High School Graduate: Yes____ No _✓_ Year & School_____

        GED: Yes _✓_ No____   • Advised GED:____
5. Vocational Training/Trade School: Yes____ No _✓_ School Name:_____
A) Years Attended:____ B) Training Received:_____
C) College:Yes____ No _✓_ #of Years:____ Sch. Major:_____

6. Military Service/Schooling:    Yes____ No _✓_ Not Applicable_____
A) Branch:_____ # of Years_____ B) Disharge type:_____
C) M.O.S/Job:_____ D) Training:_____

Remarks: 1.____ 2.____ 3.____ 4.____ 5.____ 6.____

__1/87...Lehigh Co. Prison...GED....__

Reccomadation for Housing: Special Need____ G.P.____ W.R.Trustee____ Segregation _✓_
Reason for Special Needs/Segregation:   Review for communicable diseases __✓__
Other:_____
Review:_____ Change Status:_____ Status to remain unchanged:_____
Reason:_____

_____          _____
Robert L. Raiger, Warden           Michael J. Gerrity, Deputy Warden

_John R. Russell_. 10/25/00
John R. Russell, Deputy Warden, Treatment        Anthony Hauck, Assistant Counselor

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN



730 East Walnut S
Lebanon, Pennsylvania 1
(717) 274-
(717) 274-
(717) 274-

## STATEMENT OF MIRANDA RIGHTS

1. You have the right to remain silent. _LS_

2. Anything you say can and will be used against you in a court of law. _LS_

3. You have the right to talk to a lawyer and have him present with you while you are being questioned. _LS_

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish, at no cost. _LS_

5. You can decide at any time to exercise these rights, and not answer any questions or make any statements. _LS_

## WAIVER OF RIGHTS

I have read the above statements of my rights and I understand each of those rights and having these rights in mind I waive them and willingly make a statement.

_____
Defendant

_____
Interpreter

WITNESSED BY:

_John R. Russell_

_Dwight M. Eisher_

_____
Date: ___11/1_____ 2000

Time: ___1:50__ P.M.

_Treatment_
Department

L.C.C.F.  Form 9-90

LEBANON COUNTY PRISON

Today's Date: 10/24/2000

Shift 2

Last Name SLACK

First Name LEVI

Middle Name

Affix JR.

Birth Date 01/26/1968

Date/Time 10/24/2000 11:25

Officer ID# BURTON,C.O. THOMAS

Social Security# 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

Age at Booking    32    Current Age 32

State ID#

Sex Male

County ID#

Race BLACK

FBI#

Marital Status MARRIED

Permanent ID# PI-05606

Admission Type HELD FOR TRIAL, HEARING, WITNESS

Booking# MMP-1481

County Code LEBANON COUNTY

TID Number 569187

Committed By JUDGE ROBERT EBY

Property Number

Transported By LEBANON COUNTY SHERIFF'S DEPT.

NCIC Check Done No

Arrested By

NCIC Check Result

Height 5' 10"

Fingerprint Record

Weight    245 POUNDS

Right Hand

Thumb ——————— Pinky

Eye Color BROWN

Hair Color BLACK

Left Hand

)lexion MEDIUM

Thumb ——————— Pinky

Build LARGE MUSCULAR FRAME

LEBANON COUNTY PRISON

Today's Date: 10/24/2000

Inmate's Legal Address

Line 1 221 LEWIS ST.

Line 2

City MINERSVILLE          State PA  Zip  17954-

Phone# (570)-544-5163

**Spouse/Emergency Address/Information**

Spouse Name ASHLEY SLACK-WIFE

Line 1 221 LEWIS ST.

Line 2

City MINERSVILLE          State PA  Zip  17954-

Spouse Phone (570)-544-5163

Emergency Contact (If Different than Above BONNIE SLACK 273-4437

Citizen of UNITED STATES OF AMERICA                    Employed No

Place of Birth ALLENTOWN,PA.                              Income          0

Gang NONE                          #Dependants          0

Country of Birth USA

Drivers License State

Religion RASTAFARIAN

Church          0

Highest Grade Completed          12

Graduate of                    G.E.D.

Graduation Date 01/01/1987

Can Inmate Read English   Yes      Read Language   NONE

date Write English    Yes      Write Language   NONE

# LEBANON COUNTY PRISON

Today's Date: 10/24/2000

Econ Status at Arrest UN

Last Fully Employed Job UNEMPLOYED

Last Job Position HACC-LEBANON

Last Salary

Job Skill Rating: PART TIME

Outside Debt Status CT. ORDERED FINES & COSTS

Stated Vocation Objective NONE

Special Skills NONE

Professional Licenses NONE

Current Work Assignment NONE

Current Work Status UNAVAILABLE FOR EMPLOYMENT

Regular Physician Name NONE

Address Line 1

Address Line 2

City        State        Zip Code  -

Phone Number ( )- -

**Special Concerns:**

Physical Handicaps NONE

**Medical Alert Information NONE**

Drug Addict        Alcohol Addiction        Mental Illness
Yes        No        No

Work Release Eligible?

Date Eligible 00/00/0000

Valid Drivers License? No

State of Issue

License#

Aptitude Results

Ever In Military? No

Service Branch

Service Start Date 00/00/0000

Service End Date 00/00/0000

Type of Discharge

Shift 2

Date 10/24/2000 12:26

Officer BURTON,C.O. THOMAS

Health Insurance Provider NONE

Provider Access Number

# LEBANON COUNTY PRISON

Page 4 of 4

Today's Date: 10/24/2000

| | | Casenum | Grade | Degree |
|---|---|---|---|---|
| | | 2000-10815 | F | |

Offense Date   Offense#   Offense Description
35780-113A30   MANUF/DEL/POSS/W INT MANUF OR DEL

Minimum Date   Maximum Date   Discharge Date   Effective Date   Offender Tracking#   Hearing Date   Disposition   Sent. Date
UNSENT

Judge   EBY

Notes:
UNSENT,DRUG RELATED,NO BAIL

Inmate ID Numbers on File:

| ID Code | ID Description | ID Number/Identifier |
|---|---|---|
| SC | SCAR(S) | STOMACH/STAB |
| SS | SOCIAL SECURITY NUMBER | 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 |
| SI | STATE IDENTIFICATION NUMBER | S.C.I.CAMPHILL #EK-3258 |
| SS | SOCIAL SECURITY NUMBER | UPPER LEFT ARM (SUN) |

# LEBANON COUNTY CORRECTIONAL FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA  17042

Phone: 717-274-5451
FAX: 717-274-1338

## PERMANENT DISCHARGE TO ANOTHER FACILITY

DISCHARGED BY: _____ DATE: _____ TIME: _____

DISCHARGED TO: _____

TRANSPORTING AUTHORITY: _____

TRANSPORTING OFFICER: X _____
(TRANSPORTING OFFICERS SIGNATURE)

RELEASING OFFICER: _____
(RELEASING OFFICERS SIGNATURE)

## PERMANENT DISCHARGE

DISCHARGED BY: _Released to SCIC_ DATE: _12/7/00_ TIME: _7:30_ ᵃᵐ

BAIL: _____ FINES & COSTS PAID: _____ PAROLED: _____ CASE SETTLED: _____

## FORWARDING ADDRESS UPON DISCHARGE

NAME: _Levi Slack_

STREET: _UNKNOWN_

CITY: _____ STATE: _____

PHONE: _____

## COMMITMENT INFORMATION

SEARCHED BY: _Officer Burtomn_ RECEIVED BY: _Sgt. Clements_

I, THE UNDERSIGNED, DO HEREBY PERMIT AND ALLOW THE WARDEN OR HIS DESIGNEE, OF THE LEBANON COUNTY CORRECTIONAL FACILITY TO EXAMINE ALL OR ANY INCOMING AND OUTGOING MAIL MATTER ADDRESSED TO ME, FOR THE PURPOSE OF EXAMINING ONLY, DURING THE TERM OF MY SENTENCE IN SAID FACILITY.

