

**ORIGINAL**

(13)
7/13/0

David L. Schwalm, Esquire
**Thomas, Thomas & Hafer, LLP**
Attorney I.D. #32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVI SLACK, JR., | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | NO. 1: CV 01-0708 |
| LEBANON COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | (JUDGE CALDWELL) |
| Defendants | : | (MAGISTRATE JUDGE BLEWITT) |

**FILED
HARRISBURG

JUL 1 2 2001

MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK**

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## TO DISMISS OR FOR SUMMARY JUDGMENT

**I.   STATEMENT OF FACTS**

Plaintiff Levi Slack commenced this action on or about April 23, 2001 by filing a Civil Rights Complaint. On February 13, 2001, Plaintiff was temporarily transferred from Greene State Correctional Institution (hereinafter "Greene") to Lebanon County Correctional Facility (hereinafter "LCCF") pursuant to a court order dated February 9, 2001. Plaintiff was placed in administrative segregation at LCCF by Defendant Raiger and Defendant Karnes on February 28, 2001 and remained in administrative segregation up through the time Plaintiff filed his Complaint. Plaintiff was informed that his placement in administrative segregation was due to his state correctional record classifying him as a security risk. While placed in administrative segregation, Plaintiff avers that he repeatedly became ill and had to continually pay for medical care.

Plaintiff was transferred back to Greene on April 30, 2001.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action with the filing of the Civil Action Complaint on or about April 23, 2001. In his Complaint, Plaintiff requests monetary damages for pain and suffering, asks that his incarceration record reflect that he was unjustly classified as a security risk at LCCF, and wishes to be reimbursed for the medical treatment he received while housed at LCCF. Plaintiff's Complaint purports to state a federal law claim against the Defendants pursuant to 42 U.S.C. § 1983.

Defendants simultaneously filed the corresponding Motion to Dismiss, or in the alternative, Motion for Summary Judgment, with this brief in support of said motion.

## III. ISSUE

A. **SHOULD DEFENDANTS' MOTION TO DISMISS BE GRANTED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE, SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF THE DEFENDANTS?**

Suggested Answer: YES

## IV. ARGUMENT

42 U.S.C. § 1983 holds any person who, under the color of state law, subjects or causes to be subjected, any citizen of the United States to be deprived of any rights, privileges or immunities secured by the Constitution, liable to the party injured in an action at law, suit in equity or any other proper proceeding for redress. 42 U.S.C. § 1983. The purpose of 42 U.S.C. § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such relief fails. Wyatt v. Cole, 112 S. Ct. 1827, 118 L. Ed. 2d 504

(1992). Plaintiff's Complaint purports to state a federal law claim against Defendants pursuant to 42 U.S.C. § 1983.

Plaintiff's placement in administrative segregation was justified and did not amount to cruel and unusual punishment. The transfer report received from Greene verified that Plaintiff had a history of problems involving drugs, sex, assault and escape, and recommended that Plaintiff be held in "tight security." Along with the transfer report, LCCF also received Plaintiff's conduct record, consisting of a total of twenty-eight reported misconducts from August 4, 1997 through the time of the transfer. These misconducts included charges of refusing to obey an order, use of offensive or abusive language, fighting, threatening an employee, possession of contraband, and destroying, altering, or damaging property. The report and record of misconducts, along with Greene's recommendation that Plaintiff be held in "tight security" provide more than adequate justification for placing Plaintiff in administrative segregation. Additionally, Defendants followed LCCF's standard operating procedures by placing Plaintiff in administrative segregation. According to a memo issued by Defendant Raiger to all LCCF employees, administrative security lock-up may be ordered if an inmate is considered to be a threat to institutional security, a threat to himself/herself, or a thereat to other inmates or staff members. A copy of LCCF's Standard Operating Procedures regarding administrative segregation and the memo issued by Defendant Raiger is attached to Defendants' corresponding Motion as Exhibit "D".

Plaintiff's placement in administrative segregation, for the purpose of protecting the safety and security of LCCF, did not rise to the level of a constitutional violation of the Eighth Amendment or the Fourteenth Amendment. Prison officials have broad discretion in the use of protective confinement. Bloeth v. Montanye, 514 F.2d 1192 (2nd

Cir. 1975). In <u>Griffin v. Vaughn,</u> the court held that to prove the existence of cruel and unusual punishment, a prisoner must show that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety. <u>Griffin v. Vaughn,</u> 112 F. 3d 703 (3rd Cir. 1997). The court further noted that a fifteen month placement in administrative segregation was not considered to be cruel and unusual punishment.

Plaintiff's placement in quarantine, with inmates who were not medically cleared, did not constitute cruel and unusual punishment. The conditions in administrative segregation did not involve a deprivation of a basic human need. Plaintiff never averred the deprivation of a human need or any medical indifference towards his alleged illnesses, and was afforded all necessary medical treatment.

Although Plaintiff's Complaint specifically avers Defendant Raiger's and Defendant Karnes' involvement in Plaintiff's allegations, Plaintiff's pleadings assert only allegations of vicarious liability against Defendant LCCF, Defendant Gerrity, Defendant Russell, Defendant McIntyre and Defendant Stuckey. The court in <u>Howard v. Adkison,</u> held that supervisors at prisons are not liable for Eighth Amendment claims brought under § 1983. <u>Howard v. Adkison,</u> 887 F.2d 134 (8th Cir. 1989). Merely naming the Defendants and the positions each Defendant held is not sufficient to state a claim under § 1983. The doctrine of Respondeat Superior is not an acceptable basis for liability under 42 U.S.C. § 1983, thus, Defendants cannot be held vicariously liable. <u>Durmer v. O'Carroll,</u> 991 F.2d 64 (3rd Cir. 1993).

Summary Judgment is appropriate when there is no genuine issue of material fact and…the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. An issue of material fact exists only if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L.ed. 2d 202, 106 S. Ct. 2505 (1986).

After reviewing all pleadings, as well as the prison record, it is clear that no genuine issue of material fact exists as to why Plaintiff was placed in administrative segregation. Also, no genuine issue of material fact exists as to the Plaintiff's inability to prove that he was deprived of a necessary human right while placed in administrative segregation.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a cause of action against all named Defendants pursuant to 42 U.S. C. § 1983 and should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, no genuine issue of material fact exists as to why Plaintiff was placed in administrative segregation or Plaintiff's inability to prove that he was deprived of a necessary human right while in administrative segregation.

Defendants respectfully request that this Honorable Court grant Defendants' Motion to Dismiss, or in the alternative, that this Honorable Court grant summary judgment in favor of the Defendants, in whole or in part.

THOMAS, THOMAS & HAFER, LLP

_____
David L. Schwalm, Esquire
Attorney I.D. No. 32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

Date: July 12, 2001
:135631.1

## **CERTIFICATE OF SERVICE**

I, David L. Schwalm, Attorney for Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Levi Slack, Jr.
MMIP-0227
c/o Lebanon County Prison
730 E. Walnut Street
Lebanon, PA  17042

**THOMAS, THOMAS & HAFER, LLP**

David L. Schwalm, Esquire
Attorney I.D. # 32574
305 North Front Street
P. O. Box 999
Harrisburg, PA  17108-0999
(717) 255-7643
Attorneys for Defendants

Date: July 12, 2001