IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVI SLACK, JR., | CIVIL ACTION NO. 4:CV-01-0708 |
| Plaintiff | (Judge Caldwell) |
| v. | (Magistrate Judge Smyser) |
| LEBANON COUNTY CORRECTIONAL FACILITY, et al., | |
| Defendants | |

**REPORT AND RECOMMENDATION**

Plaintiff, while an inmate at the Lebanon County Prison, Lebanon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 23, 2001. With his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis*. Plaintiff is proceeding *pro se*.

The court issued an order on August 10, 2001, directing Plaintiff to respond to Defendants' Motion to Dismiss the Complaint. (Doc. 14). A copy of said Order was mailed to Plaintiff at the Lebanon County Correctional Facility; it was returned to the Court marked "Return to Sender- Released - Left No Address." (Doc. 15).

An unrepresented party must maintain on file with the clerk a current address; all documents served at the address on file shall be deemed to be effective service on that party. Rule 83.18, M.D. Pa. Rules of Court.

In the Standing Practice Order filed in this action on it is set forth that:

> A *pro se* plaintiff has the affirmative
> obligation to keep the court informed
> of his or her address. Should such
> address change in the course of this
> litigation, the plaintiff shall
> immediately inform the court of such
> change, in writing. If the court is
> unable to communicate with the plaintiff
> because the plaintiff has failed to
> notify the court of his or her address,
> the plaintiff will be deemed to have
> abandoned the lawsuit.

(Doc. 6, p. 4).

The Plaintiff has not had any contact with this court since April 23, 2001, when he filed his complaint and accompanying documentation. (Docs. 1-4). He has failed to notify the court of his new address.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute the action and to comply with an order of the court by his failure to keep the court apprised of his current whereabouts.

Based on the foregoing, it is respectfully recommended that the complaint be dismissed on the basis of Plaintiff's failure to notify the Court of his whereabouts and for failure to prosecute the action.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: August 23, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVI SLACK, JR., | CIVIL NO. **4:CV-01-0708** |
| Plaintiff | |
| | (Judge Caldwell) |
| v. | |
| | (Magistrate Judge Blewitt) |
| LEBANON COUNTY CORRECTIONAL FACILITY, et al., | **FILED SCRANTON** |
| Defendants | AUG 2 3 2001 |

## NOTICE

PER _____ DEPUTY CLERK

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated August 23, 2001.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: August 23, 2001

2