WITNESS: X _____ SIGNED: X _____
(OFFICERS SIGNATURE)                (INMATES SIGNATURE)

FINGERPRINTED: _6/3/1999 on file_ PHOTOGRAPHED: _10/24/2000 1300 Hrs_
(DATE & TIME)                        (DATE & TIME)

MADE INITIAL TELEPHONE CALL: _____ X_ LOCKER #: _Bagged_
(YES) (NO)

FORM 9/4/2000

LEBANON COUNTY CORRECTIONAL FACILITY
PRETRIAL DETAINEE STRIP SEARCH FORM

Slack, Levi                                                    3-30-99
NAME OF PRETRIAL DETAINEE                                      DATE

Condran, James M.
NAME OF COMMITMENT OFFICER


    IDENTIFY THE SPECIFIC FACTORS WHICH ESTABLISH REASONABLE SUSPICION THAT
THE PRETRIAL DETAINEE POSSESS A WEAPON, EVIDENCE OF A CRIME, CONTROLLED
SUBSTANCES, OR OTHER CONTRABAND.  CHECK ALL THE APPROPRIATE CATERGORIES AND
EXPLAIN WHERE INDICATED.


___X___        A.  THE APPEARANCE AND DEMEANOR OF THE DETAINEE:

_____        B.  THE NATURE OF THE CRIMINAL CHARGES PENDING AGAINST DETAINEE:

_____        C.  THE DETAINEE'S PRIOR CRIMINAL HISTORY (IF KNOWN):

_____        D.  DISCOVERIES FROM PRIOR SEARCHES AND ARRESTS OF DETAINEE:

_____        E.  DETAINEE'S CONDUCT DURING THE PERIOD OF CONFINEMENT:

_____        F.  DETAINEE'S KNOWN RELATIONSHIPS WITH OTHER INMATES/DETAINEES:

_____        G.  DETAINEE'S KNOWN HISTORY OF SUICIDE ATTEMPTS OR THREATS:

_____        H.  ANY OTHER REASONABLE SUSPICION BASED UPON SPECIFIC CIRCUMSTANCE
                   THAT LEADS THE CORRECTIONAL OFFICER TO SUSPECT THAT THE DETAINE
                   IS CONCEALING WEAPONS, EVIDENCE OF A SPECIFIC CRIME, CONTROLLED
                   SUBSTANCES, OR OTHER CONTRABAND.

_____        I.  DETAINEE DOES NOT EXHIBIT ANY FACTORS TO WARRANT A STRIP SEARCH

               DESCRIBE IN DETAIL THE ABOVE CHECKED CATEGORIES:_____

    Due to the detainee's attitude while in the holding cell waiting to be commited

    I felt a strip search was warranted.

_____

_____

_____


_James M Condran_____              _MICHAEL GIBRITY_____  4/8/99
SEARCHING OFFICER'S SIGNATURE          REVIEWED BY DEPUTY WARDEN  /  DATE
                                       DEPUTY WARDEN

_Sgt. Clements_____               _3-31-99_____  _3:15 PM_____
APPROVED BY: SHIFT COMMANDER/ OIC       DATE            TIME

3

LEBANON COUNTY CORRECTIONAL FACILITY    Commitment Date: 6-4-93.
INTAKE/CLASSIFICATION

NAME    Levi Stack                                ADDRESS    441 N. 13 Street Lebanon, Pa

AGE    25    D.O.B.    1-26-68    CRIME (OFFENSE)    State P.V. Tech Violations

                                        MIN.    N/A        Summary Charges
SENTENCE    N/A                                        DETAINER    P.V. State
                                        MAX.    N/A

PAST CRIMINAL HISTORY: 1990....Lehigh Co. Consp.to delv. Contraband. 1½-5years.

_____ 1987...Lehigh Co....Robbery...2-5 less one day..

1. PHYSICAL CONDITION:  EXCELLENT _____  GOOD _X_  FAIR _____  POOR _____
2. MENTAL CONDITION:  EXCELLENT _____  GOOD _X_  FAIR _____  POOR _____  MH/MR REFERRAL _____
3. DRUG/ALCOHOL DEPENDENCE:  YES _X_  NO _____   Coke/Marijuanna..Renissance.inco
4. EDUCATIONAL NEEDS: H.S. GRAD. YES _____ NO _X_ G.E.D. YES _X_ NO _____ Lehigh C
   TRADE SCHOOL YES _____ NO _X_ COLLEGE YES _____ NO _x_      Prison.'87
   MILITARY SCHOOLING YES _____ NO _X_ OTHER SCHOOLING YES _____ NO _X_

   Advised of N.A. meetings.

RECOMMENDATION FOR HOUSING:  G.P. _____  MED. ISO. _X_  W.R./TRUSTY _____  SEGREGATION _____

   REASON FOR SEGREGATION: _____ Medical Review.

   REASON FOR MEDICAL ISOLATION: _____ Review for communicable Diseases.

REVIEW: _____  CHANGE STATUS: _X_ _____  STATUS TO REMAIN UNCHANGED: _____

   REASON: 6/07/93 - C/40260 Uhunontine, move to b.P.

Robert L. Raiger    JUN 1 6 1993         M.J. Gerrity
ROBERT L. RAIGER, WARDEN                 MICHAEL J. GERRITY, DEPUTY WARDEN

John R. Russell, 6-4-93.
JOHN R. RUSSELL, INMATE SERVICES COUNSELOR    Michael K. Stuckey,
                                              Work Release Supervisor

PBPP-340 (10/88)

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

NOTICE OF CHARGES AND HEARING

Name _____ LEVI SLACK _____ Date __ June 4, 1993 __

Parole No. __ 5504-T _____ Photo No. _____ PCP No. _____

You are charged with the following:  TECHNICAL PAROLE VIOLATIONS:

CONDITION #3c:  Maintain regular contact with the parole supervision staff by notifying
the parole supervision staff within 72 hours of any change in status, including, but
not limited to, employment, on-the-job training, and education.

On 05-25-93 you were terminated from your job at Farmer's Pride in Fredericksburg,
Pa.  You failed to notify parole supervision staff within 72 hours of losing your job.

CONDITION #7:  You shall comply with the following special conditions imposed by the
Board and with special conditions imposed by the parole supervision staff:  "Curfew:
You will be in your approved residence by 11:00 P.M. every night."

On several occasions you have violated curfew and been out of your residence after
11:00 P.M.

As a result, a _____ PRELIMINARY _____ hearing will be held.
Your rights for this hearing are indicated on the reverse side.

Hearing Date and Time: June 8, 1993

9:45 A.M.

Public Defender:
400 S. 8th St.
Lebanon, PA 17042      Location:  Lebanon County Prison
(717) 274-2801
Client
Warden Raiger           J. R. Imboden
Hearing Examiner                         Signature
File

Parole Agent II
                                          Title

TO:     DISTRICT ATTORNEY
        COUNTY DETECTIVES
        ADULT PROBATION
        BAIL ADMINISTRATOR
        DOMESTIC RELATIONS
        PUBLIC DEFENDER

FROM:     LEBANON COUNTY CORRECTIONAL FACILITY

COMMITMENT:   SLACK, LEVI

ADDRESS:    441 North 13th Street
        Lebanon  PA   17042

DATE/TIME:   06/03/93 / 2:10 PM

CHARGE:    DETAINER – State  Parole Violation

BY:      Jeffrey Imboden/PA

BAIL:     No Bail

               CHIEF CLERK

L-42-93

PBPP 142 (7-67)



COMMONWEALTH OF PENNSYLVANIA

BOARD OF PROBATION AND PAROLE

# ORDER TO DETAIN FOR FORTY-EIGHT HOURS

### Under the Act of April 23, 1909, P. L. 141

Date _____06/03/93_____

To the Superintendent, Keeper or Warden of any Borough or Township or any City or County Prison in the Commonwealth of Pennsylvania:

By virtue of the authority delegated to me by the Pennsylvania Board of Probation and Parole, it is requested that you detain for 48 hours for violation of parole the person of ___LEVI SLACK___,

Parole No. ___5504-T___, until the prisoner can be disposed of by law.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

By: _____
         |Parole Agent

LEBANON COUNTY PRISON
INDIVIDUAL COMMITMENT SUMMARY REPORT

INMATE COMMITMENT SUMMARY PAGE FOR:
LEVI  SLACK
PRISON IDENTIFICATION NUMBER:    93P-0459
PERMANANT IDENTIFICATION NUMBER: PI-1746

HOSPITALIZATION INSURANCE:
        INSURANCE NUMBER:

RESIDENCE AT TIME OF ARREST: 441 N. 13 ST.
                            LEBANON, PA 17042-
          PLACE OF BIRTH: ALLENTOWN PA


AGE:  25 DATE OF BIRTH: 01/25/68
WEIGHT: 200 HEIGHT: 5' 9"    EYE COLOR: BROWN    HAIR COLOR: BLACK
GENERAL BUILD: MMUSCULAR         COMPLEXION: DARK
RACE: BLACK
MARITAL STATUS: SINGLE
SEX: M NATIONALITY: USA      RELIGION: CHRISTIAN
READS ENGLISH (Y/N): Y WRITES ENGLISH (Y/N): Y
HIGHEST GRADE COMPLETED  11
MILITARY RECORD:
N/A

TRADE OR OCCUPATION: FARMS PRIDE
NEXT OF KIN: BONNIE SLACK
                        441 N. 13 ST.
                        LEBANON, PA 14042-
          PLACE OF BIRTH: ALLENTOWN PA


MEDICAL ALERT:
PHYSICAL HANDICAPS:

NUMBER OF PREVIOUS ARRESTS:    3
DATE OF COMMITMENT: 06/03/93 TIME OF COMMITMENT: 02:10 P.M.
COMMITMENT OFFICER: CHERNICH, EUGENE

AVAILABLE ID NUMBERS OR ALIASES:
        SOCIAL SECURITY NUMBER: 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
STATE PAROLE NUMBER


CHARGES ON FILE:
903001     CONTROLLED SUBSTANCE, DRUG ACT - CRIMINAL CONSPIRACY (F)(M)    F
COMMITTING AUTHORITY: P.O. JEFF IMBODEN        HEARING:  /  /

BLOCK NO. 4
CELL NO. 65

## LEBANON COUNTY CORRECTIONAL FACILITY
## STRIP SEARCH REPORT

DATE IN: 6-3-93                TIME IN: 2:10 P.M.        WEIGHT IN: _____

DATE OUT: 6/24/93             TIME OUT: _____     WEIGHT OUT: _____

INMATES NAME: SLACK, Levi

ADDRESS: _____

CASH RECEIVED FROM INMATE (AMOUNT): $87.35    CHECK OR MONEY ORDER (AMOUNT): _____

ARTICLES PLACED IN SAFE: _____

ARTICLES PLACED IN ENVELOPE: _____

CLOTHING ON PERSON WHEN RECEIVED:  CHECK ARTICLES OF CLOTHING AND INDICATE THEM IN STORAGE
ROOM BY MARKING "S.R.".

HAT: _____ OVERCOAT: _____ SWEATER: _____ TROUSERS: _____ SHIRTS: _____ SHOES: _____

UNDERWEAR: _____ T-SHIRTS: _____ DRESS: _____ SUIT CASE: _____ HANDBAG: _____

THE UNDERSIGNED INMATE AUTHORIZES THE
OPENING OF ALL MAIL.

_____
(INMATE NAME)

PRISON CLOTHING ISSUED WHILE CONFINED:

| | | |
|---|---|---|
| SHIRT ISSUED: 2 | RETURNED: | MATTRESS: 1 | RETURNED: |
| TROUSERS ISSUED: 1 | RETURNED: | PILLOW CASE: 1 | RETURNED: |
| SHOES ISSUED: | RETURNED: | PILLOW: | RETURNED: |
| BLANKET ISSUED: 1 | RETURNED: | TOWEL: 1 | RETURNED: |
| SHEET ISSUED: 1 | RETURNED: | HANDBOOK: | RETURNED: |
| JACKET ISSUED: | RETURNED: | LAUNDRY BAG: | RETURNED: |

_____        _____
(RECEIVING OFFICER)                              (INMATE)

ARTICLES RECEIVED FROM OUTSIDE SOURCE:

| (DATE) | (ARTICLES) | (RECEIVING OFFICER) |
|---|---|---|
| | | |
| | | |
| | | |

ARTICLES TURNED OVER TO MEMBER OF FAMILY OR OTHERS LISTED BELOW:

| (DATE) | (ARTICLES) | (RECEIVING OFFICER) |
|---|---|---|
| | | |
| | | |
| | | |

TO BE FILLED OUT AND SIGNED UPON RELEASE:

I, THE ABOVE LISTED INMATE, HEREBY CERTIFY AND ACKNOWLEDGE THAT THERE HAS BEEN RETURNED TO ME
ON 6/24/93 _____ ALL PERSONAL PROPERTY AND CLOTHING.

_____        X _____
(RELEASING OFFICER)                              (INMATE)

ANON COUNTY CORRECTIONAL FACIL ?
RECORD OF IN/OUT
LEBANON COUNTY, PENNSYLVANIA

### TEMPORARY DISCHARGE

DISCHARGE TYPE_____ DATE_____ TIME_____

TRANSFERRED TO:_____ TRANSFERRED BY:_____

TURNED OVER TO:_____ DISCHARGED BY:_____


DISCHARGE TYPE_____ DATE_____ TIME_____

TRANSFERRED TO:_____ TRANSFERRED BY:_____

TURNED OVER TO:_____ DISCHARGED BY:_____


DISCHARGE TYPE_____ DATE_____ TIME_____

TRANSFERRED TO:_____ TRANSFERRED BY:_____

TURNED OVER TO:_____ DISCHARGED BY:_____


DISCHARGE TYPE_____ DATE_____ TIME_____

TRANSFERRED TO:_____ TRANSFERRED BY:_____

TURNED OVER TO:  _Jeff Wealder_        DISCHARGED BY:_____

### PERMANENT DISCHARGE

DISCHARGED BY: _TRaN SCIC_            DATE: _6/24/93_ TIME: _9:15 A_

BAIL:_____ FINES & COSTS PAID:_____ PAROLED:_____ CASE SETTLED:_____

### COMMITMENT INFORMATION

SEARCHED BY: _Sgt. Karnes_           RECEIVED BY: _Sgt. Karnes_

I, THE UNDERSIGNED, DO HEREBY PERMIT AND ALLOW THE WARDEN OR HIS DESIGNEE, OF THE
LEBANON COUNTY CORRECTIONAL FACILITY TO EXAMINE ALL OR ANY INCOMING AND OUTGOING MAIL
MATTER ADDRESSED TO ME, FOR THE PURPOSE OF EXAMINING ONLY, DURING THE TERM OF MY
SENTENCE IN SAID PRISON.

WITNESS: _Rebecca T. Shepler_          SIGNED: _Randi Shepl. A._
              (STAFF)                              (INMATE)

FINGERPRINTED: _6-3-93_                PHOTOGRAPHED: _6-3-93_
              DATE & TIME                          DATE & TIME

MADE INITIAL TELEPHONE CALL: _X_____            LOCKER #: _148_
                             YES        NO

LCCF102291

# LEBANON COUNTY CORRECTIONAL FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - ⬤ ....tions
John R. Russell, Deputy Warden - Tr... ...nt
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

DISCIPLINARY BOARD HEARING                    DATE:  4/9/01     *125*

NAME:  LEVI SLACK

OFFENSE:  MAKING UNSANITARY CONDITIONS, TRASHING DAYROOM FLOOR

DATE OF OFFENSE: 4/4/01          TIME OF OFFENSE:  10:20 P.M.

BOARD MEMBERS: CHAIRMAN: JOHN R. RUSSELL    *John R. Russell*

                MEMBER: Perry Gernert    *Perry L. Gernert*

1. Miranda Rights read to  LEVI SLACK              by  JOHN R. RUSSELL

2. Misconduct Report read to  LEVI SLACK           by  JOHN R. RUSSELL

   3. Comments of Inmate:  Mr. Slack came before the board and did admit that
dumped his trash outside his cell due to being frustrated at attempting to speak
an Officer regarding a question that he had. He went on to say that he was getti
"stircrazy" from lack of physical exercise and being "locked-down" almost consta
He went on to state that while upstate he would be able to exercise 2-3 times da
and have a job to occupy his mind; while here it was all "deadtime". He went on
say that he had the trash pushed in fron of his cell and that he cleaned it up a
apologized to Officer LaFountain for acting so "stupid".

   4. Witnesses Called:  NONE REQUESTED.

   5. DECISION OF DISCIPLINARY BOARD:  The board can empathize with Mr. Slack
dilemma; however; throwing out trash does not solve the problem. He is therefore
removed from Administrative lockdown and placed on disciplinary lockdown for a
fifteen day period which will end  on 4/19/01.

NOTE:  Decision of Disciplinary Board may be appealed to the Warden in writing.

# DEPARTMENT OF CORRECTIONS
## LEBANON, COUNTY, PENNSYLVANIA

| XXX | MISCONDUCT OTHER | | | |
|---|---|---|---|---|
| BLOCK | CELL | INMATE'S NAME | | TIME AND DATE OF MISCONDUCT |
| 4 | 69 | SLACK,LEVI | | APPROX 10:20 P.M. 4/4/01 |

PLACE OF MISCONDUCT: Cell 4/69 & Dayroom Floor

OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR P)

| BLOCK | CELL | NAME | I | W | BLOCK | CELL | NAME |
|---|---|---|---|---|---|---|---|
| | | Officer Robert Weise | | X | | | |
| | | Officer Josh Yeagly | | X | | | |

## MISCONDUCT

1. Trashing Dayroom Floor
2. Making an Unsanitary Condition

## STAFF MEMBER'S VERSION

At Approximately 10:10 P.M. on the above date inmate Levi Slack was motioning and yelling from his cell. Officer Josh Yeagly recognized inmate Slack and went to the stat window flap to hear what he was yelling about, at this time C.O. Yeagly could hear inma Slack yelling that he wanted to talk to a C.O.. Officer LaFountain then informed C.O. Yeagly that the Officers perform regular block checks and they would speak to him durin a check.

Approximately 5 Minutes later inmate John Andrews who is housed on a dayroom bunk approached the station window flap and stated that inmate Slack wanted to be released fro his cell so he could empty his trash. Inmate Andrews was informed that it was well passe lock-down and inmate slack would not be let out of his cell and that he could tell him t Inmate Andrews then informed inmate Slack that he would not be released and inmate slack then began to throw his trash out on to the dayroom floor creating an unsanitary conditio

At Approximately 10:20 P.M. Sgt. Control was notified of Slack's actions and a Majo Misconduct was ordered. It Should be noted that Inmate Slack received 2 Hours of Block-ou from 7:00 P.M. to 9:00 P.M. on this evening and did not feel the need to releive himself of this apparent trash emergency during his 120 minutes of regularly scheduled block-out

## IMMEDIATE ACTION TAKEN AND REASON

1.) Inmate Slack was motioning to the Station
2.) Inmate Andrews approached the station and said Slack wanted out to empty trash
3.) Inmate Slack was denied his request and began to trash the dayroom floor.
4.) Major Misconduct Ordered, Slack Placed in Pre-hearing confinement.

| STAFF MEMBER REPORTING MISCONDUCT | SIGNATURE AND TITLE OF RANKING OFFICER |
|---|---|
| *Officer Terence W. LaFountain* | *Sgt Gary Breidenstine* |
| Officer Terence W. LaFountain | Sgt. Gary Breidenstine |

| DATE 04/04/01 /AND/ | TIME 11:45 P.M. | INAMTE GIVEN COPY OF MISCONDUCT REPORT |
|---|---|---|
| | | yes |

| INMATE'S PLEA: | GUILTY | | /OR/ | NOT GUILTY | |
|---|---|---|---|---|---|

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN



730 East Walnut Stre
Lebanon, Pennsylvania 1704
(717) 274-545
(717) 274-545
(717) 274-545

## STATEMENT OF MIRANDA RIGHTS

1. You have the right to remain silent. ✓ LS

2. Anything you say can and will be used against you in a court of law. ✓ LS

3. You have the right to talk to a lawyer and have him present with you while you are being questioned. ✓ LS

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish, at no cost. LS

5. You can decide at any time to exercise these rights, and not answer any questions or make any statements. LS

## WAIVER OF RIGHTS

I have read the above statements of my rights and I understand each of those rights and having these rights in mind I waive them and willingly make a statement.

_____
Defendant

_____
Interpreter

WITNESSED BY:

_John R. Russell_____

_Perry S. Keiner_____

Date: 4/9 , 2001

Time: 1 46 PM

_Treatment / Security_____
Department

L.C.C.F. Form 9-90

```
DC-7X
        TEMPORARY TRANSFER INFORMATION        |   COMMONWEALTH OF PENNSYLVANIA
        -------------------------------       |
THIS FORM IS TO BE FORWARDED TO AUTHORITIES   |   DEPARTMENT OF CORRECTIONS
ACCEPTING TEMPORARY CUSTODY OF THE INMATE.    |
---------------------------------------------------------------------------------
TO:                                           | FROM:
LEBANON COUNTY                                | SCI-GREENE
                                              | (SEE INSTRUCTIONS BELOW)
---------------------------------------------------------------------------------
DOC #       EK3258                                             |   PROBLEM
NAME:       SLACK, LEVI  JR                                    |    AREAS
                                                               |
HOME ADDRESS: 221 LEWIS ST.           | DOB:    1/26/1968      | ALCOHOL:
                                      |                        |    DRUGS: V
              MINERSVILLE      PA     | BILL & TERM NUMBER:    |   SEXUAL: V
                            17954     |   2944         1999    | ASSAULT: V
                                      |                        |   ESCAPE: V
              MINIMUM                 | MAXIMUM                | SUICIDE:
              -------------------     | -------------------    |   PSYCH:
SENTENCE:     0 YR   30 MO   0 DA     |   0 YR  120 MO   0 DA  |------------
                                      |
EXPIR. DATE:  10/07/2002              |   4/08/2010

CHARGE:     ROBBERY (GENERAL)

DETAINER(S): PLEASE BE ADVISED THAT THIS INMATE IS SUBJECT TO LAWFUL COMMITMENT
TO THE PA DOC, TO WHICH HE/SHE HAS NOT YET BEEN DISCHARGED. THIS INDIVIDUAL IS
TO BE RETURNED TO THE CUSTODY OF THE PA DOC UPON COMPLETION OF THIS TEMPORARY
TRANSFER.
---------------------------------------------------------------------------------
THE ABOVE NAMED INMATE IS BEING TRANSFERRED ON  2/13/2001 FOR THE PURPOSE OF:
SENTENCING
---------------------------------------------------------------------------------
TO ASSIST IN SUPERVISING THIS INMATE WHILE IN YOUR CUSTODY, THE FOLLOWING
INFORMATION IS FURNISHED:
    CUSTODIAL CLASSIFICATION:
        CUSTODY LEVEL:  3     INMATE TO BE RETURNED TO SCI-GREENE.
        CUSTODY PROGRAMS


    SPECIAL PROBLEMS:
     IF ANY PROBLEMS, PLEASE CONTACT SCI-GREENE AT 724-852-2902.


    SEPARATE FROM:
        BP8415 KRATZER, ROBERT S          BZ2363 SIMMONS, RANDOLPH LEE



    RECOMMENDATIONS:
        RECOMMEND TIGHT SECURITY - DO NOT RELEASE INMATE WITHOUT PERMISSION.

---------------------------------------------------------------------------------
                              TINA FRIDAY
DATE: 02/12/2001   SIGNATURE:  Tina Friday                  TITLE: RS1
---------------------------------------------------------------------------------
INSTRUCTIONS:  THIS FORM IS TO BE GIVEN TO THE OFFICERS ASSUMING CUSTODY OF
               INMATE FOR DELIVERY TO THE COGNIZANT AUTHORITY.  PREPARE IN
               DUPLICATE.  RETAIN COPY FOR RECORD JACKET.
```

DEFENDANT'S
EXHIBIT
6

```
Pa Dept. of Correction       Inmate Records System        Run:    YR051PRG
Bureau of Data Processi.     Classification Summary        Date:   2/12/2001
Time: 11:49                    ** Confidential **          Page          1
==========================================================================
Initial ( )     Parole Violator ( )   Continuation ( )    Update ( )
--------------------------------------------------------------------------
DOC #  | SID #    | PBPP #  | Name                         | Institution
EK3258 |1717358 8| 5540T   | SLACK, LEVI  JR               | GRN
```

| | | Race | Sex | Date of Birth |
| | | BLACK | MALE | 1/26/1968 |
| | | Height | Weight | Eyes |
| | | 5 ft 10 in | 260 lbs | BLACK |
| | | Complexion | Build | Marital Status |
| | | DARK | MEDIUM | MARRIED |
| | | SSN # | | Religion |
| | | 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 | | OTHER |
| | | Custody Level | | Program Codes |
| | | 3 | | |

**Inmate Number:** EK3258

**Name:** LEVI SLACK

**Photo Date:** 01 / 18 / 2001

```
Problem Area:                      Assault: V
Alcohol: __                        Escape: V
  Drugs: V                        Suicide: __
  Sexual: V                   Psychiatric: __
V=Verified                     NV=Not Verified
--------------------------------------------------------------------------
                              Recomputed Max Date:      NONE FOUND
               Factored Sentences      Expiration Date
     Minimum:  2 Y  5 M  29 D            10/07/2002
     Maximum: 10 Y  0 M   0 D             4/08/2010
ROBBERY (GENERAL)

--------------------------------------------------------------------------
Priors: (UNK) yes/no    Detainers: (YES) yes/no   More Sentences: (UNK) YES/NO
--------------------------------------------------------------------------
Legal Address:                    | Notify: ASHLEY SLACK
               221 LEWIS ST.      |         221 LEWIS ST.
                                  |
               MINERSVILLE   PA 17954 |    MINERSVILLE   PA 17954
--------------------------------------------------------------------------
Scars, Marks, Tatoos:
TATTOOS:  L/BICEP: SUN/W "SHE MECCA".
SCARS:  SURGICAL SCAR ON ABDOMEN.

--------------------------------------------------------------------------
Alias:
STACK, LEVI - AKA
SLACK, RIGHTEOUS - AKA               More Alias on File: (NO ) yes/no
--------------------------------------------------------------------------
Assault Escape:
Sex Offense ( )        Victim Killed ( )        Escape/Attempt ( )
Serious/Assault ( )    Violated Probation/Parole/Bail ( )
--------------------------------------------------------------------------
Separations: (YES) yes/no    Misconducts:(YES) yes/no     STG:(NO ) yes/no
--------------------------------------------------------------------------
```

```
PA DEPT. OF CORRECTIONS          INMATE RECORDS SYSTEM        RUN:    YR101PRG
BUREAU OF DATA PROCESSING            JACKET REPORT            DATE:   2/12/2001
REMOTE PRINT TIME 11:49          PERSONAL/IDENTIFICATION      PAGE:    1.00.00
===============================================================================
COMMITMENT NAME: SLACK LEVI  JR
INMATE NUMBER: EK3258   STATE ID NUMBER: 1717358 8  PAROLE BOARD NUMBER: 5540T
PREVIOUS INMATE NUMBER:          FBI NUMBER: 289370FA7
PHILADELPHIA PHOTO NUMBER:           PITTSBURGH PHOTO NUMBER:


PERMANENT LOCATION: GREENE
TEMPORARY LOCATION:

          RACE: BLACK          SEX: MALE          BIRTH DATE: 1/26/1968
ETHNIC IDENTITY: OTHER
 MARITAL STATUS: MARRIED     CITIZENSHIP: UNITED STATES OF AMERICA
        RELIGION: OTHER


IN EMERGENCY,
NOTIFY -    NAME: ASHLEY SLACK        RELATION: WIFE    PHONE: 570 544-5163
    ADDRESS: 221 LEWIS ST.                    MINERSVILLE    PA  17954

LEGAL ADDR: 221 LEWIS ST.                     MINERSVILLE    PA  17954

PLACE OF BIRTH - CITY: ALLENTOWN      STATE: PENNSYLVANIA
          COUNTRY: UNITED STATES OF AMERICA

SOCIAL SECURITY NUMBER(S): 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          ADDITIONAL SSN'S: NO

OCCUPATION - CODE:
          TITLE:

U. S. MILITARY VETERAN: NO    DURING VIETNAM ERA: NO

COMMITMENT TIME & DATE: 12:55   8/20/2000

OTHER NAMES: STACK            LEVI                     ALSO KNOWN AS
             SLACK           RIGHTEOUS                 ALSO KNOWN AS
```

```
PA DEPT. OF CORRECTIONS        INMATE RECORDS SYSTEM      RUN:    YR101PRG
BUREAU OF DATA PROCESSING          JACKET REPORT          DATE:  2/12/2001
REMOTE PRINT TIME 11:49        SENTENCE INFORMATION       PAGE:    2.01.00
===========================================================================
INMATE NUMBER: EK3258  NAME: SLACK LEVI  JR

CONTINUED FROM INMATE NUMBER:          ADDITIONAL SENTENCE(S)/DETAINER(S): YES

SENTENCE STATUS: ACTIVELY SERVING           STATUS DATE:  1/18/2001
  PAROLE STATUS: NOT APPLICABLE             STATUS DATE:  9/20/2000

MINIMUM OFFENSE: CC3701   ROBBERY (GENERAL)
MAXIMUM OFFENSE: CC3701   ROBBERY (GENERAL)


                         CONTROLLING MINIMUM         CONTROLLING MAXIMUM
                         -------------------         -------------------
        CLASS OF SENTENCE: INDETERMINATE             INDETERMINATE
  SEXUAL VIOLENT PREDATOR: UNK                       UNK
        SENTENCING COUNTY: NORTHAMPTON               NORTHAMPTON
        INDICTMENT NUMBER: 2944                      2944
           TERM OF COURT: 1999                       1999
         TYPE OF SENTENCE: STATE                     STATE
STATE (TRANSFER TO/FROM):
                   JUDGE: FREEDBERG R A              FREEDBERG R A
 OFFENSE TRACKING NUMBER: F2175670                   F2175670
  GUILTY BUT MENTALLY ILL:
           SENTENCE DATE: 5/05/2000                  5/05/2000
     SENTENCE START DATE: 6/20/2000                  6/20/2000
       COMMITMENT CREDIT:   0 YRS   0 MOS  73 DAYS     0 YRS   0 MOS  73 DAYS
          EFFECTIVE DATE: 4/08/2000                  4/08/2000
          COURT SENTENCE:   0 YRS  30 MOS   0 DAYS     0 YRS 120 MOS   0 DAYS
                         LESS  1 DAYS
       FACTORED SENTENCE:   2 YRS   5 MOS  29 DAYS    10 YRS   0 MOS   0 DAYS
         APPLY EARN TIME: NO                          NOT APPLICABLE
        MAXIMUM EARN TIME:                   0 DAYS   NOT APPLICABLE
        REVOKED EARN TIME:                   0 DAYS   NOT APPLICABLE
              BAIL TIME:   0 YRS   0 MOS   0 DAYS      0 YRS   0 MOS   0 DAYS
             ESCAPE TIME:   0 YRS   0 MOS   0 DAYS     0 YRS   0 MOS   0 DAYS
  SENT. INTERRUPTION TIME:   0 YRS   0 MOS   0 DAYS    0 YRS   0 MOS   0 DAYS
         EXPIRATION DATE: 10/07/2002                 4/08/2010
 PV RECOMPUTED MAX DATE:                             NOT AVAILABLE

REMARKS:                                 COMPUTER CALCULATED: YES
PER COURT COMMITMENT ORDER SENTENCE IS CONSECUTIVE TO ANY SENTENCE NOW SERVING.
INMATE WAS SERVING A LEHIGH CO SENTENCED ON 12-20-99 EFF 12-3-99 AND PAROLED
ON 6-20-00. HENCE THE EFFECTIVE DATE OF CP2944;99 IS 6-20-00 LESS CREDIT FROM
9-22-99 TO EFFECTIVE DATE OF LEHIGH CO SENTENCE OF 12-3-99.


SENTENCE CHANGE TYPE:          CHANGE DATE:
SENTENCE CHANGE BASIS:
```

```
PA DEPT. OF CORRECTIONS         INMATE RECORDS SYSTEM        RUN:      YR101PRG
BUREAU OF DATA PROCESSING            JACKET REPORT           DATE:    2/12/2001
REMOTE PRINT TIME 11:49              TIME PERIODS            PAGE:    2.01.
===============================================================================
INMATE NUMBER: EK3258  NAME: SLACK LEVI   JR

      TYPE OF                                              APPLY TO:
    TIME PERIOD           FROM        TO       YRS MOS DAYS  MIN MAX
    ---------------    ----------  ----------  --- --- ----  --- ---
COMMIT. CREDIT          9/22/1999  12/03/1999 OR          73  YES YES
                               ***  END OF DATA   ***
```

```
PA DEPT. OF CORRECTIONS          INMATE RECORDS SYSTEM        RUN:     YR101PRG
BUREAU OF DATA PROCESSING             JACKET REPORT           DATE:   2/12/2001
REMOTE PRINT TIME 11:49           PAROLE VIOLATION(S)         PAGE:      3.01.00
===============================================================================
INMATE EK3258 NOT CURRENTLY PAROLE VIOLATOR
```

```
PA DEPT. OF CORRECTIONS        SEPARATIONS SYSTEM        RUN    ER321RPT
COMPUTER SERVICES DIVIS  N      SEPARATION LISTING        DATE   2/12/2001
REMOTE PRINT TIME 13:22             ALL NAMES             PAGE       1
```

```
ID NUMBER(S)   NAME                                              LOCATION
------------   ---------------------------------------------     ------------------
EK3258         SLACK, LEVI    JR                                 GREENE
               STACK, LEVI                                       CURRENT
               SLACK, RIGHTEOUS
```

SEPARATE FROM:  ENTERED BY: Hoff, Angie                 ENTRY DATE:  9/24/1991
BP8415          KRATZER, ROBERT S                               MAHANOY
                KRATZER, ROBERT S                               LAST DOC
REASON FOR SEPARATION:
KRATZER WAS ASSAULTED BY SLACK IN THE COUNTY PRISON.  KRATZER RECEIVED
FRACTURED FACIAL BONES AND A BRUISED KNEE.

AND ALSO FROM:  ENTERED BY: Hoff, Angie                 ENTRY DATE:  1/12/1994
BZ2363          SIMMONS, RANDOLPH L                             GRATERFORD
                SIMMONS, RANDOLPH L                             CURRENT
                JOHNSON, MARK L
                INGRAM, SHAWN
                BROWN, ROBERT L
                INSRAM, SHAWN
                JACKSON, KEVIN
                DUNN, TASHON
                WALTERS, RICHARD
                MOORE, JEFFREY
REASON FOR SEPARATION:
SLACK ASSAULTED SIMMONS BREAKING SIMMONS' JAW ON 10/4/93.  CRIMINAL CHARGES
ARE PENDING.


        *LAST PAGE*

```
                BODY RECEIPT              |   COMMONWEALTH OF PENNSYLVANIA
                                          |
                                          |   DEPARTMENT OF CORRECTIONS
                                          |
-----------------------------------------------------------------------------
  RECEIPT DATE | RECEIPT TIME | INSTITUTION
   2/13/2001   |   13:40      |
-----------------------------------------------------------------------------
  RECEIVED FROM       |  TITLE                     |  AGENCY
  CONNER BLAINE, JR.  |  SUPERINTENDENT            |  SCI-GREENE
                      |                            |
-----------------------------------------------------------------------------
  INMATE                                                    SENT CUST PGM
  NUMBER INMATE NAME                      RACE    SEX STAT  LVL  CODES
  ------ --------------------------       -----   --- ----  ---- -----
  EK3258 SLACK, LEVI  JR                  BLACK    M   AS    3
```



| Inmate Number: | EK3258 |
| Name: | LEVI SLACK |
| Photo Date: | 01 / 18 / 2001 |

NO CASH upon RETURN Checks only

```
|_| TO DETAINER      |_| CONFINEMENT PAPERS   |_| RA  |  |_| OTHER (SPECIFY)
                                                      |
|X| COURT WRIT-ATA   |X| 7X GIVEN TO SHERIFF          |
-----------------------------------------------------------------------------
  RECEIVED BY                 TITLE                 |  AGENCY
                                                    |  LEBANON COUNTY
  William F Mohr          Deputy Sheriff            |
```

```
PA DEPT. OF CORRECTIONS       MISCONDUCT TRACKING SYSTEM      RUN:   DR017RPT
COMPUTER SERVICES                    CONDUCT RECORD           DATE:  2/12/2001
REMOTE PRINT TIME 13:22    CONDUCT VIOLATION AND DISPOSITION  PAGE:  1
                           FROM  8/04/1997 TO 2/12/2001
================================================================================
INMATE NUMBER: EK3258                    INMATE NAME:  SLACK

LOC: HUN    MISCONDUCT DATE: 09/19/1997  MISCONDUCT NUMBER: 0963756
      CHARGES & DISPOSITION
      D  26  LYING TO AN EMPLOYE                     GUILTY
      E  34  POSS. OF ANY ITEM NOT MENTIONED IN I    GUILTY

      SANCTIONS IMPOSED
      CELL RESTRICTION               9/23/1997    15 DAYS
      CONFISCATION OF CONTRABAND

LOC: HUN    MISCONDUCT DATE: 10/03/1997  MISCONDUCT NUMBER: 0934931
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER               GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          10/03/1997    30 DAYS

LOC: HUN    MISCONDUCT DATE: 12/04/1997  MISCONDUCT NUMBER: 0934963
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER               GUILTY
      E  31  TAKING UNAUTHORIZED FOOD FROM DINING    GUILTY

      SANCTIONS IMPOSED
      CELL RESTRICTION              12/09/1997    30 DAYS
      CONFISCATION OF CONTRABAND

LOC: HUN    MISCONDUCT DATE: 12/20/1997  MISCONDUCT NUMBER: 0222627
      CHARGES & DISPOSITION
      *** CHARGES DISMISSED/NOT GUILTY BY HEARING

LOC: HUN    MISCONDUCT DATE: 01/30/1998  MISCONDUCT NUMBER: 0957249
      CHARGES & DISPOSITION
      B  09  POSSESSION OR USE OF DANGEROUS SUBSTANCE GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY           2/02/1998    90 DAYS

LOC: HUN    MISCONDUCT DATE: 04/27/1998  MISCONDUCT NUMBER: 0817086
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER               GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY           4/28/1998    15 DAYS CONSEC to 0957249

LOC: HUN    MISCONDUCT DATE: 04/28/1998  MISCONDUCT NUMBER: 0817089
      CHARGES & DISPOSITION
      *** CHARGES DISMISSED/NOT GUILTY BY HEARING
```



DEFENDANT'S EXHIBIT C

```
PA DEPT. OF CORRECTIONS       MISCONDUCT TRACKING SYSTEM      RUN:   DR017RPT
COMPUTER SERVICES                   CONDUCT RECORD            DATE:  2/12/2001
REMOTE PRINT TIME 13:22    CONDUCT VIOLATION AND DISPOSITION  PAGE:  2
                             FROM  8/04/1997 TO 2/12/2001
===============================================================================
INMATE NUMBER: EK3258                     INMATE NAME:  SLACK
```

LOC: HUN    MISCONDUCT DATE: 06/09/1998   MISCONDUCT NUMBER: 0955072
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER                GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY              7/09/1998   60 DAYS CONSEC to 0992190

LOC: HUN    MISCONDUCT DATE: 06/09/1998   MISCONDUCT NUMBER: 0992190
      CHARGES & DISPOSITION
      C  22  USING ABUSIVE/OBSCENE LANGUAGE           GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY              6/09/1998   30 DAYS

LOC: HUN    MISCONDUCT DATE: 06/10/1998   MISCONDUCT NUMBER: 0955073
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER                GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY              9/07/1998   45 DAYS CONSEC to 0955072

LOC: HUN    MISCONDUCT DATE: 07/18/1998   MISCONDUCT NUMBER: 0933943
      CHARGES & DISPOSITION
      B  02  FIGHTING                                 GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY              10/22/1998   60 DAYS CONSEC to 0955073

LOC: HUN    MISCONDUCT DATE: 07/27/1998   MISCONDUCT NUMBER: A091708
      CHARGES & DISPOSITION
      A  1N  THREATENING EMPLOYE                      GUILTY
      C  22  USING ABUSIVE/OBSCENE LANGUAGE           GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY              12/21/1998   90 DAYS CONSEC to 0933943

LOC: HUN    MISCONDUCT DATE: 07/28/1998   MISCONDUCT NUMBER: 0933965
      CHARGES & DISPOSITION
      B  08  POSSESSION OF CONTRABAND, MONEY ETC      REDUCED

      SANCTIONS IMPOSED
      CONFISCATION OF CONTRABAND

LOC: HUN    MISCONDUCT DATE: 07/28/1998   MISCONDUCT NUMBER: 0933967
      CHARGES & DISPOSITION
      B  03  THREATENING OTHER PERSON                 GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY              3/21/1999   60 DAYS CONSEC to A091708

```
PA DEPT. OF CORRECTIONS        MISCONDUCT TRACKING SYSTEM      RUN:   DR017RPT
COMPUTER SERVICES                     CONDUCT RECORD           DATE:  2/12/2001
REMOTE PRINT TIME 13:22      CONDUCT VIOLATION AND DISPOSITION  PAGE:  3
                              FROM  8/04/1997 TO  2/12/2001
```
============================================================================

INMATE NUMBER: EK3258                    INMATE NAME:  SLACK

LOC: HUN    MISCONDUCT DATE: 08/05/1998   MISCONDUCT NUMBER: 0933986
        CHARGES & DISPOSITION
        B  07  REFUSING TO OBEY AN ORDER                  GUILTY

        SANCTIONS IMPOSED
        DISCIPLINARY CUSTODY            3/21/1999   30 DAYS CONSEC to A091708

LOC: HUN    MISCONDUCT DATE: 08/05/1998   MISCONDUCT NUMBER: 0933987
        CHARGES & DISPOSITION
        B  07  REFUSING TO OBEY AN ORDER                  GUILTY

        SANCTIONS IMPOSED
        DISCIPLINARY CUSTODY            4/20/1999   60 DAYS CONSEC to 0933986

LOC: HUN    MISCONDUCT DATE: 08/20/1998   MISCONDUCT NUMBER: A119006
        CHARGES & DISPOSITION
        B  07  REFUSING TO OBEY AN ORDER                  GUILTY

        SANCTIONS IMPOSED
        DISCIPLINARY CUSTODY            6/19/1999   30 DAYS CONSEC to 0933987

LOC: HUN    MISCONDUCT DATE: 08/21/1998   MISCONDUCT NUMBER: A119015
        CHARGES & DISPOSITION
        C  22  USING ABUSIVE/OBSCENE LANGUAGE             GUILTY

        SANCTIONS IMPOSED
        DISCIPLINARY CUSTODY            7/19/1999   30 DAYS CONSEC to A119006

LOC: HUN    MISCONDUCT DATE: 08/27/1998   MISCONDUCT NUMBER: A119008
        CHARGES & DISPOSITION
        B  07  REFUSING TO OBEY AN ORDER                  GUILTY
        C  16  ENGAGING/ENCOURAGING UNATHORIZED ACT.      GUILTY
        C  22  USING ABUSIVE/OBSCENE LANGUAGE             GUILTY

        SANCTIONS IMPOSED
        DISCIPLINARY CUSTODY            9/17/1999   90 DAYS CONSEC to A119033

LOC: HUN    MISCONDUCT DATE: 08/29/1998   MISCONDUCT NUMBER: A119033
        CHARGES & DISPOSITION
        B  07  REFUSING TO OBEY AN ORDER                  GUILTY

        SANCTIONS IMPOSED
        DISCIPLINARY CUSTODY            8/18/1999   30 DAYS CONSEC to A119015

```
PA DEPT. OF CORRECTIONS      MISCONDUCT TRACKING SYSTEM     RUN:   DR017RPT
COMPUTER SERVICES                   CONDUCT RECORD          DATE:  2/12/2001
REMOTE PRINT TIME 13:22      CONDUCT VIOLATION AND DISPOSITION PAGE:  4
                             FROM  8/04/1997 TO 2/12/2001
========================================================================
INMATE NUMBER:  EK3258                     INMATE NAME:  SLACK

LOC: HUN    MISCONDUCT DATE: 10/16/1998   MISCONDUCT NUMBER: 0923316
            CHARGES & DISPOSITION
            B  07  REFUSING TO OBEY AN ORDER              GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY        12/16/1999  60 DAYS CONSEC to A119008

LOC: HUN    MISCONDUCT DATE: 10/26/1998   MISCONDUCT NUMBER: 0923353
            CHARGES & DISPOSITION
            *** CHARGES DISMISSED/NOT GUILTY BY HEARING

LOC: HUN    MISCONDUCT DATE: 10/28/1998   MISCONDUCT NUMBER: 0923359
            CHARGES & DISPOSITION
            C  14  DESTROYING, ALTERING OR DAMAGING PROPER. GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY         4/14/2000   15 DAYS

LOC: HUN    MISCONDUCT DATE: 12/09/1998   MISCONDUCT NUMBER: A106672
            CHARGES & DISPOSITION
            A  1N  THREATENING EMPLOYE                    GUILTY
            B  07  REFUSING TO OBEY AN ORDER              GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY         4/29/2000   60 DAYS CONSEC to 0923359

LOC: HUN    MISCONDUCT DATE: 12/15/1998   MISCONDUCT NUMBER: A094004
            CHARGES & DISPOSITION
            B  07  REFUSING TO OBEY AN ORDER              GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY         6/28/2000   30 DAYS CONSEC to A106672

LOC: HUN    MISCONDUCT DATE: 12/18/1998   MISCONDUCT NUMBER: A094008
            CHARGES & DISPOSITION
            A  1N  THREATENING EMPLOYE                    GUILTY
            B  07  REFUSING TO OBEY AN ORDER              GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY         7/28/2000   90 DAYS CONSEC to A094004

LOC: HUN    MISCONDUCT DATE: 12/18/1998   MISCONDUCT NUMBER: A094010
            CHARGES & DISPOSITION
            B  08  POSSESSION OF CONTRABAND, MONEY ETC    GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY         7/28/2000   30 DAYS CONSEC to A094004
            CONFISCATION OF CONTRABAND
```

```
PA DEPT. OF CORRECTIONS       MISCONDUCT TRACKING SYSTEM       RUN:   DR017RPT
COMPUTER SERVICES                    CONDUCT RECORD            DATE:  2/12/2001
REMOTE PRINT TIME 13:22     CONDUCT VIOLATION AND DISPOSITION  PAGE:  5
                            FROM  8/04/1997 TO  2/12/2001
===============================================================================
INMATE NUMBER:  EK3258                     INMATE NAME:  SLACK

LOC: GRA    MISCONDUCT DATE: 09/20/2000   MISCONDUCT NUMBER: A182822
            CHARGES & DISPOSITION
            B  35  REFUSING TO OBEY AN ORDER              REDUCED

            SANCTIONS IMPOSED
            REPRIMAND, WARNING, COUNSELING

            1ST LEVEL OF APPEAL   10/12/2000  C   10/16/2000  UPHOLD HEAR'S DECISION

***  TOTAL NUMBER OF MISCONDUCTS:       28
```

## LEBANON COUNTY
## CORRECTIONAL
## FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

STANDARD OPERATING PROCEDURE    APR 2 3 2001

Chapter #1 – Admissions:

      1.   Commitments from Other County Facilities
      2.   Commitments from State Correctional Institutions

    POLICY:  When individuals are committed to our facility from another county correctional facility or from a State Correctional Institution, these individuals will be placed into "Administrative Segregation" status, until they are reviewed by the Prison Management Team.  When committed, the "status" of these individuals will be:

               Primary – Quarantine
               Temporary – Administrative Segregation
               Medical – Quarantine

When cleared from Quarantine Status, the "status" will change to:

               Primary – Administrative Segregation
               Temporary – Administrative Segregation
               Medical – None, unless recommended by Medical Department.

    When an individual is committed to this facility from either another county facility or an SCI, the Sergeant or Corporal will leave a note for Captain Karnes with the name of the inmate and the facility this inmate came from.  The Captain will place this inmate on his list to be reviewed by the Prison Management Team. After the inmate is reviewed, a decision will be made as to the status of this inmate. Following the Management Meeting, the Captain will advise Sergeant Control of any status changes for these inmates.

    NOTE:  When cleared from Quarantine status, these inmates will remain in lock-up, in Admin. Seg., until cleared by the Management Team.  If at all possible, these inmates will be housed in Block #4, unless circumstances warrant placement in Isolation, due to nature of charges, length of sentence or conduct record.

         This policy does NOT pertain to Federal inmates arriving at our facility to participate in the Work Release Program.  These inmates are reviewed, via federal paperwork, prior to their arrival at our facility.

    This policy will permit more time for Admin. Staff to review the prison file on each inmate from another county facility, or the DC-7X Temporary Transfer Info. Sheets on an inmate from a State Correctional Institution.  This policy is in no way meant to "punish" any inmate, but to enable a proper classification of each inmate.


DEFENDANT'S
EXHIBIT

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

**ROBERT L. RAIGER**
WARDEN



730 East Walnut Street
Lebanon, Pennsylvania 17042
(717) 274-5451
(717) 274-5452
(717) 274-5453

June 12, 1984

TO:   All Shift Sergeants
      All Shift Corporals
      All Shift Members

FROM:  Robert L. Raiger, Warden
       Michael J. Gerrity, Deputy Warden

SUBJECT:  <u>PRIVILEGES AFFORDED TO INMATES IN LOCK-UP STATUS</u>

The Administration has received questions from staff members concerning exactly what privileges are to be given to inmates in lock-up status. Some shifts permit inmates in lock-up status to attend Church Services, others don't. Some shifts permit inmates to attend Bible Study, others don't. To avoid future inconsistencies between shifts, the following procedures will be implemented for the disposition of inmates in lock-up status.

For simplicity purposes, the various types of lock-up status will be explained, as what type of lock-up status will determine what privileges may be afforded:

1. <u>24 HOUR LOCK-UP</u>:  Initiated by a 3x5 misconduct where an inmate is confined to his living quarters or cell for a 24 hour period. Inmates in 24 hour lock-up are usually permitted to eat meals in the Dining Room, provided the misconduct did not occur in that area.
   24 hour lock-ups are permitted Block-Out from 8 to 10:00 p.m., and may attend Church Services as long as no problems occur. 24 hour lock-ups do <u>not</u> participate in Max. Yard, nor are they permitted to attend extra activities such as movies, Bible Study or School classes.

2. <u>ADMINISTRATIVE SECURITY LOCK-UP</u>:  Lock-up ordered by the Prison Administration (the accumulation of 4 or more 3x5 misconducts within a three month period constitutes a ten (10) day Administrative Lock-up.
   An Administrative Lock-up may also be ordered by the Administration if an inmate is a threat to institutional security, a threat to himself/herself, or a threat to other inmates or staff members.
   Inmates in Administrative Security Lock-up <u>may</u> be afforded Max. Yard, Church Services, etc., <u>if</u> approved by the Administration.

3. <u>PROTECTIVE CUSTODY LOCK-UP</u>:  This lock-up status <u>may</u> be requested by an inmate who fears harm may come to him/her as a result of

 

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

**ROBERT L. RAIGER**
WARDEN



730 East Walnut
Lebanon, Pennsylvania 1
(717) 274
(717) 274
(717) 274

June 12, 1984

(continued)

the criminal charges lodged against him/her.
The Administration <u>may</u> place an inmate in Protective
Custody Lock-up if deemed necessary to protect the
wellbeing of an inmate, or insure prison security is
not disturbed as a direct result of a certain inmate
being confined to this Correctional Facility.
Inmates in Protective Custody Lock-up <u>may</u> be afforded
Max. Yard and Church Services <u>if</u> approved by the
Administration.

4.  <u>DISCIPLINARY BOARD LOCK-UP</u>:  This lock-up status means that an inmate
is serving lock-up time dispensed by the Prison Dis-
ciplinary Board.
Inmates in Disciplinary Board Lock-up <u>will</u> be permitted
to participate in Max. Yard and attend Church Services
when noted on the results of the Disciplinary Board
Decision.  Inmates in this lock-up status do <u>not</u>
attend extra activities such as movies, Bible Study,
or School classes.

5.  <u>PRE-HEARING CONFINEMENT</u>:  Lock-up time served by an inmate from the time
a misconduct is committed until he/she is seen by the
Prison Disciplinary Board.
Inmates in Pre-Hearing Confinement do <u>not</u> participate
in Max. Yard, but will receive Block-Out from 8 to
10:00p.m. daily.  <u>May</u> attend Church Services as long
as no problems occur.  Do <u>not</u> attend any extra activities
such as movies, Bible Study, School Classes.

6.  <u>MEDICAL ISOLATION LOCK-UP</u>:  This lock-up status <u>may</u> be ordered by the
Medical Staff and/or Administration if an inmate is
considered a risk to the remainder of the inmate popu-
lation as a result of an illness, disease or chronic
medical disorder.  This lock-up may also be ordered
to allow an inmate sufficient time to recover from an
illness or medical problem.
Inmates in Medical Isolation Lock-up <u>may</u> participate
in Max. Yard and Church Services if clearance is granted
from the Administration or Medical Staff.  Extra
activities <u>may</u> also be approved depending on the severity
of the medical problem.



# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

**ROBERT L. RAIGER**
WARDEN

730 East Walnut Stre
Lebanon, Pennsylvania 1704
(717) 274-548
(717) 274-548
(717) 274-545

June 12, 1984

(continued)

    7.  <u>BEHAVIOR ISOLATION LOCK-UP</u>: Depending on the severity of a misconduct, or the chronic behavior problems created by a certain inmate, it may become necessary to isolate this inmate for the safety and security of this facility. Behavior Isolation Lock-up is served in the Attitude Adjustment Unit, or if necessary and space permits, in the Medical cells.

        Inmates in Behavior Isolation Lock-up status <u>may</u> be granted Max. Yard, Church Services, but each must be considered separately taking into consideration the severity of behavior, mental condition, etc.

        If the Disciplinary Board orders lock-up time to be served in isolation, it will be noted on the D.B. results. If an inmate is housed in isolation because of a mental problem, permission must be granted from the Administration.

<u>NOTE</u>: If block lock-ups are permitted to participate in Max. Yard operations in the morning, they will still be permitted Block-Out in the evening from 8 to 10:00p.m. daily. If block lock-ups do participate in Max. Yard, they do <u>not</u> shower after Max. Yard, but <u>only</u> in the evening during Block-out.

        <u>Any</u> misconducts during Max. Yard or Church Services are to be properly written up and submitted to the Administration.

    <u>All</u> Shift Members are to become familiar with the various types of lock-up utilized in this facility and the privileges afforded to inmates in these lock-ups. These procedures will permit smoother operations between shifts, and hopefully cause fewer problems. <u>All</u> shifts are to comply with these procedures.

Respectfully,

Robert L. Raiger, Warden

Michael J. Gerrity, Deputy Warden

## CERTIFICATE OF SERVICE

I, David L. Schwalm, Attorney for Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Levi Slack, Jr.
MMIP-0227
c/o Lebanon County Prison
730 E. Walnut Street
Lebanon, PA 17042

**THOMAS, THOMAS & HAFER, LLP**

David L. Schwalm, Esquire
Attorney I.D. # 32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

Date: July 12, 2001