

OFFICE OF THE CLERK
STATES DISTRICT COURT
TED STATES COURT HOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

RELEASED - LEFT
NO ADDRESS

HARRISBURG
10-23-01
PA.

U.S. OFFICIAL MAIL
U.S. POSTAGE
PENALTY
FOR
PRIVATE
USE $300
☆ ☆  N METER
590023

RTS
RETURN TO SENDER

☐ INSUFFICIENT ADDRESS      ● OTHER
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
→ UNABLE TO FORWARD

Levi Slack Jr.
CTY-LEB
Lebanon County Prison
MMIP-0227
730 E. Walnut Street
Lebanon, PA  17042


          Re: 1:01-cv-00708

          -------------------------------



          -------------------------------

Please file all pleadings directly with the Clerk's Office in which
the assigned Judge is located.  Do not file any courtesy copies
with the Judge's Chambers.

JUDICIAL OFFICERS:                    CLERK'S OFFICE ADDRESS:

Judge Sylvia H. Rambo                 U.S. District Court
Judge Yvette Kane                        228 Walnut Street
Judge William W. Caldwell             P.O. Box 983
Magistrate Judge J. Andrew Smyser     Harrisburg, PA  17108

--------------------------------------------------------------------

Chief Judge Thomas I. Vanaskie        U.S. District Court
Judge A. Richard Caputo               235 N. Washington Ave.
Judge James M. Munley                    P.O. Box 1148
Judge William J. Nealon               Scranton, PA  18501
Judge Richard P. Conaboy
Judge Edwin M. Kosik
Magistrate Judge Malachy E. Mannion
Magistrate Judge Thomas M. Blewitt

--------------------------------------------------------------------

Judge James F. McClure                U.S. District Court
Judge Malcolm Muir                    240 West Third Street
                                      Suite 218
                                      Williamsport, PA  17701

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                    :
      Plaintiff

                    :

      vs.                           :    CIVIL ACTION NO. 1:CV-01-0708

                    :

LEBANON COUNTY CORRECTIONAL
FACILITY, et al.,                   :
      Defendants

**FILED**
**HARRISBURG, PA**

OCT 2 3 2001

MARY E. D'ANDREA, CLERK
PER_____
            DEPUTY CLERK

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      The magistrate judge filed a report and recommendation, dated August 23, 2001, recommending that we dismiss Plaintiff's complaint, in part, because Plaintiff did not respond to the Defendants' pending motion to dismiss and/or for summary judgment. After consideration of the report, we issued an order on October 2, 2001, directing Plaintiff to file a statement indicating whether he intends to oppose Defendants' motion.  On October 16, 2001, Plaintiff filed a statement indicating that he wishes to proceed with this action.

      To allow Plaintiff to properly respond to the Defendants' motion, we will order the Clerk of Court to send Plaintiff the documents in this case that he never received, and we will grant him leave to oppose Defendants' motion.

Accordingly, this 23rd day of October, 2001, it is ordered that:

    1.   The Clerk of Court shall deliver to Plaintiff, Levis Slack, Jr., the following documents:  Standing Practice Order, dated April 24, 2001, (Doc. No. 6); Order of the Magistrate Judge, filed April 27, 2001, (Doc. No. 7); Defendants' Motion to Dismiss and/or for Summary Judgment, dated July 12, 2001, (Doc. No. 12); Defendants' Supporting Brief, dated July 12, 2001, (Doc. No. 13); Order of the Magistrate Judge, filed August 10, 2001, (Doc. No. 14); and Report of the United States Magistrate Judge, dated August 23, 2001, (Doc. No. 16).

    2.   Plaintiff shall file an appropriate response to the Defendants' pending motion within twenty (20) days of the date of this Order.

    3.   This case is remanded to the Magistrate Judge for further proceedings. .

William W. Caldwell
United States District Judge

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                          :        CIVIL ACTION NO. **4:CV-01-0708**
                                          :
     Plaintiff                           :        (Judge Caldwell)
                                          :
     v.                                  :        (Magistrate Judge Smyser)
                                          :
LEBANON COUNTY CORRECTIONAL               :
FACILITY, et al .,                        :
                                          :
     Defendants                          :

### REPORT AND RECOMMENDATION

Plaintiff, while an inmate at the Lebanon County Prison, Lebanon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 23, 2001. With his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis*. Plaintiff is proceeding *pro se*.

The court issued an order on August 10, 2001, directing Plaintiff to respond to Defendants' Motion to Dismiss the Complaint. (Doc. 14). A copy of said Order was mailed to Plaintiff at the Lebanon County Correctional Facility; it was returned to the Court marked "Return to Sender- Released - Left No Address." (Doc. 15).

An unrepresented party must maintain on file with the clerk a current address; all documents served at the address on file shall be deemed to be effective service on that party. Rule 83.18, M.D. Pa. Rules of Court.

In the Standing Practice Order filed in this action on it is set forth that:

> A *pro se* plaintiff has the affirmative
> obligation to keep the court informed
> of his or her address.  Should such
> address change in the course of this
> litigation, the plaintiff shall
> immediately inform the court of such
> change, in writing.  If the court is
> unable to communicate with the plaintiff
> because the plaintiff has failed to
> notify the court of his or her address,
> the plaintiff will be deemed to have
> abandoned the lawsuit.

(Doc. 6, p. 4).

The Plaintiff has not had any contact with this court since April 23, 2001, when he filed his complaint and accompanying documentation. (Docs. 1-4).  He has failed to notify the court of his new address.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added).  In the instant case, Plaintiff has failed to both prosecute the action and to comply with an order of the court by his failure to keep the court apprised of his current whereabouts.

2

Based on the foregoing, it is respectfully recommended that the complaint be dismissed on the basis of Plaintiffs failure to notify the Court of his whereabouts and for failure to prosecute the action.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: August 23, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                          :         CIVIL NO. **4:CV-01-0708**
                                          :
     Plaintiff                          :
                                          :         (Judge Caldwell)
     v.                                 :
                                          :         (Magistrate Judge Blewitt)
LEBANON COUNTY CORRECTIONAL               :
FACILITY, et al.,                         :         **FILED**
                                          :         **SCRANTON**
     Defendants                         :
                                                    AUG 2 3 2001

                          <u>NOTICE</u>
                                          PER _____
                                              DEPUTY CLERK

    **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated August 23, 2001.


    Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: August 23, 2001

2

$P/13/0$ $83$

$14$

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                          :        CIVIL ACTION NO. **1:CV-01-0708**
                                          :
          Plaintiff                       :        (Judge Caldwell)
                                          :
          v.                              :        (Magistrate Judge Blewitt)
                                          :
LEBANON COUNTY CORRECTIONAL               :        **FILED**
FACILITY, et al.,                         :        **SCRANTON**
                                          :
          Defendants                      :        AUG 1 0 2001
                                 **ORDER**
                                                   PER _____
                                                        DEPUTY CLERK

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The Plaintiff has filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff i

proceeding pro se.

A Motion to Dismiss the complaint was filed on behalf of Defendants on July 12, 2001

(Doc. 12).  A brief in support of the motion was filed on the same date.  (Doc. 13).  Plaintiff's brie

in opposition to the motion is long overdue.  The Plaintiff has failed to make any filings or reques

an extension of time in which to do so.

A Standing Practice Order was issued by the Court on April 24, 2001, which containe

an explanation of the procedure to be followed when motions are filed and a copy of the pertiner

portions of the Local Rules of Court. (Doc. 6).

Defendants' Motion to Dismiss is presently unopposed.  M.D. Pa. Local Rule 7.

Generally, a dispositive motion may not be granted merely because it is unopposed.  Because Loc

Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," <u>Anchorage Assoc. v. Virgin Islands Board of Tax Review</u>, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. However, the Third Circuit has stated that Local Rule 401.6[1] can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991).

Because the Plaintiff's failure to either file a brief in opposition to the Defendants' motion or to request an extension of time within which to do so indicates that he may have lost interest in prosecuting this action, dismissal of the case without a merits analysis under the authority of <u>Stackhouse</u> will be recommended if the Plaintiff fails to file a brief in opposition to Defendants' Motion to Dismiss in accordance with Local Rule 7.6 on or before **August 23, 2001.** An additional copy of the Standing Practice Order is included herein for the Plaintiff's reference.

**AND NOW,** this _10th_ day of **August, 2001, IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to serve a copy of this Order, together with the Standing Practice Order (Doc. 6) on the Plaintiff.

2. Plaintiff is directed to file a brief in opposition to Defendants' Motion to Dismiss (Doc. 12) on or by **August 23, 2001.**

---

1.   Now by amendment of December 30, 1993, renumbered Local Rule 7.6.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 13, 2001

Re:  1:01-cv-00708    Slack v. Lebanon County

True and correct copies of the attached were mailed by the clerk
to the following:

      Levi Slack Jr.
      CTY-LEB
      Lebanon County Prison
      MMIP-0227
      730 E. Walnut Street
      Lebanon, PA  17042

      David L. Schwalm, Esq.
      Thomas, Thomas & Hafer, LLP
      305 North Front Street
      Sixth Floor, P.O. Box 999
      Harrisburg, PA  17108

cc:
| | | | |
|---|---|---|---|
| Judge | ( ) | ( ) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | ( ) | | |
| Federal Public Defender | ( ) | | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: | |

                    U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5     ( )
Order to Show Cause     ( ) with Petition attached & mailed certified mail
                    to:  US Atty Gen   ( )   PA Atty Gen ( )
                         DA of County ( )   Respondents ( )

Bankruptcy Court        ( )
Other_____( )

                                 MARY E. D'ANDREA, Clerk

                                 8/13/01

Copy 13

JUDGE'S COPY

David L. Schwalm, Esquire
**Thomas, Thomas & Hafer, LLP**
Attorney I.D. #32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

| | | |
|---|---|---|
| LEVI SLACK, JR., | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | NO. 1: CV 01-0708 |
| LEBANON COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | (JUDGE CALDWELL) |
| Defendants | : | (MAGISTRATE JUDGE BLEWITT) |

JUL 1 2 2001

MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

**I.    STATEMENT OF FACTS**

Plaintiff Levi Slack commenced this action on or about April 23, 2001 by filing a Civil Rights Complaint.  On February 13, 2001, Plaintiff was temporarily transferred from Greene State Correctional Institution (hereinafter "Greene") to Lebanon County Correctional Facility (hereinafter "LCCF") pursuant to a court order dated February 9, 2001.  Plaintiff was placed in administrative segregation at LCCF by Defendant Raiger and Defendant Karnes on February 28, 2001 and remained in administrative segregation up through the time Plaintiff filed his Complaint.  Plaintiff was informed that his placement in administrative segregation was due to his state correctional record classifying him as a security risk.  While placed in administrative segregation, Plaintiff avers that he repeatedly became ill and had to continually pay for medical care.

Plaintiff was transferred back to Greene on April 30, 2001.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action with the filing of the Civil Action Complaint on or about April 23, 2001. In his Complaint, Plaintiff requests monetary damages for pain and suffering, asks that his incarceration record reflect that he was unjustly classified as a security risk at LCCF, and wishes to be reimbursed for the medical treatment he received while housed at LCCF. Plaintiff's Complaint purports to state a federal law claim against the Defendants pursuant to 42 U.S.C. § 1983.

Defendants simultaneously filed the corresponding Motion to Dismiss, or in the alternative, Motion for Summary Judgment, with this brief in support of said motion.

## III.    ISSUE

**A.    SHOULD DEFENDANTS' MOTION TO DISMISS BE GRANTED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE, SHOULD SUMMARY JUDGMENT BE GRANTED IN FAVOR OF THE DEFENDANTS?**

Suggested Answer: YES

## IV.    ARGUMENT

42 U.S.C. § 1983 holds any person who, under the color of state law, subjects or causes to be subjected, any citizen of the United States to be deprived of any rights, privileges or immunities secured by the Constitution, liable to the party injured in an action at law, suit in equity or any other proper proceeding for redress. 42 U.S.C. § 1983. The purpose of 42 U.S.C. § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such relief fails. Wyatt v. Cole, 112 S. Ct. 1827, 118 L. Ed. 2d 504

(1992). Plaintiff's Complaint purports to state a federal law claim against Defendants pursuant to 42 U.S.C. § 1983.

Plaintiff's placement in administrative segregation was justified and did not amount to cruel and unusual punishment. The transfer report received from Greene verified that Plaintiff had a history of problems involving drugs, sex, assault and escape, and recommended that Plaintiff be held in "tight security." Along with the transfer report, LCCF also received Plaintiff's conduct record, consisting of a total of twenty-eight reported misconducts from August 4, 1997 through the time of the transfer. These misconducts included charges of refusing to obey an order, use of offensive or abusive language, fighting, threatening an employee, possession of contraband, and destroying, altering, or damaging property. The report and record of misconducts, along with Greene's recommendation that Plaintiff be held in "tight security" provide more than adequate justification for placing Plaintiff in administrative segregation. Additionally, Defendants followed LCCF's standard operating procedures by placing Plaintiff in administrative segregation. According to a memo issued by Defendant Raiger to all LCCF employees, administrative security lock-up may be ordered if an inmate is considered to be a threat to institutional security, a threat to himself/herself, or a thereat to other inmates or staff members. A copy of LCCF's Standard Operating Procedures regarding administrative segregation and the memo issued by Defendant Raiger is attached to Defendants' corresponding Motion as Exhibit "D".

Plaintiff's placement in administrative segregation, for the purpose of protecting the safety and security of LCCF, did not rise to the level of a constitutional violation of the Eighth Amendment or the Fourteenth Amendment. Prison officials have broad discretion in the use of protective confinement. Bloeth v. Montanye, 514 F.2d 1192 (2nd

Cir. 1975).  In <u>Griffin v. Vaughn</u>, the court held that to prove the existence of cruel and unusual punishment,  a prisoner must show that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety.  <u>Griffin v. Vaughn</u>, 112 F. 3d 703 (3rd Cir. 1997).  The court further noted that a fifteen month placement in administrative segregation was not considered to be cruel and unusual punishment.

Plaintiff's placement in quarantine, with inmates who were not medically cleared, did not constitute cruel and unusual punishment.  The conditions in administrative segregation did not involve a deprivation of a basic human need. Plaintiff never averred the deprivation of a human need or any medical indifference towards his alleged illnesses, and was afforded all necessary medical treatment.

Although Plaintiff's Complaint specifically avers Defendant Raiger's and Defendant  Karnes' involvement in Plaintiff's allegations, Plaintiff's pleadings assert only allegations of vicarious liability against Defendant LCCF, Defendant Gerrity, Defendant Russell, Defendant McIntyre and Defendant Stuckey.  The court in <u>Howard v. Adkison</u>, held that supervisors at prisons are not liable for Eighth Amendment claims brought under § 1983.  <u>Howard v. Adkison</u>, 887 F.2d 134 (8th Cir. 1989).  Merely naming the Defendants and the positions each Defendant held is not sufficient to state a claim under § 1983.  The doctrine of Respondeat Superior is not an acceptable basis for liability under 42 U.S.C. § 1983, thus, Defendants cannot be held vicariously liable. <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3rd Cir. 1993).

Summary Judgment is appropriate when there is no genuine issue of material fact and...the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. An issue of material fact exists only if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 91 L.ed. 2d 202, 106 S. Ct. 2505 (1986).

After reviewing all pleadings, as well as the prison record, it is clear that no genuine issue of material fact exists as to why Plaintiff was placed in administrative segregation. Also, no genuine issue of material fact exists as to the Plaintiff's inability to prove that he was deprived of a necessary human right while placed in administrative segregation.

## IV.    <u>CONCLUSION</u>

Plaintiff's Complaint fails to state a cause of action against all named Defendants pursuant to 42 U.S.C. § 1983 and should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, no genuine issue of material fact exists as to why Plaintiff was placed in administrative segregation or Plaintiff's inability to prove that he was deprived of a necessary human right while in administrative segregation.

Defendants respectfully request that this Honorable Court grant Defendants' Motion to Dismiss, or in the alternative, that this Honorable Court grant summary judgment in favor of the Defendants, in whole or in part.

THOMAS, THOMAS & HAFER, LLP

David L. Schwalm, Esquire
Attorney I.D. No. 32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

Date: July 12, 2001
:135631.1

## CERTIFICATE OF SERVICE

I, David L. Schwalm, Attorney for Thomas, Thomas & Hafer, LLP, hereby certify

that a copy of the foregoing document was served upon the following, by enclosing a true

and correct copy in an envelope addressed as follows, postage prepaid:

Levi Slack, Jr.
MMIP-0227
c/o Lebanon County Prison
730 E. Walnut Street
Lebanon, PA 17042

                                        THOMAS, THOMAS & HAFER, LLP

                                        David L. Schwalm, Esquire
                                        Attorney I.D. # 32574
                                        305 North Front Street
                                        P. O. Box 999
                                        Harrisburg, PA 17108-0999
                                        (717) 255-7643
Date: July 12, 2001                      Attorneys for Defendants

JUDGE'S COPY

Copy (12) 

David L. Schwalm, Esquire
**Thomas, Thomas & Hafer, LLP**
Attorney I.D. #32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG

JUL 1 2 2001

MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

| | | |
|---|---|---|
| LEVI SLACK, JR., | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | NO. 1: CV 01-0708 |
| LEBANON COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | (JUDGE CALDWELL) |
| Defendants | : | (MAGISTRATE JUDGE BLEWITT) |

### MOTION OF DEFENDANTS LEBANON COUNTY CORRECTIONAL FACILITY, et al., TO DISMISS OR FOR SUMMARY JUDGMENT

AND NOW, come Defendants Lebanon County Correctional Facility, et al., by and through their attorneys, Thomas, Thomas & Hafer, LLP, and move this Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, grant summary judgment in favor of the Defendants.

1.     On or about April 23, 2001, Plaintiff Levi Slack commenced this action by filing a Civil Rights Complaint.

2.     Plaintiff's Complaint alleges that he has been falsely classified as a security risk, that his placement in administrative segregation was unjustified.

3.     Defendants include the Lebanon County Correctional Facility, Robert L. Raiger, Robert J. Karnes, Michael J. Gerrity, John R. Russell, Edward B. McIntyre, and Michael K. Stuckey (hereinafter "Defendants.")

4.    Plaintiff's Complaint purports to state a federal law claim against the Defendants pursuant to 42 U.S.C. § 1983.

5.    Plaintiff Levi Slack was temporarily transferred on February 13, 2001, from Greene State Correctional Institution to Lebanon County Correctional Facility (hereinafter "LCCF"), pursuant to a Court Order dated February 9, 2001.

6.    Plaintiff was discharged from LCCF and transferred back to Greene on April 30, 2001.

7.    The operative facts, as plead by Plaintiff, disclose that Plaintiff was placed in administrative segregation at LCCF by Defendant Raiger and Defendant Karnes on February 28, 2001 and remained there up through the time Plaintiff filed the Complaint.

8.    This placement in administrative segregation was due to his state correctional record classifying him as a security risk.

9.    Plaintiff avers that this classification was unjustified because he has not received any misconducts while housed at Lebanon County Correctional Facility.

10.    Plaintiff's incarceration record reports twenty-eight misconducts prior to Plaintiff's transfer to LCCF.  A copy of Plaintiff's conduct record is attached hereto and marked Exhibit "C".

11.    While housed at LCCF, Plaintiff was placed on disciplinary lockdown for a period of fifteen days for "making unsanitary conditions by trashing the dayroom floor." A copy of the LCCF Disciplinary Board Hearing Report is found in Plaintiff's LCCF prison record, which is incorporated herein and attached hereto as Exhibit "A".

13.    While in administrative segregation, Plaintiff maintains that he was housed in quarantine, which consisted of inmates not medically cleared, and was afforded recreation time only with the quarantined inmates.

13.     Plaintiff avers that he repeatedly became ill and had to seek medical treatment, all of which he was charged for.  Plaintiff submits that this treatment constituted cruel and unusual punishment.

14.     To prove the existence of cruel and unusual punishment, a prisoner must show that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety.  Griffin v. Vaughn, 112 F. 3d 703 (3rd Cir. 1997).

15.     Plaintiff's Complaint fails to state a cause of action against all named Defendants pursuant to 42 U.S.C. § 1983 for the following reasons:

(a)     Even if the facts as pleaded by the Plaintiff are established, the facts do not rise to the level of a constitutional violation of the Eighth Amendment or the Fourteenth Amendment to the United States Constitution.

(b)     The transfer report Defendants received from Greene verified that Plaintiff had a history of problems involving drugs, sex, assault and escape.  The report recommended that Plaintiff be kept under "tight security."  Plaintiff's placement in administrative segregation was not unjustified and did not amount to cruel and unusual punishment.  A copy of the Plaintiff's state correctional record, including Plaintiff's transfer report, is incorporated herein and attached hereto as Exhibit "B".

(c)     Plaintiff's placement in administrative segregation, for the purpose of protecting the safety and security of the Lebanon County Correctional Facility, did not rise to the level of a constitutional violation of the Eighth Amendment or the Fourteenth Amendment.  Prison officials have broad discretion in the use of protective confinement.  Bloeth v. Montanye, 514 F.2d 1192 (2nd Cir. 1975).

(d)     Defendants cannot be held vicariously liable under 42 U.S.C. § 1983.  The doctrine of Respondeat Superior is not an acceptable basis for liability under 42 U.S.C. § 1983.  Durmer v. O'Carroll and Barker and Fauver, 991 F.2d 64 (3rd Cir. 1993); Howard v. Adkinson and Jackson, 887 F.2d 134 (8th Cir. 1989).

16.     Plaintiff's Complaint should be dismissed for  failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

17.    Summary Judgment is appropriate when there is no genuine issue of material fact and...the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

18.    An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. ed. 2d 202, 106 S. Ct. 2505 (1986).

19.    After reviewing all pleadings and the prison record, it is clear that no genuine issue of material fact exists as to why Plaintiff was placed on administrative segregation or Plaintiff's inability to prove that he was deprived of a necessary human right while in administrative segregation.

WHEREFORE, Defendants Lebanon County Correctional Facility, Robert L. Raiger, Robert J. Karnes, Michael J. Gerrity, John R. Russell, Edward B. McIntyre, and Michael K. Stuckey, by their attorneys, Thomas, Thomas & Hafer, LLP, respectfully request that all Counts of Plaintiff's Complaint be dismissed with prejudice, for failure to state a claim upon which relief can be granted, or in the alternative, that this Honorable Court grant summary judgment in favor of the Defendants, in whole or in part.

THOMAS, THOMAS & HAFER, LLP

David L. Schwalm, Esquire
Attorney I.D. No. 32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants

Date: July 12, 2001
:135631.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                    :
        Plaintiff                   :
                                    :        CIVIL ACTION – LAW
                                    :
            v.                      :        NO. 1: CV 01-0708
                                    :
LEBANON COUNTY                      :
CORRECTIONAL FACILITY, et al.,      :
        Defendants                  :

## AFFIDAVIT OF ROBERT L. RAIGER

I, Robert L. Raiger, swear and affirm that the following statements are true:

1.      I am the Warden of the Lebanon County Correctional Facility.

2.      A true and correct copy of Plaintiff's prison record at the Lebanon County Correctional Facility is attached hereto and marked as Exhibit "A".

3       On February 13, 2001, Plaintiff Levi Slack was transferred from Greene State Correctional Institution to Lebanon County Correctional Facility pursuant to a Court Order dated February 9, 2001.

4.      Plaintiff Levi Slack's state correctional record, sent to the Lebanon County Correctional Facility, classified Plaintiff as a security risk and recommended tight security.  A true and correct copy of Plaintiff's state correctional record is attached hereto and marked as Exhibit "B".

5.      Plaintiff Levi Slack's state correctional record indicated that Plaintiff had a verified history of escape.

6.    Plaintiff Levi Slack's state correctional record indicated that Plaintiff had a verified history of assault.

7.    Plaintiff Levi Slack's conduct record reflected twenty-eight reported misconducts prior to Plaintiff's transfer to Lebanon County Correctional Facility. A copy of Plaintiff's conduct record is attached hereto and marked as Exhibit "C".

8.    Plaintiff Levi Slack's reported misconducts included charges of refusing to obey an order, use of offensive or abusive language, fighting, threatening an employee, possession of contraband, and destroying, altering or damaging property.

9.    My decision to place Plaintiff Levi Slack in administrative segregation was based on Greene State Correctional Institution's recommendation that Plaintiff be held in tight security.

10.   Plaintiff Levi Slack was placed in, and remained in administrative segregation pursuant to Lebanon County Correctional Facility's standard operating procedure guidelines. A copy of the applicable guidelines is attached hereto and marked as Exhibit "D".


_____
Robert L. Raiger, Warden of the
Lebanon County Correctional Facility

133005.1

**LEBANON COUNTY CORRECTIONAL FACILITY**

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

---

DISCIPLINARY BOARD HEARING                    DATE: 4/9/01      *125*

NAME: LEVI SLACK

OFFENSE: MAKING UNSANITARY CONDITIONS, TRASHING DAYROOM FLOOR

DATE OF OFFENSE: 4/4/01          TIME OF OFFENSE: 10:20 P.M.

BOARD MEMBERS: CHAIRMAN: JOHN R. RUSSELL

              MEMBER: Perry Gernert

1. Miranda Rights read to   LEVI SLACK          by JOHN R. RUSSELL

2. Misconduct Report read to  LEVI SLACK        by JOHN R. RUSSELL


3. Comments of Inmate:  Mr. Slack came before the board and did admit that
dumped his trash outside his cell due to being frustrated at attempting to speak
an Officer regarding a question that he had. He went on to say that he was getti
"stircrazy" from lack of physical exercise and being "locked-down" almost consta
He went on to state that while upstate he would be able to exercise 2-3 times da
and have a job to occupy his mind; while here it-was-all "deadtime". He went on
say that he had the trash pushed in fron of his cell and that he cleaned it up a
apologized to Officer LaFountain for acting so "stupid".

4. Witnesses Called:  NONE REQUESTED.



5. DECISION OF DISCIPLINARY BOARD:  The board can empathize with Mr. Slack
dilemma; however; throwing out trash does not solve the problem. He is therefore
removed from Administrative lockdown and placed on disciplinary lockdown for a
fifteen day period which will end on 4/19/01.



# DEPARTMENT OF CORRECTIONS
## LEBANON, COUNTY, PENNSYLVANIA

| XXX | MISCONDUCT | | |
|-----|------------|---|---|
| | OTHER | | |

| BLOCK | CELL | INMATE'S NAME | TIME AND DATE OF MISCONDUCT |
|-------|------|---------------|------------------------------|
| 4 | 69 | SLACK, LEVI | APPROX 10:20 P.M. 4/4/01 |

PLACE OF MISCONDUCT: Cell 4/69 & Dayroom Floor

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR P)

| BLOCK | CELL | NAME | I | W | BLOCK | CELL | NAME |
|-------|------|------|---|---|-------|------|------|
| | | Officer Robert Weise | | X | | | |
| | | Officer Josh Yeagly | | X | | | |
| | | | | | | | |

### MISCONDUCT

1. Trashing Dayroom Floor
2. Making an Unsanitary Condition

### STAFF MEMBER'S VERSION

At Approximately 10:10 P.M. on the above date inmate Levi Slack was motioning and
yelling from his cell. Officer Josh Yeagly recognized inmate Slack and went to the staff
window flap to hear what he was yelling about, at this time C.O. Yeagly could hear inmate
Slack yelling that he wanted to talk to a C.O.. Officer LaFountain then informed C.O.
Yeagly that the Officers perform regular block checks and they would speak to him during
a check.

Approximately 5 Minutes later inmate John Andrews who is housed on a dayroom bunk
approached the station window flap and stated that inmate Slack wanted to be released from
his cell so he could empty his trash. Inmate Andrews was informed that it was well passed
lock-down and inmate slack would not be let out of his cell and that he could tell him that.
Inmate Andrews then informed inmate Slack that he would not be released and inmate slack
then began to throw his trash out on to the dayroom floor creating an unsanitary condition.

At Approximately 10:20 P.M. Sgt. Control was notified of Slack's actions and a Major
Misconduct was ordered. It Should be noted that Inmate Slack received 2 Hours of Block-out
from 7:00 P.M. to 9:00 P.M. on this evening and did not feel the need to relieve himself
of this apparent trash emergency during his 120 minutes of regularly scheduled block-out.

### IMMEDIATE ACTION TAKEN AND REASON

1.) Inmate Slack was motioning to the Station
2.) Inmate Andrews approached the station and said Slack wanted out to empty trash
3.) Inmate Slack was denied his request and began to trash the dayroom floor.
4.) Major Misconduct Ordered, Slack Placed in Pre-hearing confinement.

| STAFF MEMBER REPORTING MISCONDUCT | SIGNATURE AND TITLE OF RANKING OFFICER |
|------------------------------------|----------------------------------------|
| *Officer Terence W. LaFountain* | Sg^t *Gary Breidenstine* Sgt. Gary Breidenstine |

| DATE 04/04/01 /AND/ | TIME 11:45 P.M. | INAMTE GIVEN COPY OF MISCONDUCT REPORT Yes |

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN



730 East Walnut S...
Lebanon, Pennsylvania 1...
(717) 274-...
(717) 274-...
(717) 274-...

## STATEMENT OF MIRANDA RIGHTS

1.   You have the right to remain silent. _____✓ LS_____

2.   Anything you say can and will be used against you in a court of law. ___✓___LS___

3.   You have the right to talk to a lawyer and have him present with you while you are being questioned. ___✓___LS___

4.   If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish, at no cost. _____LS_____

5.   You can decide at any time to exercise these rights, and not answer any questions or make any statements. _____LS_____

## WAIVER OF RIGHTS

I have read the above statements of my rights and I understand each of those rights and having these rights in mind I waive them and willingly make a statement.

_____
                        Defendant

_____
                        Interpreter

WITNESSED BY:

_John R. Russell_____

_Perry J. Kennet_____

_Treatment / Security_____
        Department

Date: __4/9__, 200_

Time: ____1 46 pm____

# LEBANON COUNTY CORRECTIONAL FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Train  
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

---

DISCIPLINARY BOARD HEARING                    DATE: 11/1/00

NAME:    LEVI SLACK

OFFENSE:  Unauthorized Shower, Disoby. Dir. Ord, Being in Unauth Ar
Disrespt. to an Officer.

DATE OF OFFENSE: 10/30/00.          TIME OF OFFENSE:   10:05 A.M.

BOARD MEMBERS: CHAIRMAN: _John R. Russell_ John R. Russell

              MEMBER: _Dwight M Eisenhower_ C.O. Dwight Eisenhower

1. Miranda Rights read to LEVI SLACK          by JOHN R. RUSSELL

2. Misconduct Report read to LEVI SLACK        by JOHN R. RUSSELL

3. Comments of Inmate:        Mr. Slack came before the board and stated that
happened was due to being under stress and confusion on the part of knowing
shower procedures. He felt that since he had been released from quarantine
been told  previously "that tomorrow is your shower day" that he was ok
shower. He assumed that it was just like "upstate" when you come out of th
you can take a shower. He denies that he called the Officer "a bitch" but d
that he "apologized" to the Officer for disrespecting him!!

4. Witnesses Called:

            None

5. DECISION OF DISCIPLINARY BOARD:

    The board can accept the defense of not knowing the shower procedure how
there is not now; nor has there been any "excuse" for disrespect toward an o
therefore, Mr. Slack is sanctioned with fifteen (15) days lockup with a releas
of 11/14/00. He is further cautioned that any future misconducts will be for
to the institution from which he has come for them to consider as they see f

NOTE:  Decision of Disciplinary Board may be appealed to the Warden in writing.

**DEPARTMENT OF CORRECTIONS**
**Lebanon County, Pennsylvania**

▣ MISCONDUCT
▢ OTHER

| BLK. | CELL | INMATES NAME | TIME & DATE OF MISCONDUCT |
|------|------|--------------|---------------------------|
| 2 | 21 | Levi Slack | 10:05 AM   30 Oct. 2000 |

**PLACE OF MISCONDUCT**         Shower area Block 2

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES  (Check I or W )**

| BLK. | CELL | NAME | I | W | BLK. | CELL | NAME | I |
|------|------|------|---|---|------|------|------|---|
|  |  | Officer Troxell |  | x |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

**MISCONDUCT**
1. Unauthorized shower      2. Being in unauthorized area      3. Disobeying a
direct order    4. Disrespect toward an officer

**STAFF MEMBER'S VERSION**

At approximately 10:05 AM, Officer's Wetzel and Troxell observed Inmate Levi Slack taking
unauthorized shower in cell block 2.  Officer Wetzel proceeded into Block 2 and instructed
Mr. Slack to turn off the shower and vacate the shower area.  Mr. Slack claimed that he was
not aware that this was not his shower time.  It should be noted that Inmate Slack was
relocated to block 2 on Wednesday, October 25th and had at least one opportunity to shower
with this block. Officer Wetzel made several more verbal requests but they were ignored.
At this time Officer Wetzel turned to exit the block, at which time Mr. Slack poked his head
through the shower curtain and  shouting at Officer Wetzel said, "Hey you bitch, what the
fuck man you get paid the same if I get a shower or not". Central and sergeant control were
notified and a major was written.
It should be mentioned at this point that Inmate Slack spent another 8 - 10 minutes in the
shower.  Should he have merely wanted to rinse the soap off as he later stated was all he
wanted to accomplish it would not have taken an additional 10 minutes.  The fact is that
Mr. Slack was not only taking a shower but using the shower as his personal laundry area.
Inmate Slack will remain in his present location in Pre-Hearing confinement until his
case is reviewed by a D. B.

**IMMEDIATE ACTION TAKEN AND REASON**

1. Inmate observed in shower    2. Inmate told to leave shower area 3. Inmate ignored direct
order  4. Inmate verbally disrespects officer  5. Central & Sgt Control notified
6. Major written

| STAFF MEMBER REPORTING MISCONDUCT (Signature & Title) | SIGNATURE & TITLE OF RANKING OFFICER |
|---|---|
| _Officer Arthur Wetzel_ | _Sgt Gary Braidenstine_  Sergeant Gary Braidenstine |

DATE  10/30/00  /and/ TIME  3:00 pm   INMATE GIVEN COPY OF MISCONDUCT REPORT   Yes

INMATES PLEA:    Guilty ▢    /or/   Not Guilty ▢

NAME OF PATIENT: _Levi Slack_

NAME OF MEDICATION & DESCRIPTION: _Albuterol MDI_

REASON NEEDED: _asthma_

DIRECTIONS FOR USAGE: _# puffs Q1d PRN_

| ATE & TIME | NO. OF TABLETS DISPENSED | NO. REMAINING | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 10/27/00 | disp m 10/27 | | | |
| 13/30/00 | 12N | | | |
| 10/30/00 | 2 puffs @ 7p | | L Borgeson | |
| 11-9-00 | 2 puffs @ 9p | | L Borgeson | |
| 11-27-00 | 2 puffs @ 9p | | L Borgeson | |
| 1/29/00 | | | | released |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

NAME OF PATIENT: _____ Y si Slach _____
NAME OF MEDICATION & DESCRIPTION: _____ albuteral Inhaler _____
REASON NEEDED: _____ Breathing _____
DIRECTIONS FOR USAGE: _____ 2 puffs 4 X day as needed _____

| DATE & TIME | NO. OF TABLETS DISPENSED | NO. REMAINING | SIGNATURE | COMMENTS |
|---|---|---|---|---|
| 7/20/01 | 2 puffs @ 9P | | L Bergeson | |
| 3-1-01 | | 12P | L | |
| 3-9-01 | 12P 9P | | p | |
| 3/21/01 | | | B | |
| 3/29 | 6P | Needs to move to medical if deter | B | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

LEBANON COUNTY PRISON
LEBANON, PENNSYLVANIA

Name: _Lum Schad_

DOCTOR'S ORDER SHEET · Block: _____

| Date | Order | D/C Date |
|------|-------|----------|
| 10/25/0 | PE #2  4A  Had a *unreadable* um CH. *unreadable* for *unreadable* Can allergic state he doesn't eat meat *unreadable* family diet.  G Snyder | |
| 10/27/- | 14 P Campbell  AS ⊕ puffer or no *unreadable* | |
| 10/27/0 | Albuterol  MDI if puff  QID  prn | |
| 12-6-00 | Transfer Paper + Albuterol MDI pent c inmate to SCI Dallas on | |
| 2-14-01 | At Court today — No physical — *unreadable* | |
| 3/30/01 | requesting albuterol inhaler. Was *unreadable* to bring along from State Prison this time. Will start | |
| 3/18/01 | apparently had some out of *unreadable* earlier this pm & was told he'd see the nurse when she came in. Saw this pm. A+s he feels little. T-100 started Tylenol 1000g G 10 min to see old in pm  | |
| 3/30/01 | wants albuterol — started *unreadable* c another inmate on the way. I asked him if he wants his meds, he needs to come directly to the corner. He *unreadable* me until I have a *unreadable* on | |

LEBAN... ...OUNTY CORRECTIONAL FA...  ...Y
PHYSICAL EXAMINATION FORM

NAME _L... S...____ DATE __10/25/00__

RACE _____ SEX _M_ AGE _32_ LAST GRADE IN SCHOOL _11 + GED + 1yr coll._

## PAST MEDICAL HISTORY

Respiratory Disease _Asthma_          Heart Disease _f_
Kidney Disease _X_                    Rheumatic Fever _X_
G/I Disease _f_                       Skin Disease _f_
Pelvic Disease ____                   Venereal Disease _X_
Back Disorders _X_                    Seizures _f_
Diabetes _X_                          Hepatitis _f_
Pregnancies ____                      Fractures _hand_
Operations _UCP (Tonsil, Nasal)_     Hospitalizations _Samed Hursh, G. Uocham_
Tuberculosis _f_
Previous Positive Skin Test _X_   When/Where diagnosed _____
Treatment? (medication taken, where obtained, duration) _____
AIDS Symptoms _f_                     IV Drugs _X_
Sexual Preference _Indiw_             Blood Transfusion _X_
Previous HIV test _f_                 Street Drugs _pot  crank_
Tobacco _X_                           Alcohol _f_
Food/Drug Allergies _X_               Medications _Ventolin_
Physician _X_                         Dentist _____
Dental Problems _X_                   Dentures _f_      Partials ____
Glasses ____                          Contacts _Null_

To the best of my knowledge, the above information is true and correct.
Date: _10/25/00_                      Signature _X M. L. S... __

## PHYSICAL EXAMINATION

EENT _wnl_                            SKIN _wnl_
NECK _wnl_
CARDIAC _wnl_                         NEUROLOGIC _wnl_

RESPIRATORY _wnl_                     G/I _wnl_
                                      GENITALIA _wnl_
MUSCULO/SKELETAL _wnl_

DATE _10/27/__     SIGNATURE _____

BP _104/70_                           Height _5'10_
Pulse ____                            Weight _249_
Respirations ____

| Order - Date | |
|---|---|
| 10/27/00 | Albuterol mdi 2 puffs q.o. prn |

URINE AND LABORATORY REPORTS

| ☐ COMMITTMENT ☐ DIAGNOSTIC | ☐ COMMITTMENT ☐ DIAGNOSTIC | ☐ COMMITTMENT ☐ DIAGNOSTIC | ☐ COMMITTMENT ☐ DIAGNOSTIC |
|---|---|---|---|
| NAME: | NAME: | NAME: | NAME: |
| DATE: 10/25/ | DATE: | DATE: | DATE: |
| TIME: | TIME: | TIME: | TIME: |
| LEUKOCYTES | LEUKOCYTES | LEUKOCTES | LEUKOCYTES |
| PH  5 | PH | PH | PH |
| PROTEIN | PROTEIN | PROTEIN | PROTEIN |
| GLUCOSE | GLUCOSE | GLUCOSE | GLUCOSE |
| KETONES | KETONES | KETONES | KETONES |
| BILIRUBIN | BILIRUBIN | BILIRUBIN | BILIRUBIN |
| BLOOD | BLOOD | BLOOD | BLOOD |

7/91



# TRANSFER HEALTH INFORMATION

Receiving Facility: _Lebanon County_          Date of Transfer: _10/24/00_

|  | Yes | No | If Yes, Specify |
|---|---|---|---|
| Allergies/Drug Sensitivities |  | ✓ |  |
| Chronic/Acute Health Problems | ✓ |  | Asthma  Hx of gout |
| Current Medications (Name, Dosage, Frequency, Duration, Route) | ✓ |  | Albuterol MDI ††  puffs PO QID  (Keet inhaler onself) |
| Current Treatment Plan |  | ✓ |  |
| Follow-up Care Needed |  | ✓ |  |
| Significant Medical History | ✓ |  | Abdominal surgery 1986 |
| Restrictions (Dietary, Housing, Employment) | ✓ |  | No work around dust, woods or fumes.  No yard or farm work |
| Pending Specialty Referrals (Appointment Date) |  | ✓ |  |
| Physical Disabilities/Limitations |  | ✓ | See restrictions |
| Eyeglasses | ✓ |  | Contact lenses |
| Dentures |  | ✓ |  |
| Assistive Devices/Prosthetic |  | ✓ |  |
| Mental Health Problem |  | ✓ |  |
| History of Suicide Attempt |  | ✓ | Date of last attempt: |
| History of Psychotropic Medication |  | ✓ |  |
| History of Substance Abuse | ✓ | ✓ |  |
| Last PPD | Date: 9/26/00 | Result: ☒ Negative  ☐ Positive mm: | 00 mm |
| Last Chest x-ray | Date: 9/21/00 | Result: NAD |  |
| History of TB prophylaxis | Medication: N/A  Start Date: | Stop Date: |  |
| History of treatment for TB disease | Medication: N/A  Start Date: | Stop Date: |  |

_K BAJOREK RN Reek_          _10/23/00 1145_
Nurse Signature, Title          Date/Time

---

Transfer Health Information
Commonwealth of Pennsylvania
Department of Corrections
DC-487

Inmate Name: _Sleck, Levi_

Inmate Number: _EK 3256_

DOB: _1/26/68_

Facility: _SCIC_

## LEBANON COUNTY CORRECTIONAL FACILITY  INTAKE/CLASSIFICATION

Commitment Date: 2/13/2001

Name: Ledi Slack          Address: SCI Greene
Age: 33 Date of Birth: 1/26/68    Social Security Number: 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
Charge: Robbery (Here from SCI Greene for Court).
Sentence: 2 1/2-10Yrs  Minium: ?    .Maximum: ?
Detainer: Lebanon        Bail: NONE
Criminal History:(No prior record claimed__)  Is Currently serving a 2 1/2 Yr-10Yr sent
at SCI Greene for Robbery Charges.

1. Physical Condition:    Excellent____Good____Fair X Poor____
2. Mental Condition:      Excellent____Good X Fair____Poor____
3. Drug/Alcohol Dependence:    Yes X No____ Advised AA/NA: __x__
4. Education: High School Graduate: Yes____No X Year & School_____

       GED: Yes X No____    Advised GED:____
5. Vocational Training/Trade School: Yes____No X School Name:_____
A) Years Attended:____ B) Training Received:_____
C) College:Yes X No____ #of Years: 1 Sch./Major: HACC/Business Admin.

6. Military Service/Schooling:    Yes____No X Not Applicable____
A) Branch:_____ # of Years____ B) Disharge type:_____
C) M.O.S/Job:_____            D) Training:_____

Remarks: 1. X 2.____ 3.____ 4. x 5.____ 6.____
   11. Has Asthma. Uses an inhaler. Referred to Medical.
   41. GED Diploma received in 1987 at Lehigh County Prison.

Reccomadation for Housing: Special Need____G.P.____W.R.Trustee____Segregation__x_
Reason for Special Needs/Segregation:  .  Review for communicable diseases____ x
Other: Placed in quarentine lockup upon committment
Review:_____ Change Status:_____ Status to remain unchanged:_____
Reason:_____

_____          _____
Robert L. Raiger, Warden          Michael J. Gerrity, Deputy Warden

_____          _____ 2-14-200
John R. Russell, Deputy Warden, Treatment    Anthony Hauck, Assistant Counselor

S-S-A0-SCI

LEBANON COUNTY CORRECTIONAL FACILITY
PRETRIAL DETAINEE STRIP SEARCH FORM

SLACK, LEVI                                           2-13-01

NAME OF PRETRIAL DETAINEE                             DATE

OFFICER J. MILLER

NAME OF COMMITMENT OFFICER

IDENTIFY THE SPECIFIC FACTORS WHICH ESTABLISH REASONABLE SUSPICION THAT THE PRETRIAL DETAINEE POSSESS A WEAPON, EVIDENCE OF A CRIME, CONTROLLED SUBSTANCES, OR OTHER CONTRABAND.  CHECK ALL THE APPROPRIATE CATERGORIES AND EXPLAIN WHERE INDICATED.

A. THE APPEARANCE AND DEMEANOR OF THE DETAINEE:

XX
B. THE NATURE OF THE CRIMINAL CHARGES PENDING AGAINST DETAINEE:

XX
C. THE DETAINEE'S PRIOR CRIMINAL HISTORY (IF KNOWN):

D. DISCOVERIES FROM PRIOR SEARCHES AND ARRESTS OF DETAINEE:

E. DETAINEE'S CONDUCT DURING THE PERIOD OF CONFINEMENT:

F. DETAINEE'S KNOWN RELATIONSHIPS WITH OTHER INMATES/DETAINEES:

G. DETAINEE'S KNOWN HISTORY OF SUICIDE ATTEMPTS OR THREATS:

H. ANY OTHER REASONABLE SUSPICION BASED UPON SPECIFIC CIRCUMSTAN THAT LEADS THE CORRECTIONAL OFFICER TO SUSPECT THAT THE DETAI IS CONCEALING WEAPONS, EVIDENCE OF A SPECIFIC CRIME, CONTROLL SUBSTANCES, OR OTHER CONTRABAND.

I. DETAINEE DOES NOT EXHIBIT ANY FACTORS TO WARRANT A STRIP SEAR

MR SLACK IS

DESCRIBE IN DETAIL THE ABOVE CHECKED CATEGORIES:

CURRENTLY SERVING A SENTENCE IN SCI GREENE & IS IN LEBANON COUNTY CORRECTIONAL

FACILITY FOR SENTENCING ON ANOTHER CHARGE.

MICHAEL J. GERRITY
DEPUTY WARDEN
x OF OPERATIONS        2-15-01

x _Aldein J. Shepler_                 REVIEWED BY DEPUTY WARDEN  /  DATE
SEARCHING OFFICER'S SIGNATURE

x _Sgt. M. K._                        2-13-01          9:30PM
APPROVED BY: SHIFT COMMANDER/ OIC     DATE             TIME

LEBANON COUNTY CORRECTIONAL FACILITY
SENTENCE/COMMITMENT FORM

DEFENDANT: _Levi Slack Jr._  ACTION NO. _2000-10815_

OFFENSE: _Various_  (S)L OTN # _E 184832-4_

SENTENCING JUDGE: _R Ely  PJ_

SENTENCE: _CH#6 - Crim Consp. - $_

_CH#7 - Simp Asslt. - $_

_CH#8 - Crim Consp. - $_   _Continued_

_CH#9 - Theft by Unlaw Tking - $_

_CH#10 - Crim Consp. - $_

_Rest - $_   _Ernst Beltz_

SPECIAL CONDITIONS: _Rest - $_   _Health Assura_

RECOMMENDED FOR WORK RELEASE:   YES_____   /   NO_____

ACUTE MEDICIAL PROBLEMS:   YES_____   /   NO_____

DETAINERS:_____

DOMESTIC RELATIONS (PURGE AMOUNT):_____

HEARING DATE:_____

BAIL AMOUNT:_____

BENCH WARRANT:_____

OTHER REMARKS:_____

LEBANON COUNTY CORRECTIONAL FACILITY
SENTENCE/COMMITMENT FORM

DEFENDANT: _Levi Slonk, Jr._    ACTION NO. _2000-10815_
OFFENSE: _Various_    (S)L OTN # _E 184832-4_
    SENTENCING JUDGE _A Eby RJ_

SENTENCE: _Ct#1- Battery - $_

_Ct#2- Battery - $_

_Ct#3- Battery - $_

_Ct#4- Crim. Consp - $_    _Continued_

_Ct#5 - Agg. Assit - $_

SPECIAL CONDITIONS: _____

RECOMMENDED FOR WORK RELEASE:  YES_____  /  NO_____
ACUTE MEDICIAL PROBLEMS:  YES_____  /  NO_____
DETAINERS : _____
DOMESTIC RELATIONS (PURGE AMOUNT): _____
HEARING DATE: _____
BAIL AMOUNT: _____
BENCH WARRANT: _____
OTHER REMARKS : _____

_RJ_    , _2-21-2000_    _Michelle Chélati_

# LEBANON COUNTY CORRECTIONAL FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - O̳ ̲ ̲ations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

## PERMANENT DISCHARGE TO ANOTHER FACILITY

DISCHARGED BY: _Court Order_          DATE: 4/30/01   TIME: 7:60am

DISCHARGED TO: _S.C.I. Greene_

TRANSPORTING AUTHORITY: _Leb. Co. Sheriff's Dept_

TRANSPORTING OFFICER: X _Walter L Boyle_
(TRANSPORTING OFFICERS SIGNATURE)

RELEASING OFFICER: _____
(RELEASING OFFICERS SIGNATURE)

## PERMANENT DISCHARGE

DISCHARGED BY: _Court Order_          DATE: 4/30/01   TIME: 7:00am

BAIL: ____ FINES & COSTS PAID: ____ PAROLED: ____ CASE SETTLED: ____ RTN to SCI Greene: ✓

## FORWARDING ADDRESS UPON DISCHARGE

NAME: _____

STREET: _SCI Greene._

CITY: _____ STATE: _____

PHONE: _____

## COMMITMENT INFORMATION

SEARCHED BY: _Officer T Shepler_ RECEIVED BY: _Sgt J Santon_

I, THE UNDERSIGNED, DO HEREBY PERMIT AND ALLOW THE WARDEN OR HIS DESIGNEE, OF THE LEBANON COUNTY CORRECTIONAL FACILITY TO EXAMINE ALL OR ANY INCOMING AND OUTGOING MAIL MATTER ADDRESSED TO ME, FOR THE PURPOSE OF EXAMINING ONLY, DURING THE TERM OF MY SENTENCE IN SAID FACILITY.

WITNESS: X _Allan T Shepler_ SIGNED: X _____
(OFFICERS SIGNATURE)          (INMATES SIGNATURE)

FINGERPRINTED: _Prior on file_ PHOTOGRAPHED: _2-13-01_
(DATE & TIME)                  (DATE & TIME)

MADE INITIAL TELEPHONE CALL: _X_ ____ LOCKER #: _O-2_
(YES) (NO)

FORM 9/4/2000

# Inmate Commitment Summary Report

## LEBANON COUNTY PRISON

Date: 02/13/2001

Page 1 of 4

Last Name SLACK          Affix JR.

First Name LEVI

Middle Name

Birth Date 01/26/1968

Last Booking          33    Current Age 33

Sex Male

Race BLACK

Marital Status MARRIED

Admission Type HELD FOR TRIAL, HEARING, WITNESS

County Code LEBANON COUNTY

Committed By JUDGE JOHN TYLWALK

Reported By LEBANON COUNTY SHERIFF'S DEPT.

Arrested By

Height 5' 10"

Weight 260 POUNDS

Color BROWN

Color BLACK

Complexion MEDIUM

Build LARGE MUSCULAR FRAME

Shift 3

Date/Time 02/13/2001 21:28

Officer ID# MILLER, C.O. JASON

Social Security# 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

State ID# 171-73-58-8

County ID#

FBI#

Permanent ID# PI-05808

Booking# MMIP-0227

TID Number 553424

Property Number

NCIC Check Done No

NCIC Check Result

Fingerprint Record

Right Hand

Thumb --------------------- Pinky

Left Hand

Thumb --------------------- Pinky

Date: 02/13/2001

# Inmate Commitment Summary Report
## LEBANON COUNTY PRISON

nate's Legal Address
221 LEWIS ST.

SCI CAMPHILL

MINERSVILLE      State PA   Zip 17954-

(570)-544-5163

Spouse/Emergency Address/Information
Spouse Name ASHLEY SLACK-WIFE

Line 1 221 LEWIS ST.

Line 2

City MINERSVILLE      State PA   Zip 17954-

Spouse Phone (570)-544-5163

Emergency Contact If Different than Above BONNIE SLACK 273-4437

Citizen of UNITED STATES OF AMERICA        Employed No

Place of Birth ALLENTOWN,PA.                    Income       0

Gang NONE                                      #Dependants   2

Country of Birth USA

s License State

Religion RASTAFARIAN

Church             0

st Grade Completed   12

Graduate of              G.E.D.

Graduation Date 01/01/1987

nate Read English   Yes   Read Language   NONE

nate Write English   Yes   Write Language   NONE

# Inmate Commitment Summary Report

## LEBANON COUNTY PRISON

Date: 02/13/2001

Econ Status at Arrest UN

Fully Employed Job UNEMPLOYED

Last Job Position HACC-LEBANON

Last Salary

Job Skill Rating: PART TIME

Outside Debt Status CT. ORDERED FINES & COSTS

Special Skills NONE

d Vocation Objective NONE

rofessional Licenses NONE

nt Work Assignment NONE

Current Work Status UNAVAILABLE FOR EMPLOYMENT

Work Release Eligible?

Date Eligible 00/00/0000

Valid Drivers License? No

State of Issue

License#

Aptitude Results

Ever In Military? No

Service Branch

Service Start Date 00/00/0000

Service End Date 00/00/0000

Type of Discharge

ar Physician Name

Address Line 1

Address Line 2

State          Zip Code    -

Phone Number (   )-   -

Shift 3

Date 02/13/2001 21:46

Officer MILLER, C.O. JASON

Health Insurance Provider NONE

Provider Access Number NONE

pecial Concerns:

Physical Handicaps NONE

dical Alert Information NONE

| g Addict | Alcohol Addiction | Mental Illness |
|----------|-------------------|----------------|
| Yes      | No                | No             |

## Inmate Commitment Summary Report

### LEBANON COUNTY PRISON

Date: 02/13/2001

| | | Casenum | Grade | Degree |
|---|---|---|---|---|
| | | 00-10815 | | M |

| Date | Offense# | Offense Description | | | Sent. Date |
|---|---|---|---|---|---|
| | 35780-113A1 | MANUF ETC CONTROLLED SUBSTANCE | | | |

| Date | Maximum Date | Discharge Date | Effective Date | Offender Tracking# | Hearing Date | Disposition |
|---|---|---|---|---|---|---|
| | | | | | | UNSENT |

TYLWALK

ID Numbers on File:

| ID Code | ID Description | ID Number/Identifier |
|---|---|---|
| SC | SCAR(S) | STOMACH/STAB |
| SS | SOCIAL SECURITY NUMBER | 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 |
| SI | STATE IDENTIFICATION NUMBER | S.C.I.CAMPHILL #EK-3258 |
| SS | SOCIAL SECURITY NUMBER | UPPER LEFT ARM (SUN) |

LEBANON COUNTY PRISON

Property Receipt

Date:02/13/2001
Time:21:49

Inmate Information
Name:SLACK, LEVI  JR.
Booking#:MMIP-0227
    PCP#:PI-05606

Description
SCI UNIFORM

This is to certify that I have carefully inspected
the entire list of property and that I have no
other items in possession of the facility.
I further certify that I have no legal recourse
against the facility upon signing this certification
receipt.

--------------------------------
Defendant's Signature

--------------------------------
Witness Signature

TID _____
PIN _567187_

BLOCK _#2_

CELL _#21_

DATE _11-22-00_

Form LCCF 81889-8

LEBANON COUNTY CORRECTIONAL FACILITY
730 EAST WALNUT STREET
LEBANON, PENNA. 17042

INMATE REQUEST FORM

*Place on file when complete*

TO: _Sgt. Control_

FROM: _Mr. Lewis Slack_

REQUEST: _My Wife Ashley Slack will be coming to visit me on_
_Tuesday 11-28-00 & I have 2 white sweatshirts I would like to_
_release to her. Thank You!_

_M. L. Slack_
Inmate Signature

Reply: _During Business Hrs!_
_Sign → X Ashley Slack_

(Approved): _____    Date: _____

Disapproved: _____    Reason: _____

Staff Member answering Inmate Request: _ROBERT J. KARNES_
_CAPTAIN OF SECURITY_    _11/28/00_

LEBANON COUNTY CORRECTIONAL FACILITY
PRETRIAL DETAINEE STRIP SEARCH FORM

SLACK, LEVI JR.

10/24/2000

NAME OF PRETRIAL DETAINEE

DATE

OFFICER BURTON

NAME OF COMMITMENT OFFICER

IDENTIFY THE SPECIFIC FACTORS WHICH ESTABLISH REASONABLE SUSPICION THAT THE PRETRIAL DETAINEE POSSESS A WEAPON, EVIDENCE OF A CRIME, CONTROLLED SUBSTANCES, OR OTHER CONTRABAND. CHECK ALL THE APPROPRIATE CATERGORIES AND EXPLAIN WHERE INDICATED.

_____  A. THE APPEARANCE AND DEMEANOR OF THE DETAINEE:

_____  B. THE NATURE OF THE CRIMINAL CHARGES PENDING AGAINST DETAINEE:

__X____  C. THE DETAINEE'S PRIOR CRIMINAL HISTORY (IF KNOWN):

_____  D. DISCOVERIES FROM PRIOR SEARCHES AND ARRESTS OF DETAINEE:

__X____  E. DETAINEE'S CONDUCT DURING THE PERIOD OF CONFINEMENT:

_____  F. DETAINEE'S KNOWN RELATIONSHIPS WITH OTHER INMATES/DETAINEES:

_____  G. DETAINEE'S KNOWN HISTORY OF SUICIDE ATTEMPTS OR THREATS:

__X____  H. ANY OTHER REASONABLE SUSPICION BASED UPON SPECIFIC CIRCUMSTAN THAT LEADS THE CORRECTIONAL OFFICER TO SUSPECT THAT THE DETAI IS CONCEALING WEAPONS, EVIDENCE OF A SPECIFIC CRIME, CONTROLL SUBSTANCES, OR OTHER CONTRABAND.

_____  I. DETAINEE DOES NOT EXHIBIT ANY FACTORS TO WARRANT A STRIP SEAR

MR. SLACK

DESCRIBE IN DETAIL THE ABOVE CHECKED CATEGORIES:
WAS COMMITED TO L.C.C.F. TO APPEAR IN COURT ON DRUG RELATED CHARGES, MR. SLACK HAS I

IN THIS FACILITY IN THE PAST, AND WAS TRANSFERED TO THIS FACILITY FROM S.C.I. CAMPHILL.

_____

_____

_____

_____

X _____          MICHAEL GERRITY
SEARCHING OFFICER'S SIGNATURE       DEPUTY WARDEN
                                    OPERATIONS
                                    X _____  11-1-00
                                    REVIEWED BY DEPUTY WARDEN / DATE
X _____
APPROVED BY: SHIFT COMMANDER/ OIC   10/24/2000          1:35 PM
                                    DATE              TIME

LEBANON COUNTY CORRECTIONAL FACILITY  INTAKE/CLASSIFICATION

Commitment Date: _____ 10/24/00 _____

Name: Levi Slack _____   Address: 221 Lewis St., Minersville,Pa17954

Age: 32    Date of Birth: 1/26/68    Social Security Number: 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

Charge: _____ Mfg. , Poss., w/int. to delv. _____

Sentence: _____ n/a _____   Minium: _____ n/a _____   Maximum: _____ n/a _____

Detainer: _____ none _____   Bail: _____ none _____

Criminal History:(No prior record claimed ___ )
1999..Robbery...Easton,Pa--2.5-10 yrs

1. Physical Condition:      Excellent_____ Good_√_ Fair___ Poor___
2. Mental Condition:        Excellent_____ Good_√_ Fair___ Poor___
3. Drug/Alcohol Dependence:      Yes_√_ No_____   Advised AA/NA: _√_
4. Education: High School Graduate: Yes_____ No_√_ Year & School _____

      GED: Yes_√_ No_____      · Advised GED: _____
5. Vocational Training/Trade School: Yes_____ No_√_ School Name: _____
A) Years Attended:_____ B) Training Received: _____
C) College:Yes_____ No_√_ #of Years:_____ Sch.:Major: _____

6. Military Service/Schooling:      Yes_____ No_√_ Not Applicable_____
A) Branch:_____ # of Years_____ B) Disharge type: _____
C) M.O.S/Job: _____ D) Training: _____

Remarks: 1._____ 2._____ 3._____ 4._____ 5._____ 6._____

_____ 1/87...Lehigh Co. Prison...GED.... _____

Reccomadation for Housing: Special Need_____ G.P._____ W.R.Trustee_____ Segregation_√_
Reason for Special Needs/Segregation:   Review for communicable diseases_√___
Other: _____
Review:_____ Change Status:_____ Status to remain unchanged: _____
Reason: _____

_____          _____
Robert L. Raiger, Warden         Michael J. Gerrity, Deputy Warden

_____ 10/25/00 _____
John R. Russell, Deputy Warden, Treatment      Anthony Hauck, Assistant Counselor

# EPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN



730 East Walnu
Lebanon, Pennsylvania
(717) 27
(717) 27
(717) 27

## STATEMENT OF MIRANDA RIGHTS

1.  You have the right to remain silent.  LS

2.  Anything you say can and will be used against you in a
    court of law.  LS

3.  You have the right to talk to a lawyer and have him
    present with you while you are being questioned.  LS

4.  If you cannot afford to hire a lawyer, one will be appointed
    to represent you, before any questioning, if you wish,
    at no cost.  LS

5.  You can decide at any time to exercise these rights, and
    not answer any questions or make any statements.  LS

## WAIVER OF RIGHTS

I have read the above statements of my rights and I understand
each of those rights and having these rights in mind I waive
them and willingly make a statement.

_____
Defendant

_____
Interpreter

WITNESSED BY:

_John R. Russell_____

_Dwight M. Eisha_____

_____

_Treatment_____
Department

Date:  11/1          200

Time:  1 50   p M.

Inmate Commission Summary Report

## LEBANON COUNTY PRISON

Page 1 of 4

Today's Date: 10/24/2000

Shift 2

Date/Time 10/24/2000 11:25

Officer ID# BURTON,C.O. THOMAS

Last Name SLACK

First Name LEVI

Middle Name

Affix JR.

Birth Date 01/26/1968

Age at Booking          32    Current Age 32

Sex  Male

Race  BLACK

Social Security# 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

State ID#

County ID#

FBI#

Marital Status  MARRIED

Admission Type  HELD FOR TRIAL, HEARING, WITNESS

County Code  LEBANON COUNTY

Committed By  JUDGE ROBERT EBY

Transported By  LEBANON COUNTY SHERIFF'S DEPT.

Arrested By

Permanent ID# PI-05606

Booking# MMP-1481

TID Number 569187

Property Number

NCIC Check Done  No

NCIC Check Result

Height 5' 10"

Weight                            245 POUNDS

Eye Color BROWN

Hair Color BLACK

C   >lexion MEDIUM

Build LARGE MUSCULAR FRAME

Fingerprint Record

Right Hand

Thumb -------------------------- Pinky

Left Hand

Thumb -------------------------- Pinky

Today's Date: 10/24/2000

# LEBANON COUNTY PRISON

**Inmate's Legal Address**

Line 1 221 LEWIS ST.

Line 2

City MINERSVILLE          State PA   Zip  17954-

Phone# (570)-544-5163

**Spouse/Emergency Address/Information**

Spouse Name ASHLEY SLACK-WIFE

Line 1 221 LEWIS ST.

Line 2

City MINERSVILLE          State PA   Zip 17954-

Spouse Phone (570)-544-5163

Emergency Contact If Different than Above BONNIE SLACK 273-4437

Citizen of UNITED STATES OF AMERICA

Place of Birth ALLENTOWN,PA.

Gang NONE

Country of Birth USA

Drivers License State

Religion RASTAFARIAN

Church                     0

Highest Grade Completed          12

Graduate of               G.E.D.

Graduation Date 01/01/1987

Employed No

Income                0

#Dependants           0

Can Inmate Read English?   Yes    Read Language  NONE

Can Inmate Write English   Yes   Write Language  NONE

LEBANON COUNTY PRISON

Page 3 of 4

Today's Date: 10/24/2000

Econ Status at Arrest UN

Last Fully Employed Job UNEMPLOYED

Last Job Position HACC-LEBANON

Last Salary

Job Skill Rating: PART TIME

Outside Debt Status CT. ORDERED FINES & COSTS

Special Skills NONE

Stated Vocation Objective NONE

Professional Licenses NONE

Current Work Assignment NONE

Current Work Status UNAVAILABLE FOR EMPLOYMENT

Work Release Eligible?

Date Eligible 00/00/0000

Valid Drivers License? No

State of Issue

License#

Aptitude Results

Ever In Military? No

Service Branch

Service Start Date 00/00/0000

Service End Date 00/00/0000

Type of Discharge

Regular Physician Name NONE

Address Line 1

Address Line 2

City                State        Zip Code        -

Phone Number ( )-  -

Shift 2

Date 10/24/2000 12:26

Officer BURTON,C.O. THOMAS

Special Concerns:

Physical Handicaps NONE

Medical Alert Information NONE

Health Insurance Provider NONE

Provider Access Number

Drug Addict        Alcohol Addiction        Mental Illness
Yes                No                       No

# LEBANON COUNTY PRISON

**Today's Date:** 10/24/2000

| Offense Date | Offense# | Offense Description | | Casenum | Grade | Degree |
|---|---|---|---|---|---|---|
| | 35780-113A30 | MANUF/DEL/POSS/W INT MANUF OR DEL | | 2000-10815 | F | |

| Minimum Date | Maximum Date | Discharge Date | Effective Date | Offender Tracking# | Hearing Date | Disposition | Sent. Date |
|---|---|---|---|---|---|---|---|
| | | | | | | UNSENT | |

**Judge**    EBY

**Notes:**
UNSENT,DRUG RELATED,NO BAIL.

**Inmate ID Numbers on File:**

| ID Code | ID Description | ID Number/Identifier |
|---|---|---|
| SC | SCAR(S) | STOMACH/STAB |
| SS | SOCIAL SECURITY NUMBER | 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 |
| SI | STATE IDENTIFICATION NUMBER | S.C.I.CAMPHILL #EK-3258 |
| SS | SOCIAL SECURITY NUMBER | UPPER LEFT ARM (SUN) |

**LEBANON COUNTY CORRECTIONAL FACILITY**

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

<u>PERMANENT DISCHARGE TO ANOTHER FACILITY</u>

DISCHARGED BY: _____ DATE: _____ TIME: _____

DISCHARGED TO: _____

TRANSPORTING AUTHORITY: _____

TRANSPORTING OFFICER: X _____
(TRANSPORTING OFFICERS SIGNATURE)

RELEASING OFFICER: _____
(RELEASING OFFICERS SIGNATURE)

<u>PERMANENT DISCHARGE</u>

DISCHARGED BY: *Released to SCIC* DATE: *12/7/00* TIME: *7:30 ᵃ*

BAIL: _____ FINES & COSTS PAID: _____ PAROLED: _____ CASE SETTLED: _____

<u>FORWARDING ADDRESS UPON DISCHARGE</u>

NAME: *Levi Slack*

STREET: *Unknown*

CITY: _____ STATE: _____

PHONE: _____

<u>COMMITMENT INFORMATION</u>

SEARCHED BY: __Officer Burtomn__ RECEIVED BY: _Sgt. Clements_

I, THE UNDERSIGNED, DO HEREBY PERMIT AND ALLOW THE WARDEN OR HIS DESIGNEE, OF THE LEBANON COUNTY CORRECTIONAL FACILITY TO EXAMINE ALL OR ANY INCOMING AND OUTGOING MAIL MATTER ADDRESSED TO ME, FOR THE PURPOSE OF EXAMINING ONLY, DURING THE TERM OF MY SENTENCE IN SAID FACILITY.

WITNESS: X _____ SIGNED: X _____
(OFFICERS SIGNATURE)                (INMATES SIGNATURE)

FINGERPRINTED: _6/3/1999 on file_ PHOTOGRAPHED: _10/24/2000 1300 Hrs_
(DATE & TIME)                           (DATE & TIME)

MADE INITIAL TELEPHONE CALL: _____ _X_ LOCKER #: _Bagged_
(YES) (NO)

FORM 9/4/2000

LEBANON COUNTY CORRECTIONAL FACILITY
PRETRIAL DETAINEE STRIP SEARCH FORM

Slack, Levi                                                    3-30-99
NAME OF PRETRIAL DETAINEE                                      DATE

Condran, James M.
NAME OF COMMITMENT OFFICER


IDENTIFY THE SPECIFIC FACTORS WHICH ESTABLISH REASONABLE SUSPICION THAT
THE PRETRIAL DETAINEE POSSESS A WEAPON, EVIDENCE OF A CRIME, CONTROLLED
SUBSTANCES, OR OTHER CONTRABAND.  CHECK ALL THE APPROPRIATE CATERGORIES AND
EXPLAIN WHERE INDICATED.


___X___          A.  THE APPEARANCE AND DEMEANOR OF THE DETAINEE:

_____          B.  THE NATURE OF THE CRIMINAL CHARGES PENDING AGAINST DETAINEE:

_____          C.  THE DETAINEE'S PRIOR CRIMINAL HISTORY (IF KNOWN):

_____          D.  DISCOVERIES FROM PRIOR SEARCHES AND ARRESTS OF DETAINEE:

_____          E.  DETAINEE'S CONDUCT DURING THE PERIOD OF CONFINEMENT:

_____          F.  DETAINEE'S KNOWN RELATIONSHIPS WITH OTHER INMATES/DETAINEES:

_____          G.  DETAINEE'S KNOWN HISTORY OF SUICIDE ATTEMPTS OR THREATS:

_____          H.  ANY OTHER REASONABLE SUSPICION BASED UPON SPECIFIC CIRCUMSTANCES
                     THAT LEADS THE CORRECTIONAL OFFICER TO SUSPECT THAT THE DETAINEE
                     IS CONCEALING WEAPONS, EVIDENCE OF A SPECIFIC CRIME, CONTROLLED
                     SUBSTANCES, OR OTHER CONTRABAND.

_____          I.  DETAINEE DOES NOT EXHIBIT ANY FACTORS TO WARRANT A STRIP SEARCH

                     DESCRIBE IN DETAIL THE ABOVE CHECKED CATEGORIES:_____

Due to the detainee's attitude while in the holding cell waiting to be commited

I felt a strip search was warranted.

_____

_____

_____

_____


_James M Condran_                        MICHAEL GIDDTY
SEARCHING OFFICER'S SIGNATURE            DEPUTY WARDEN        4/8/99
                                         REVIEWED BY DEPUTY WARDEN / DATE

_Sgt. Clements_                          3-31-99              3:15 PM
APPROVED BY: SHIFT COMMANDER/ OIC        DATE                 TIME

LEBANON COUNTY CORRECTIONAL FACILITY   Commitment Date: 6-4-93.
INTAKE/CLASSIFICATION

**3**

NAME   Levi Stack                          ADDRESS   441 N. 13 Street Lebanon, Pa

AGE   25      D.O.B.   1-26-68      CRIME (OFFENSE)   State P.V. Tech Violation

MIN.   N/A          Summary Charges

SENTENCE   N/A                              DETAINER   P.V. State

MAX.   N/A

PAST CRIMINAL HISTORY: 1990....Lehigh Co. Consp to dely. Contraband. 1½-5years..

1987...Lehigh Co....Robbery..2-5 less one day..

1.  PHYSICAL CONDITION: EXCELLENT _____ GOOD _X_ FAIR _____ POOR _____

2.  MENTAL CONDITION: EXCELLENT _____ GOOD _X_ FAIR _____ POOR _____ MH/MR REFERRAL

3.  DRUG/ALCOHOL DEPENDENCE: YES _X_ NO _____   Coke/Marijuanna..Renissance.ins

4.  EDUCATIONAL NEEDS: H.S. GRAD. YES _____ NO _X_ G.E.D. YES _X_ NO _____ Lehigh

    TRADE SCHOOL YES _____ NO _X_ COLLEGE YES _____ NO _y_        Prison.'8'

    MILITARY SCHOOLING YES _____ NO _X_ OTHER SCHOOLING YES _____ NO _X_

    Advised of N.A. meetings.

RECOMMENDATION FOR HOUSING:  G.P. _____ MED. ISO. _X_ W.R./TRUSTY _____ SEGREGATION _____

    REASON FOR SEGREGATION: _____ Medical Review.

    REASON FOR MEDICAL ISOLATION: _____ Review for communicable Diseases.

REVIEW: _____ CHANGE STATUS: _X_ _____ STATUS TO REMAIN UNCHANGED:

    REASON: 6/07/93 - Cleared Quarantine, moved to G.P.

Robert L. Raiger            JUN 16 1993          M.J. Gerrity
ROBERT L. RAIGER, WARDEN                         MICHAEL J. GERRITY, DEPUTY WARDEN

John R. Russell , 6-4-93.
JOHN R. RUSSELL, INMATE SERVICES COUNSELOR      Michael K. Stuckey,
                                                Work Release Supervisor

FBPP-340 (10/88)

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

NOTICE OF CHARGES AND HEARING

Name _____ LEVI SLACK _____    Date __ June 4, 1993 __

Parole No. ___ 5504-T _____    Photo No. _____    PCP No. _____

You are charged with the following: <u>TECHNICAL PAROLE VIOLATIONS:</u>

<u>CONDITION #3c:</u>  Maintain regular contact with the parole supervision staff by notifying the parole supervision staff within 72 hours of any change in status, including, but not limited to, employment, on-the-job training, and education.

On 05-25-93 you were terminated from your job at Farmer's Pride in Fredericksburg, Pa.  You failed to notify parole supervision staff within 72 hours of losing your job.

<u>CONDITION #7:</u>  You shall comply with the following special conditions imposed by the Board and with special conditions imposed by the parole supervision staff:  "Curfew: You will be in your approved residence by 11:00 P.M. every night."

On several occasions you have violated curfew and been out of your residence after 11:00 P.M.

As a result, a _____ PRELIMINARY _____ hearing will be held.
Your rights for this hearing are indicated on the reverse side.

Hearing Date and Time: June 8, 1993

Public Defender:
400 S. 8th St.                                    9:45 A.M.
Lebanon, PA 17042
(717) 274-2801          Location:  Lebanon County Prison
Client
Warden Raiger
Hearing Examiner     J. R. Imboden
File                                             Signature

                        Parole Agent II

```
TO:              DISTRICT ATTORNEY
                 COUNTY DETECTIVES
                 ADULT PROBATION
                 BAIL ADMINISTRATOR
                 DOMESTIC RELATIONS
                 PUBLIC DEFENDER

FROM:            LEBANON COUNTY CORRECTIONAL FACILITY


COMMITMENT:      SLACK, LEVI

ADDRESS:         441 North 13th Street
                 Lebanon  PA   17042

DATE/TIME:       06/03/93 / 2:10 PM

CHARGE:          DETAINER - State  Parole Violation




BY:              Jeffrey Imboden/PA

BAIL:            No Bail
```

CHIEF CLERK

L-42-93

PSPP 142 (7-67)



COMMONWEALTH OF PENNSYLVANIA

BOARD OF PROBATION AND PAROLE

# ORDER TO DETAIN FOR FORTY-EIGHT HOURS

### Under the Act of April 23, 1909, P. L. 141

Date ___56/03/93___

To the Superintendent, Keeper or Warden of any Borough or Township or any City or County Prison in the Commonwealth of Pennsylvania:

By virtue of the authority delegated to me by the Pennsylvania Board of Probation and Parole, it is requested that you detain for 48 hours for violation of parole the person of ___LEVi SLACK___,

Parole No. ___5504-T___, until the prisoner can be disposed of by law.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

By:

_____
Parole Agent

LEBANON COUNTY PRISON
INDIVIDUAL COMMITMENT SUMMARY REPORT

INMATE COMMITMENT SUMMARY PAGE FOR:
LEVI  SLACK
PRISON IDENTIFICATION NUMBER:   93P-0459
PERMANANT IDENTIFICATION NUMBER: PI-1746

HOSPITALIZATION INSURANCE:
        INSURANCE NUMBER:

RESIDENCE AT TIME OF ARREST: 441 N. 13 ST.
                            LEBANON, PA 17042-
            PLACE OF BIRTH: ALLENTOWN PA


AGE:  25 DATE OF BIRTH: 01/25/68
WEIGHT: 200 HEIGHT: 5' 9"    EYE COLOR: BROWN    HAIR COLOR: BLACK
GENERAL BUILD: MMUSCULAR           COMPLEXION: DARK
RACE: BLACK
MARITAL STATUS: SINGLE
SEX: M NATIONALITY: USA    RELIGION: CHRISTIAN
READS ENGLISH (Y/N): Y WRITES ENGLISH (Y/N): Y
HIGHEST GRADE COMPLETED  11
MILITARY RECORD:
N/A

TRADE OR OCCUPATION: FARMS PRIDE
NEXT OF KIN: BONNIE SLACK
                            441 N. 13 ST.
                            LEBANON, PA 14042-
            PLACE OF BIRTH: ALLENTOWN PA


MEDICAL ALERT:
PHYSICAL HANDICAPS:

NUMBER OF PREVIOUS ARRESTS:    2
DATE OF COMMITMENT: 06/03/93 TIME OF COMMITMENT: 02:10 P.M.
COMMITMENT OFFICER: CHERNICH, EUGENE

AVAILABLE ID NUMBERS OR ALIASES:
        SOCIAL SECURITY NUMBER: 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
STATE PAROLE NUMBER

CHARGES ON FILE:
/03091    CONTROLLED SUBSTANCE, DRUG ACT - CRIMINAL CONSPIRACY (F)(M)   F

BLOCK NO. 4
CELL NO. 65

### LEBANON COUNTY CORRECTIONAL FACILITY
### STRIP SEARCH REPORT

DATE IN: 6-3-93          TIME IN: 2:10 P.M.        WEIGHT IN: _____

DATE OUT: 6/24/93        TIME OUT: _____         WEIGHT OUT: _____

INMATES NAME: SLACK, Levi

ADDRESS: _____

CASH RECEIVED FROM INMATE (AMOUNT): $87.35 _____ CHECK OR MONEY ORDER (AMOUNT): _____

ARTICLES PLACED IN SAFE: _____

ARTICLES PLACED IN ENVELOPE: _____

CLOTHING ON PERSON WHEN RECEIVED: CHECK ARTICLES OF CLOTHING AND INDICATE THEM IN STORAGE
ROOM BY MARKING "S.R.".

HAT: _____ OVERCOAT: _____ SWEATER: _____ TROUSERS: _____ SHIRTS: _____ SHOES: _____

UNDERWEAR: _____ T-SHIRTS: _____ DRESS: _____ SUIT CASE: _____ HANDBAG: _____

THE UNDERSIGNED INMATE AUTHORIZES THE
OPENING OF ALL MAIL.

_____
(INMATE NAME)

PRISON CLOTHING ISSUED WHILE CONFINED:

SHIRT ISSUED: 2        RETURNED: _____    MATTRESS: 1     RETURNED: _____

TROUSERS ISSUED: 1     RETURNED: _____    PILLOW CASE: 1  RETURNED: _____

SHOES ISSUED: _____    RETURNED: _____    PILLOW: _____   RETURNED: _____

BLANKET ISSUED: 1      RETURNED: _____    TOWEL: _  1     RETURNED: _____

SHEET ISSUED: 1        RETURNED: _____    HANDBOOK: _____ RETURNED: _____

JACKET ISSUED: _____   RETURNED: _____    LAUNDRY BAG: _____ RETURNED: _____

_____              _____
(RECEIVING OFFICER)                  (INMATE)

ARTICLES RECEIVED FROM OUTSIDE SOURCE:

| (DATE) | (ARTICLES) | (RECEIVING OFFICER) |
|--------|------------|---------------------|
|        |            |                     |
|        |            |                     |
|        |            |                     |
|        |            |                     |

ARTICLES TURNED OVER TO MEMBER OF FAMILY OR OTHERS LISTED BELOW:

| (DATE) | (ARTICLES) | (RECEIVING OFFICER) |
|--------|------------|---------------------|
|        |            |                     |
|        |            |                     |
|        |            |                     |
|        |            |                     |

TO BE FILLED OUT AND SIGNED UPON RELEASE:

I, THE ABOVE LISTED INMATE, HEREBY CERTIFY AND ACKNOWLEDGE THAT THERE HAS BEEN RETURNED TO ME
ON 6/24/93 _____ ALL PERSONAL PROPERTY AND CLOTHING.

_____              X _____
(RELEASING OFFICER)                  (INMATE)

ANON COUNTY CORRECTIONAL FACIL  Y
RECORD OF IN/OUT
LEBANON COUNTY, PENNSYLVANIA

### TEMPORARY DISCHARGE

DISCHARGE TYPE_____   DATE_____   TIME_____

TRANSFERRED TO:_____   TRANSFERRED BY:_____

TURNED OVER TO:_____   DISCHARGED BY:_____


DISCHARGE TYPE_____   DATE_____   TIME_____

TRANSFERRED TO:_____   TRANSFERRED BY:_____

TURNED OVER TO:_____   DISCHARGED BY:_____


DISCHARGE TYPE_____   DATE_____   TIME_____

TRANSFERRED TO:_____   TRANSFERRED BY:_____

TURNED OVER TO:_____   DISCHARGED BY:_____


DISCHARGE TYPE_____   DATE_____   TIME_____

TRANSFERRED TO:_____   TRANSFERRED BY:_____

TURNED OVER TO:_____   DISCHARGED BY:_____


### PERMANENT DISCHARGE

DISCHARGED BY: TRan SCIC          DATE: 6/24/93   TIME: 9:15 A

BAIL:_____   FINES & COSTS PAID:_____   PAROLED:_____   CASE SETTLED:_____


### COMMITMENT INFORMATION

SEARCHED BY: Sgt. Karnes          RECEIVED BY: Sgt Karnes

I, THE UNDERSIGNED, DO HEREBY PERMIT AND ALLOW THE WARDEN OR HIS DESIGNEE, OF THE
LEBANON COUNTY CORRECTIONAL FACILITY TO EXAMINE ALL OR ANY INCOMING AND OUTGOING MAIL
MATTER ADDRESSED TO ME, FOR THE PURPOSE OF EXAMINING ONLY, DURING THE TERM OF MY
SENTENCE IN SAID PRISON.

WITNESS: _____   SIGNED: _____
                (STAFF)                              (INMATE)

FINGERPRINTED: 6-3-93          PHOTOGRAPHED: 6-3-93
              DATE & TIME                    DATE & TIME

MADE INITIAL TELEPHONE CALL: X          LOCKER #: 148
                            YES    NO

LCCF102291

**LEBANON COUNTY CORRECTIONAL FACILITY**

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Corrections
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

125

## DISCIPLINARY BOARD HEARING            DATE: 4/9/01

NAME:  LEVI SLACK

OFFENSE:  MAKING UNSANITARY CONDITIONS, TRASHING DAYROOM FLOOR

DATE OF OFFENSE: 4/4/01          TIME OF OFFENSE: 10:20 P.M.

BOARD MEMBERS: CHAIRMAN: JOHN R. RUSSELL

MEMBER: Perry Gernert

1. Miranda Rights read to  LEVI SLACK          by JOHN R. RUSSELL

2. Misconduct Report read to  LEVI SLACK        by JOHN R. RUSSELL

3. <u>Comments of Inmate:</u>  Mr. Slack came before the board and did admit that [he] dumped his trash outside his cell due to being frustrated at attempting to spea[k] an Officer regarding a question that he had. He went on to say that he was gett[ing] "stircrazy" from lack of physical exercise and being "locked-down" almost const[antly]. He went on to state that while upstate he would be able to exercise 2-3 times d[aily] and have a job to occupy his mind; while here it was all "deadtime". He went on [to] say that he had the trash pushed in fron of his cell and that he cleaned it up [and] apologized to Officer LaFountain for acting so "stupid".

4. <u>Witnesses Called:</u>  NONE REQUESTED.

5. <u>DECISION OF DISCIPLINARY BOARD:</u>  The board can empathize with Mr. Slac[k's] dilemma; however; throwing out trash does not solve the problem. He is therefor[e] removed from Administrative lockdown and placed on disciplinary lockdown for a fifteen day period which will end  on 4/19/01.

NOTE:  Decision of Disciplinary Board may be appealed to the Warden in writing.

## DEPARTMENT OF CORRECTIONS
### LEBANON, COUNTY, PENNSYLVANIA

| XXX | MISCONDUCT | | |
|-----|-----------|---|---|
| | OTHER | | |

| BLOCK | CELL | INMATE'S NAME | TIME AND DATE OF MISCONDUCT |
|-------|------|---------------|------------------------------|
| 4 | 69 | SLACK, LEVI | APPROX 10:20 P.M. 4/4/01 |

PLACE OF MISCONDUCT: Cell 4/69 & Dayroom Floor

OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR P)

| BLOCK | CELL | NAME | I | W | BLOCK | CELL | NAME |
|-------|------|------|---|---|-------|------|------|
| | | Officer Robert Weise | | X | | | |
| | | Officer Josh Yeagly | | X | | | |
| | | | | | | | |

### MISCONDUCT

1. Trashing Dayroom Floor
2. Making an Unsanitary Condition

### STAFF MEMBER'S VERSION

At Approximately 10:10 P.M. on the above date inmate Levi Slack was motioning and yelling from his cell. Officer Josh Yeagly recognized inmate Slack and went to the sta[tion] window flap to hear what he was yelling about, at this time C.O. Yeagly could hear inm[ate] Slack yelling that he wanted to talk to a C.O.. Officer LaFountain then informed C.O. Yeagly that the Officers perform regular block checks and they would speak to him duri[ng] a check.

Approximately 5 Minutes later inmate John Andrews who is housed on a dayroom bunk approached the station window flap and stated that inmate Slack wanted to be released f[rom] his cell so he could empty his trash. Inmate Andrews was informed that it was well pass[ed] lock-down and inmate slack would not be let out of his cell and that he could tell him [that]. Inmate Andrews then informed inmate Slack that he would not be released and inmate slack then began to throw his trash out on to the dayroom floor creating an unsanitary condit[ion]

At Approximately 10:20 P.M. Sgt. Control was notified of Slack's actions and a Maj[or] Misconduct was ordered. It Should be noted that Inmate Slack received 2 Hours of Block-[out] from 7:00 P.M. to 9:00 P.M. on this evening and did not feel the need to releive hims[elf] of this apparent trash emergency during his 120 minutes of regularly scheduled block-ou[t]

### IMMEDIATE ACTION TAKEN AND REASON

1.) Inmate Slack was motioning to the Station
2.) Inmate Andrews approached the station and said Slack wanted out to empty trash
3.) Inmate Slack was denied his request and began to trash the dayroom floor.
4.) Major Misconduct Ordered, Slack Placed in Pre-hearing confinement.

| STAFF MEMBER REPORTING MISCONDUCT | SIGNATURE AND TITLE OF RANKING OFFICER |
|-----------------------------------|----------------------------------------|
| *Officer Terence W. LaFountain* (signature) | *Sgt. Gary Breidenstine* (signature) |
| Officer Terence W. LaFountain | Sgt. Gary Breidenstine |

| DATE 04/04/01 | /AND/ | TIME 11:45 P.M. | INAMTE GIVEN COPY OF MISCONDUCT REPORT  yes |
|---------------|-------|-----------------|----------------------------------------------|

| INMATE'S PLEA: | GUILTY | | | /OR/ | NOT GUILTY | |
|----------------|--------|---|---|------|-----------|---|

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN



730 East Walnut St
Lebanon, Pennsylvania 17
(717) 274-5
(717) 274-5
(717) 274-5

## STATEMENT OF MIRANDA RIGHTS

1.  You have the right to remain silent. _____ ✓ LS

2.  Anything you say can and will be used against you in a
    court of law. _____ ✓ LS

3.  You have the right to talk to a lawyer and have him ✓ LS
    present with you while you are being questioned. _____

4.  If you cannot afford to hire a lawyer, one will be appointed
    to represent you before any questioning, if you wish,
    at no cost. _____ LS

5.  You can decide at any time to exercise these rights, and
    not answer any questions or make any statements. _____ LS

## WAIVER OF RIGHTS

I have read the above statements of my rights and I understand
each of those rights and having these rights in mind I waive
them and willingly make a statement.

_____
Defendant

_____
Interpreter

WITNESSED BY:

_____

_____

Date: __4 / 9__ , 2001

Time: _____ 1 46 PM

_____
Treatment / Security
Department

```
DC-7X                                     |
       TEMPORARY TRANSFER INFORMATION     |    COMMONWEALTH OF PENNSYLVANIA
       ------------------------------     |
THIS FORM IS TO BE FORWARDED TO AUTHORITIES |    DEPARTMENT OF CORRECTIONS
ACCEPTING TEMPORARY CUSTODY OF THE INMATE. |
-------------------------------------------------------------------------------
TO:                                       | FROM:
LEBANON COUNTY                            | SCI-GREENE
                                          | (SEE INSTRUCTIONS BELOW)
-------------------------------------------------------------------------------
DOC #       EK3258                                         |  PROBLEM
NAME:       SLACK, LEVI  JR                                |  AREAS

HOME ADDRESS: 221 LEWIS ST.       | DOB:    1/26/1968      | ALCOHOL:
                                  |                        |   DRUGS: V
              MINERSVILLE     PA  | BILL & TERM NUMBER:    | SEXUAL: V
                        17954     |   2944        1999     | ASSAULT: V
                                  |                        |   ESCAPE: V
              MINIMUM             | MAXIMUM                | SUICIDE:
              -----------------   | --------------------   |  PSYCH:
SENTENCE:     0 YR   30 MO   0 DA |   0 YR  120 MO   0 DA  |------------
                                  |
EXPIR. DATE:  10/07/2002          |   4/08/2010

CHARGE:       ROBBERY (GENERAL)
```

DETAINER(S): PLEASE BE ADVISED THAT THIS INMATE IS SUBJECT TO LAWFUL COMMITMENT
TO THE PA DOC, TO WHICH HE/SHE HAS NOT YET BEEN DISCHARGED. THIS INDIVIDUAL IS
TO BE RETURNED TO THE CUSTODY OF THE PA DOC UPON COMPLETION OF THIS TEMPORARY
TRANSFER.
-------------------------------------------------------------------------------
THE ABOVE NAMED INMATE IS BEING TRANSFERRED ON  2/13/2001 FOR THE PURPOSE OF:
SENTENCING
-------------------------------------------------------------------------------
TO ASSIST IN SUPERVISING THIS INMATE WHILE IN YOUR CUSTODY, THE FOLLOWING
INFORMATION IS FURNISHED:
    CUSTODIAL CLASSIFICATION:
       CUSTODY LEVEL:  3    INMATE TO BE RETURNED TO SCI-GREENE.
       CUSTODY PROGRAMS


    SPECIAL PROBLEMS:
     IF ANY PROBLEMS, PLEASE CONTACT SCI-GREENE AT 724-852-2902.


    SEPARATE FROM:
       BP8415 KRATZER, ROBERT S        BZ2363 SIMMONS, RANDOLPH LEE


    RECOMMENDATIONS:
       RECOMMEND TIGHT SECURITY - DO NOT RELEASE INMATE WITHOUT PERMISSION.

-------------------------------------------------------------------------------
                              TINA FRIDAY
DATE: 02/12/2001  SIGNATURE:  _Tina Friday_              TITLE: RS1
-------------------------------------------------------------------------------
INSTRUCTIONS:  THIS FORM IS TO BE GIVEN TO THE OFFICERS ASSUMING CUSTODY OF
               INMATE FOR DELIVERY TO THE COGNIZANT AUTHORITY.  PREPARE IN
               DUPLICATE.  RETAIN COPY FOR RECORD JACKET.
```

DEFENDANT'S
EXHIBIT
B

```
Pa Dept. of Corrections        Inmate Records System        Run:    YR051PRG
Bureau of Data Processi.       Classification Summary        Date:   2/12/2001
Time: 11:49                      ** Confidential **          Page       1
===============================================================================
Initial ( )    Parole Violator ( )   Continuation ( )   Update ( )
-------------------------------------------------------------------------------
DOC #  | SID #    | PBPP #  | Name                        | Institution
EK3258 |1717358 8| 5540T   | SLACK, LEVI  JR             | GRN
```

| Race    | Sex       | Date of Birth |
|---------|-----------|---------------|
| BLACK   | MALE      | 1/26/1968     |

| Height      | Weight    | Eyes  |
|-------------|-----------|-------|
| 5 ft 10 in  | 260 lbs   | BLACK |

| Complexion | Build  | Marital Status |
|------------|--------|----------------|
| DARK       | MEDIUM | MARRIED        |

| SSN #        | Religion |
|--------------|----------|
| 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  | OTHER    |

| Custody Level | Program Codes |
|---------------|---------------|
| 3             |               |

**Inmate Number:**  EK3258

**Name:**  LEVI SLACK

**Photo Date:**  01 / 18 / 2001

| Problem Area: |              | Assault: V   |
|---------------|--------------|--------------|
| Alcohol: __   |              | Escape: V    |
| Drugs: V      |              | Suicide: __  |
| Sexual: V     |     .        | Psychiatric: __ |
| V=Verified    | NV=Not Verified |          |

```
                          Recomputed Max Date:        NONE FOUND
             Factored Sentences         Expiration Date
      Minimum:  2 Y   5 M   29 D          10/07/2002
      Maximum: 10 Y   0 M   0 D            4/08/2010
ROBBERY (GENERAL)

-------------------------------------------------------------------------------
Priors: (UNK) yes/no    Detainers: (YES) yes/no   More Sentences: (UNK) YES/NO
-------------------------------------------------------------------------------
Legal Address:                        | Notify: ASHLEY SLACK
            221 LEWIS ST.             |         221 LEWIS ST.
                                      |
            MINERSVILLE   PA 17954    |         MINERSVILLE    PA 17954
-------------------------------------------------------------------------------
Scars, Marks, Tatoos:
TATTOOS:  L/BICEP: SUN/W "SHE MECCA".
SCARS:   SURGICAL SCAR ON ABDOMEN.


-------------------------------------------------------------------------------
Alias:
STACK, LEVI - AKA
SLACK, RIGHTEOUS - AKA                     More Alias on File: (NO ) yes/no
-------------------------------------------------------------------------------
Assault Escape:
Sex Offense ( )         Victim Killed ( )         Escape/Attempt ( )
Serious/Assault ( )        Violated Probation/Parole/Bail ( )
-------------------------------------------------------------------------------
Separations: (YES) yes/no    Misconducts:(YES) yes/no    STG:(NO ) yes/no
-------------------------------------------------------------------------------
```

```
PA DEPT. OF CORRECTIONS         INMATE RECORDS SYSTEM        RUN:     YR101PRG
BUREAU OF DATA PROCESSING          JACKET REPORT            DATE:    2/12/2001
REMOTE PRINT TIME 11:49        PERSONAL/IDENTIFICATION      PAGE:     1.00.00
================================================================================
COMMITMENT NAME: SLACK LEVI  JR
INMATE NUMBER: EK3258   STATE ID NUMBER: 1717358 8  PAROLE BOARD NUMBER: 5540T
PREVIOUS INMATE NUMBER:         FBI NUMBER: 289370FA7
PHILADELPHIA PHOTO NUMBER:          PITTSBURGH PHOTO NUMBER:


PERMANENT LOCATION: GREENE
TEMPORARY LOCATION:

            RACE: BLACK          SEX: MALE         BIRTH DATE:  1/26/1968
ETHNIC IDENTITY: OTHER
 MARITAL STATUS: MARRIED    CITIZENSHIP: UNITED STATES OF AMERICA
       RELIGION: OTHER


IN EMERGENCY,
NOTIFY -     NAME: ASHLEY SLACK        RELATION: WIFE    PHONE: 570 544-5163
    ADDRESS: 221 LEWIS ST.                MINERSVILLE    PA  17954

LEGAL ADDR: 221 LEWIS ST.                   MINERSVILLE    PA  17954

PLACE OF BIRTH - CITY: ALLENTOWN       STATE: PENNSYLVANIA
            COUNTRY: UNITED STATES OF AMERICA

SOCIAL SECURITY NUMBER(S): 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            ADDITIONAL SSN'S: NO

OCCUPATION - CODE:
           TITLE:

U. S. MILITARY VETERAN: NO   DURING VIETNAM ERA: NO

COMMITMENT TIME & DATE: 12:55   8/20/2000

OTHER NAMES: STACK          LEVI                     ALSO KNOWN AS
             SLACK          RIGHTEOUS                ALSO KNOWN AS
```

```
PA DEPT. OF CORRECTIONS          INMATE RECORDS SYSTEM        RUN:    YR101PRG
BUREAU OF DATA PROCESSING             JACKET REPORT          DATE:   2/12/2001
REMOTE PRINT TIME 11:49         SENTENCE INFORMATION         PAGE:     2.01.00
==============================================================================
INMATE NUMBER: EK3258  NAME: SLACK LEVI  JR

CONTINUED FROM INMATE NUMBER:            ADDITIONAL SENTENCE(S)/DETAINER(S): YES

SENTENCE STATUS: ACTIVELY SERVING           STATUS DATE:  1/18/2001
   PAROLE STATUS: NOT APPLICABLE            STATUS DATE:  9/20/2000

MINIMUM OFFENSE: CC3701   ROBBERY (GENERAL)
MAXIMUM OFFENSE: CC3701   ROBBERY (GENERAL)

                          CONTROLLING MINIMUM          CONTROLLING MAXIMUM
                          -------------------          -------------------
         CLASS OF SENTENCE: INDETERMINATE              INDETERMINATE
   SEXUAL VIOLENT PREDATOR: UNK                        UNK
       SENTENCING COUNTY: NORTHAMPTON                  NORTHAMPTON
        INDICTMENT NUMBER: 2944                        2944
          TERM OF COURT: 1999                          1999
         TYPE OF SENTENCE: STATE                       STATE
STATE (TRANSFER TO/FROM):
                    JUDGE: FREEDBERG R A               FREEDBERG R A
  OFFENSE TRACKING NUMBER: F2175670                    F2175670
   GUILTY BUT MENTALLY ILL:
            SENTENCE DATE:  5/05/2000                   5/05/2000
      SENTENCE START DATE:  6/20/2000                   6/20/2000
       COMMITMENT CREDIT:    0 YRS   0 MOS  73 DAYS      0 YRS   0 MOS  73 DAYS
           EFFECTIVE DATE:  4/08/2000                   4/08/2000
          COURT SENTENCE:    0 YRS  30 MOS   0 DAYS      0 YRS 120 MOS   0 DAYS
                            LESS  1 DAYS
       FACTORED SENTENCE:    2 YRS   5 MOS  29 DAYS     10 YRS   0 MOS   0 DAYS
          APPLY EARN TIME: NO                           NOT APPLICABLE
        MAXIMUM EARN TIME:                    0 DAYS    NOT APPLICABLE
        REVOKED EARN TIME:                    0 DAYS    NOT APPLICABLE
               BAIL TIME:    0 YRS   0 MOS   0 DAYS      0 YRS   0 MOS   0 DAYS
             ESCAPE TIME:    0 YRS   0 MOS   0 DAYS      0 YRS   0 MOS   0 DAYS
  SENT. INTERRUPTION TIME:    0 YRS   0 MOS   0 DAYS      0 YRS   0 MOS   0 DAYS
          EXPIRATION DATE: 10/07/2002                   4/08/2010
  PV RECOMPUTED MAX DATE:                              NOT AVAILABLE

REMARKS:                                     COMPUTER CALCULATED: YES
PER COURT COMMITMENT ORDER SENTENCE IS CONSECUTIVE TO ANY SENTENCE NOW SERVING.
INMATE WAS SERVING A LEHIGH CO SENTENCED ON 12-20-99 EFF 12-3-99 AND PAROLED
ON 6-20-00. HENCE THE EFFECTIVE DATE OF CP2944;99 IS 6-20-00 LESS CREDIT FROM
9-22-99 TO EFFECTIVE DATE OF LEHIGH CO SENTENCE OF 12-3-99.

SENTENCE CHANGE TYPE:              CHANGE DATE:
SENTENCE CHANGE BASIS:
```

```
PA DEPT. OF CORRECTIONS        INMATE RECORDS SYSTEM         RUN:     YR101PRG
BUREAU OF DATA PROCESSING          JACKET REPORT            DATE:    2/12/2001
REMOTE PRINT TIME 11:49            TIME PERIODS             PAGE:    2.01.
=============================================================================
INMATE NUMBER: EK3258  NAME: SLACK LEVI  JR

       TYPE OF                                             APPLY TO:
     TIME PERIOD        FROM         TO        YRS MOS DAYS  MIN MAX
    ---------------   ----------   ----------  --- --- ----  --- ---
    COMMIT. CREDIT    9/22/1999  12/03/1999 OR          73  YES YES
                              ***  END OF DATA  ***
```

```
PA DEPT. OF CORRECTIONS        INMATE RECORDS SYSTEM      RUN:    YR101PRG
BUREAU OF DATA PROCESSING          JACKET REPORT          DATE:  2/12/2001
REMOTE PRINT TIME 11:49         PAROLE VIOLATION(S)        PAGE:    3.01.00
==============================================================================
INMATE EK3258 NOT CURRENTLY PAROLE VIOLATOR
```

```
PA DEPT. OF CORRECTIONS          SEPARATIONS SYSTEM          RUN    ER321RPT
COMPUTER SERVICES DIVIS  N        SEPARATION LISTING         DATE   2/12/2001
REMOTE PRINT TIME 13:22              ALL NAMES               PAGE        1


ID NUMBER(S)    NAME                                         LOCATION
------------    ----------------------------------------    -----------------
EK3258          SLACK, LEVI    JR                            GREENE
                STACK, LEVI                                  CURRENT
                SLACK, RIGHTEOUS


SEPARATE FROM:  ENTERED BY: Hoff, Angie            ENTRY DATE:  9/24/1991
BP8415              KRATZER, ROBERT S                        MAHANOY
                    KRATZER, ROBERT S                        LAST DOC
REASON FOR SEPARATION:
KRATZER WAS ASSAULTED BY SLACK IN THE COUNTY PRISON.  KRATZER RECEIVED
FRACTURED FACIAL BONES AND A BRUISED KNEE.


AND ALSO FROM:  ENTERED BY: Hoff, Angie            ENTRY DATE:  1/12/1994
BZ2363              SIMMONS, RANDOLPH L                      GRATERFORD
                    SIMMONS, RANDOLPH L                      CURRENT
                    JOHNSON, MARK L
                    INGRAM, SHAWN
                    BROWN, ROBERT L
                    INSRAM, SHAWN
                    JACKSON, KEVIN
                    DUNN, TASHON
                    WALTERS, RICHARD
                    MOORE, JEFFREY
REASON FOR SEPARATION:
SLACK ASSAULTED SIMMONS BREAKING SIMMONS' JAW ON 10/4/93.  CRIMINAL CHARGES
ARE PENDING.



        *LAST PAGE*
```

```
                                           |
            BODY RECEIPT                    |   COMMONWEALTH OF PENNSYLVANIA
                                           |
                                           |   DEPARTMENT OF CORRECTIONS
                                           |
---------------------------------------------------------------------------
 RECEIPT DATE | RECEIPT TIME | INSTITUTION
   2/13/2001  |    13:40     |
---------------------------------------------------------------------------
 RECEIVED FROM        | TITLE                    | AGENCY
 CONNER BLAINE, JR.   | SUPERINTENDENT           | SCI-GREENE
                      |                          |
---------------------------------------------------------------------------
 INMATE                                                SENT CUST  PGM
 NUMBER INMATE NAME                        RACE    SEX STAT LVL  CODES
 ------ ----------                         ----    --- ---- ---  -----
 EK3258 SLACK, LEVI  JR                    BLACK    M   AS   3
```



| Inmate Number: | EK3258 |
| Name: | LEVI SLACK |
| Photo Date: | 01 / 18 / 2001 |

*NO CASH UPON RETURN Checks only*

```
------------------------------------------------------------------------------
 |_| TO DETAINER       |_| CONFINEMENT PAPERS    |_| RA | |_| OTHER (SPECIFY)
                                                        |
 |X| COURT WRIT-ATA    |X| 7X GIVEN TO SHERIFF          |
                                                        |
------------------------------------------------------------------------------
 RECEIVED BY              TITLE                  | AGENCY
                                                | LEBANON COUNTY
```

```
PA DEPT. OF CORRECTIONS          MISCONDUCT TRACKING SY. _M      RUN:   DR017RPT
COMPUTER SERVICES                     CONDUCT RECORD             DATE:  2/12/2001
REMOTE PRINT TIME 13:22      CONDUCT VIOLATION AND DISPOSITION   PAGE:  1
                               FROM  8/04/1997 TO  2/12/2001
================================================================================
INMATE NUMBER:  EK3258                       INMATE NAME:  SLACK

LOC: HUN    MISCONDUCT DATE: 09/19/1997   MISCONDUCT NUMBER: 0963756
            CHARGES & DISPOSITION
            D  26  LYING TO AN EMPLOYE                    GUILTY
            E  34  POSS. OF ANY ITEM NOT MENTIONED IN I   GUILTY

            SANCTIONS IMPOSED
            CELL RESTRICTION               9/23/1997   15 DAYS
            CONFISCATION OF CONTRABAND

LOC: HUN    MISCONDUCT DATE: 10/03/1997   MISCONDUCT NUMBER: 0934931
            CHARGES & DISPOSITION
            B  07  REFUSING TO OBEY AN ORDER             GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY          10/03/1997   30 DAYS

LOC: HUN    MISCONDUCT DATE: 12/04/1997   MISCONDUCT NUMBER: 0934963
            CHARGES & DISPOSITION
            B  07  REFUSING TO OBEY AN ORDER             GUILTY
            E  31  TAKING UNAUTHORIZED FOOD FROM DINING  GUILTY

            SANCTIONS IMPOSED
            CELL RESTRICTION              12/09/1997   30 DAYS
            CONFISCATION OF CONTRABAND

LOC: HUN    MISCONDUCT DATE: 12/20/1997   MISCONDUCT NUMBER: 0222627
            CHARGES & DISPOSITION
            *** CHARGES DISMISSED/NOT GUILTY BY HEARING

LOC: HUN    MISCONDUCT DATE: 01/30/1998   MISCONDUCT NUMBER: 0957249
            CHARGES & DISPOSITION
            B  09  POSSESSION OR USE OF DANGEROUS SUBSTANCE GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY           2/02/1998   90 DAYS

LOC: HUN    MISCONDUCT DATE: 04/27/1998   MISCONDUCT NUMBER: 0817086
            CHARGES & DISPOSITION
            B  07  REFUSING TO OBEY AN ORDER             GUILTY

            SANCTIONS IMPOSED
            DISCIPLINARY CUSTODY           4/28/1998   15 DAYS CONSEC to 0957249

LOC: HUN    MISCONDUCT DATE: 04/28/1998   MISCONDUCT NUMBER: 0817089
            CHARGES & DISPOSITION
            *** CHARGES DISMISSED/NOT GUILTY BY HEARING
```


DEFENDANT'S
EXHIBIT
C

```
PA DEPT. OF CORRECTIONS        MISCONDUCT TRACKING SYSTEM       RUN:   DR017RPT
COMPUTER SERVICES                    CONDUCT RECORD              DATE:  2/12/2001
REMOTE PRINT TIME 13:22        CONDUCT VIOLATION AND DISPOSITION PAGE:  2
                                 FROM  8/04/1997 TO  2/12/2001
=================================================================================
INMATE NUMBER:  EK3258                      INMATE NAME:  SLACK

LOC: HUN    MISCONDUCT DATE: 06/09/1998    MISCONDUCT NUMBER: 0955072
       CHARGES & DISPOSITION
       B  07  REFUSING TO OBEY AN ORDER                 GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             7/09/1998   60 DAYS CONSEC to 0992190

LOC: HUN    MISCONDUCT DATE: 06/09/1998    MISCONDUCT NUMBER: 0992190
       CHARGES & DISPOSITION
       C  22  USING ABUSIVE/OBSCENE LANGUAGE            GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             6/09/1998   30 DAYS

LOC: HUN    MISCONDUCT DATE: 06/10/1998    MISCONDUCT NUMBER: 0955073
       CHARGES & DISPOSITION
       B  07  REFUSING TO OBEY AN ORDER                 GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             9/07/1998   45 DAYS CONSEC to 0955072

LOC: HUN    MISCONDUCT DATE: 07/18/1998    MISCONDUCT NUMBER: 0933943
       CHARGES & DISPOSITION
       B  02  FIGHTING                                  GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY            10/22/1998   60 DAYS CONSEC to 0955073

LOC: HUN    MISCONDUCT DATE: 07/27/1998    MISCONDUCT NUMBER: A091708
       CHARGES & DISPOSITION
       A  1N  THREATENING EMPLOYE                       GUILTY
       C  22  USING ABUSIVE/OBSCENE LANGUAGE            GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY            12/21/1998   90 DAYS CONSEC to 0933943

LOC: HUN    MISCONDUCT DATE: 07/28/1998    MISCONDUCT NUMBER: 0933965
       CHARGES & DISPOSITION
       B  08  POSSESSION OF CONTRABAND, MONEY ETC       REDUCED

       SANCTIONS IMPOSED
       CONFISCATION OF CONTRABAND

LOC: HUN    MISCONDUCT DATE: 07/28/1998    MISCONDUCT NUMBER: 0933967
       CHARGES & DISPOSITION
       B  03  THREATENING OTHER PERSON                  GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             3/21/1999   60 DAYS CONSEC to A091708
```

```
PA DEPT. OF CORRECTIONS        MISCONDUCT TRACKING SY__M      RUN:   DR017RPT
COMPUTER SERVICES                    CONDUCT RECORD           DATE:  2/12/2001
REMOTE PRINT TIME 13:22    CONDUCT VIOLATION AND DISPOSITION  PAGE:  3
                          FROM  8/04/1997 TO  2/12/2001
================================================================================
INMATE NUMBER:  EK3258                    INMATE NAME:  SLACK
```

LOC: HUN    MISCONDUCT DATE: 08/05/1998    MISCONDUCT NUMBER: 0933986
       CHARGES & DISPOSITION
       B  07   REFUSING TO OBEY AN ORDER              GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             3/21/1999   30 DAYS CONSEC to A091708

LOC: HUN    MISCONDUCT DATE: 08/05/1998    MISCONDUCT NUMBER: 0933987
       CHARGES & DISPOSITION
       B  07   REFUSING TO OBEY AN ORDER              GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             4/20/1999   60 DAYS CONSEC to 0933986

LOC: HUN    MISCONDUCT DATE: 08/20/1998    MISCONDUCT NUMBER: A119006
       CHARGES & DISPOSITION
       B  07   REFUSING TO OBEY AN ORDER              GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             6/19/1999   30 DAYS CONSEC to 0933987

LOC: HUN    MISCONDUCT DATE: 08/21/1998    MISCONDUCT NUMBER: A119015
       CHARGES & DISPOSITION
       C  22   USING ABUSIVE/OBSCENE LANGUAGE         GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             7/19/1999   30 DAYS CONSEC to A119006

LOC: HUN    MISCONDUCT DATE: 08/27/1998    MISCONDUCT NUMBER: A119008
       CHARGES & DISPOSITION
       B  07   REFUSING TO OBEY AN ORDER              GUILTY
       C  16   ENGAGING/ENCOURAGING UNATHORIZED ACT.  GUILTY
       C  22   USING ABUSIVE/OBSCENE LANGUAGE         GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             9/17/1999   90 DAYS CONSEC to A119033

LOC: HUN    MISCONDUCT DATE: 08/29/1998    MISCONDUCT NUMBER: A119033
       CHARGES & DISPOSITION
       B  07   REFUSING TO OBEY AN ORDER              GUILTY

       SANCTIONS IMPOSED
       DISCIPLINARY CUSTODY             8/18/1999   30 DAYS CONSEC to A119015

```
PA DEPT. OF CORRECTIONS         MISCONDUCT TRACKING SY..EM       RUN:   DR017RPT
COMPUTER SERVICES                   CONDUCT RECORD              DATE:  2/12/2001
REMOTE PRINT TIME 13:22      CONDUCT VIOLATION AND DISPOSITION  PAGE:   4
                               FROM  8/04/1997 TO  2/12/2001
```
=====================================================================================

INMATE NUMBER:  EK3258                      INMATE NAME:  SLACK

LOC: HUN    MISCONDUCT DATE: 10/16/1998   MISCONDUCT NUMBER: 0923316
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER                 GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          12/16/1999   60 DAYS CONSEC to A119008

LOC: HUN    MISCONDUCT DATE: 10/26/1998   MISCONDUCT NUMBER: 0923353
      CHARGES & DISPOSITION
      *** CHARGES DISMISSED/NOT GUILTY BY HEARING

LOC: HUN    MISCONDUCT DATE: 10/28/1998   MISCONDUCT NUMBER: 0923359
      CHARGES & DISPOSITION
      C  14  DESTROYING, ALTERING OR DAMAGING PROPER. GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          4/14/2000   15 DAYS

LOC: HUN    MISCONDUCT DATE: 12/09/1998   MISCONDUCT NUMBER: A106672
      CHARGES & DISPOSITION
      A  1N  THREATENING EMPLOYE                       GUILTY
      B  07  REFUSING TO OBEY AN ORDER                 GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          4/29/2000   60 DAYS CONSEC to 0923359

LOC: HUN    MISCONDUCT DATE: 12/15/1998   MISCONDUCT NUMBER: A094004
      CHARGES & DISPOSITION
      B  07  REFUSING TO OBEY AN ORDER                 GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          6/28/2000   30 DAYS CONSEC to A106672

LOC: HUN    MISCONDUCT DATE: 12/18/1998   MISCONDUCT NUMBER: A094008
      CHARGES & DISPOSITION
      A  1N  THREATENING EMPLOYE   .                   GUILTY
      B  07  REFUSING TO OBEY AN ORDER                 GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          7/28/2000   90 DAYS CONSEC to A094004

LOC: HUN    MISCONDUCT DATE: 12/18/1998   MISCONDUCT NUMBER: A094010
      CHARGES & DISPOSITION
      B  08  POSSESSION OF CONTRABAND, MONEY ETC       GUILTY

      SANCTIONS IMPOSED
      DISCIPLINARY CUSTODY          7/28/2000   30 DAYS CONSEC to A094004
      CONFISCATION OF CONTRABAND

```
PA DEPT. OF CORRECTIONS        MISCONDUCT TRACKING SY. .8M    RUN:   DR017RPT
COMPUTER SERVICES                    CONDUCT RECORD           DATE:  2/12/2001
REMOTE PRINT TIME 13:22      CONDUCT VIOLATION AND DISPOSITION PAGE:  S
                              FROM  8/04/1997 TO  2/12/2001
================================================================================
INMATE NUMBER:  EK3258                       INMATE NAME:  SLACK

LOC: GRA    MISCONDUCT DATE: 09/20/2000    MISCONDUCT NUMBER: A182822
       CHARGES & DISPOSITION
       B  35  REFUSING TO OBEY AN ORDER              REDUCED

       SANCTIONS IMPOSED
       REPRIMAND, WARNING, COUNSELING

       1ST LEVEL OF APPEAL   10/12/2000  C   10/16/2000  UPHOLD HEAR'S DECISION

*** TOTAL NUMBER OF MISCONDUCTS:     28
```

# LEBANON COUNTY CORRECTIONAL FACILITY

Robert L. Raiger, Warden
Michael J. Gerrity, Deputy Warden - Operations
John R. Russell, Deputy Warden - Treatment
Edward B. McIntyre, Director of Training
Michael K. Stuckey, Director of Work Release
Capt. Robert J. Karnes, Director of Security

730 E. Walnut St.
Lebanon, PA 17042

Phone: 717-274-5451
FAX: 717-274-1338

## STANDARD OPERATING PROCEDURE

APR 23 2001

Chapter #1 - Admissions:

1. Commitments from Other County Facilities
2. Commitments from State Correctional Institutions

POLICY: When individuals are committed to our facility from another county correctional facility or from a State Correctional Institution, these individuals will be placed into "Administrative Segregation" status, until they are reviewed by the Prison Management Team. When committed, the "status" of these individuals will be:

Primary – Quarantine
Temporary – Administrative Segregation
Medical – Quarantine

When cleared from Quarantine Status, the "status" will change to:

Primary – Administrative Segregation
Temporary – Administrative Segregation
Medical – None, unless recommended by Medical Department.

When an individual is committed to this facility from either another county facility or an SCI, the Sergeant or Corporal will leave a note for Captain Karnes with the name of the inmate and the facility this inmate came from. The Captain will place this inmate on his list to be reviewed by the Prison Management Team. After the inmate is reviewed, a decision will be made as to the status of this inmate. Following the Management Meeting, the Captain will advise Sergeant Control of any status changes for these inmates.

NOTE: When cleared from Quarantine status, these inmates will remain in lock-up, in Admin. Seg., until cleared by the Management Team. If at all possible, these inmates will be housed in Block #4, unless circumstances warrant placement in Isolation, due to nature of charges, length of sentence or conduct record.

This policy does NOT pertain to Federal inmates arriving at our facility to participate in the Work Release Program. These inmates are reviewed, via federal paperwork, prior to their arrival at our facility.

This policy will permit more time for Admin. Staff to review the prison file on each inmate from another county facility, or the DC-7X Temporary Transfer Info. Sheets on an inmate from a State Correctional Institution. This policy is in no way meant to "punish" any inmate, but to enable a proper classification of each inmate.

DEFENDANT'S EXHIBIT

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

**ROBERT L. RAIGER**
WARDEN



730 East Walnut Street
Lebanon, Pennsylvania 17042
(717) 274-5451
(717) 274-5452
(717) 274-5453

June 12, 1984

TO:   All Shift Sergeants
      All Shift Corporals
      All Shift Members

FROM:  Robert L. Raiger, Warden
       Michael J. Gerrity, Deputy Warden

SUBJECT:  <u>PRIVILEGES AFFORDED TO INMATES IN LOCK-UP STATUS</u>

The Administration has received questions from staff members concerning exactly what privileges are to be given to inmates in lock-up status. Some shifts permit inmates in lock-up status to attend Church Services, others don't. Some shifts permit inmates to attend Bible Study, others don't. To avoid future inconsistencies between shifts, the following procedures will be implemented for the disposition of inmates in lock-up status.

For simplicity purposes, the various types of lock-up status will be explained, as what type of lock-up status will determine what privileges may be afforded:

1.  <u>24 HOUR LOCK-UP</u>:  Initiated by a 3x5 misconduct where an inmate is confined to his living quarters or cell for a 24 hour period. Inmates in 24 hour lock-up are usually permitted to eat meals in the Dining Room, provided the misconduct did not occur in that area.
    24 hour lock-ups are permitted Block-Out from 8 to 10:00 p.m., and may attend Church Services as long as no problems occur. 24 hour lock-ups do <u>not</u> participate in Max. Yard, nor are they permitted to attend extra activities such as movies, Bible Study or School classes.

2.  <u>ADMINISTRATIVE SECURITY LOCK-UP</u>:  Lock-up ordered by the Prison Administration (the accumulation of 4 or more 3x5 misconducts within a three month period constitutes a ten (10) day Administrative Lock-up.
    An Administrative Lock-up may also be ordered by the Administration if an inmate is a threat to institutional security, a threat to himself/herself, or a threat to other inmates or staff members.
    Inmates in Administrative Security Lock-up <u>may</u> be afforded Max. Yard, Church Services, etc., <u>if</u> approved by the Administration.

3.  <u>PROTECTIVE CUSTODY LOCK-UP</u>:  This lock-up status <u>may</u> be requested by an inmate who fears harm may come to him/her as a result of



# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA

ROBERT L. RAIGER
WARDEN

730 East Waln
Lebanon, Pennsylvani
(717) 2
(717) 2
(717) 2

June 12, 1984

(continued)

the criminal charges lodged against him/her.
The Administration <u>may</u> place an inmate in Protective
Custody Lock-up if deemed necessary to protect the
wellbeing of an inmate, or insure prison security is
not disturbed as a direct result of a certain inmate
being confined to this Correctional Facility.
Inmates in Protective Custody Lock-up <u>may</u> be afforded
Max. Yard and Church Services <u>if</u> approved by the
Administration.

4. <u>DISCIPLINARY BOARD LOCK-UP</u>:  This lock-up status means that an inmate
is serving lock-up time dispensed by the Prison Dis-
ciplinary Board.
Inmates in Disciplinary Board Lock-up <u>will</u> be permitt
to participate in Max. Yard and attend Church Service
when noted on the results of the Disciplinary Board
Decision.  Inmates in this lock-up status do <u>not</u>
attend extra activities such as movies, Bible Study,
or School classes.

5. <u>PRE-HEARING CONFINEMENT</u>:  Lock-up time served by an inmate from the time
a misconduct is committed until he/she is seen by the
Prison Disciplinary Board.
Inmates in Pre-Hearing Confinement do <u>not</u> participate
in Max. Yard, but will receive Block-Out from 8 to
10:00p.m. daily.  <u>May</u> attend Church Services as long
as no problems occur.  Do <u>not</u> attend any extra activi
such as movies, Bible Study, School Classes.

6. <u>MEDICAL ISOLATION LOCK-UP</u>:  This lock-up status <u>may</u> be ordered by the
Medical Staff and/or Administration if an inmate is
considered a risk to the remainder of the inmate popu-
lation as a result of an illness, disease or chronic
medical disorder.  This lock-up may also be ordered
to allow an inmate sufficient time to recover from an
illness or medical problem.
Inmates in Medical Isolation Lock-up <u>may</u> participate
in Max. Yard and Church Services if clearance is grant
from the Administration or Medical Staff.  Extra
activities <u>may</u> also be approved depending on the sever
of the medical problem.

# DEPARTMENT OF CORRECTIONS
## LEBANON COUNTY, PENNSYLVANIA



ROBERT L. RAIGER
WARDEN

730 East Walnut St
Lebanon, Pennsylvania 17
(717) 274-5
(717) 274-5
(717) 274-5

June 12, 1984

(continued)

    7. <u>BEHAVIOR ISOLATION LOCK-UP</u>:  Depending on the severity of a misconduct, or the chronic behavior problems created by a certain inmate, it may become necessary to isolate this inmate for the safety and security of this facility.  Behavior Isolation Lock-up is served in the Attitude Adjustment Unit, or if necessary and space permits, in the Medical cells.

    Inmates in Behavior Isolation Lock-up status <u>may</u> be granted Max. Yard, Church Services, but each must be considered separately taking into consideration the severity of behavior, mental condition, etc.

    If the Disciplinary Board orders lock-up time to be served in isolation, it will be noted on the D.B. result If an inmate is housed in isolation because of a mental problem, permission must be granted from the Administration.

<u>NOTE</u>:  If block lock-ups are permitted to participate in Max. Yard operations in the morning, they will still be permitted Block-Out in the evening from 8 to 10:00p.m. daily.  If block lock-ups do participate in Max. Yard, they do <u>not</u> shower after Max. Yard, but <u>only</u> in the evening during Block-out.

    <u>Any</u> misconducts during Max. Yard or Church Services are to be properly written up and submitted to the Administration.

    <u>All</u> Shift Members are to become familiar with the various types of lock-up utilized in this facility and the privileges afforded to inmates in these lock-ups. These procedures will permit smoother operations between shifts, and hopefully cause fewer problems.  <u>All</u> shifts are to comply with these procedures.

                                 Respectfully,

Robert L. Raiger, Warden

Michael J. Gerrity, Deputy Warden

## CERTIFICATE OF SERVICE

I, David L. Schwalm, Attorney for Thomas, Thomas & Hafer, LLP, hereby certify

that a copy of the foregoing document was served upon the following, by enclosing a true

and correct copy in an envelope addressed as follows, postage prepaid:

Levi Slack, Jr.
MMIP-0227
c/o Lebanon County Prison
730 E. Walnut Street
Lebanon, PA 17042

**THOMAS, THOMAS & HAFER, LLP**

David L. Schwalm, Esquire
Attorney I.D. # 32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
**Attorneys for Defendants**

Date: July 12, 2001



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVI SLACK, JR.,                    :        CIVIL ACTION NO. **4:CV-01-0708**
                                    :
          Plaintiff                 :        (Judge Caldwell)
                                    :
          v.                        :        (Magistrate Judge Blewitt)
                                    :
LEBANON COUNTY                      :
CORRECTIONAL FACILITY, et al.,      :                **FILED**
                                    :              **SCRANTON**
          Defendants                :

                                             APR 2 7 2001

                **ORDER**                    PER _____
                                                    **DEPUTY CLERK**

AND NOW, this 27th day of **April, 2001**,  **IT IS HEREBY ORDERED THAT:**

  1.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis **(Doc. 2)** is construed as a

motion to proceed without full prepayment of fees and costs.

  2.  Said Motion is **GRANTED**.

  3.  The Clerk of Court is directed to serve Plaintiff's Complaint (Doc. 1) in accordance with

Rule 4 of the Federal Rules of Civil Procedure.  The Defendants are requested to waive service pursuant

to Rule 4(d) of the Federal Rules of Civil Procedure.[1]

                                    _____
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

Dated: April 27, 2001

_____

1.   The Marshal will send the form Notice of Lawsuit and Request for Waiver of Service of Summons
to each defendant.

⑥ RP
4-24-0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Levi Slack, Jr.

vs.

Lebanon County
Correctional Facility, et. al.

1:01-cv-708

FILED
SCRANTON

APR 2 3 2001

PER _____ LM,
DEPUTY CLERK

STANDING PRACTICE ORDER

NOW, IT IS HEREBY ORDERED THAT upon the filing of any pro se civil complaint with this court, the Clerk of Court shall serve a copy of this Order on Plaintiff.  Furthermore, if the U.S. Marshal is directed to effect service of the complaint, a copy of the Order shall be served along with the summons and the complaint.

Background

This order is intended to fully inform the parties to this action of their briefing and other responsibilities pursuant to Local Rules of Court 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and Federal Rule of Civil Procedure 56.

Local Rule 7.1 provides that all pre-trial motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion.  However, no concurrence need be sought in pro se prisoner cases.  No more than one motion shall be filed under one cover.  A moving party is required by Local Rule 7.2 to serve copies of his or her respective papers upon the opposing party.

If allegations of facts are relied upon in support of a motion, Local Rule 7.3 mandates that the relevant documents must be filed with the court within ten (10) days after the motion is filed. Local Rules 7.4 and 56.1 direct a party filing a motion for summary judgment to file an accompanying short and concise statement of material facts. Local Rules 7.4 and 56.1, paragraph 2 direct a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the movant's statement.

Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within ten (10) days of the filing of the motion. In the event such a moving party does not file a brief in support of his or her motion within the ten (10) day time frame, Local Rule 7.5 provides that such a party shall be deemed to have withdrawn the motion. In the event the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief thereon is filed must file a brief in opposition to the moving party's motion, together with any opposing affidavits, deposition transcripts, or other documents, within fifteen (15) days of the filing of the brief thereon. If he or she does not file his or her brief and other documentation within the same time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion and the motion may therefore be granted. Local Rule of Court 7.7 allows the moving party to file a reply brief to the responding party's opposing brief within ten (10) days of the

2

filing of the opposing brief.  However, a reply brief is not
mandatory and the failure to file one will not result in
detrimental action.  Local Rule 7.8 explains what the "Contents
and Length of Pre-trial Briefs" should be.  As stipulated in
Local Rule 7.10, any motion for reconsideration or reargument
shall be filed within ten (10) days after the entry of the
judgment order or decree concerned.

If no discovery has been initiated in a prisoner case,
the parties are directed to file appropriate motions within sixty
(60) days after the closing of the pleadings as defined in
Fed.R.Civ.P. 7(a).  If discovery has been initiated by either
party prior to that date, the time for filing said motions shall
be postponed until thirty (30) days after discovery is closed in
conformity with Local Rule 26.4.

Federal Rule of Civil Procedure 56(e) provides that a
party who files a motion for summary judgment may file affidavits
or other documentation in support of such a motion.  Federal Rule
of Civil Procedure 56(e) also provides that a party may not rely
on the allegations set forth in his or her pleadings, such as a
complaint, in the face of affidavits or other documentation filed
pursuant to Rule 56 which contradict and undermine the facts set
forth in such pleadings.  Rather, Rule 56 provides that the party
opposing a motion for summary judgment should in the face of
affidavits or other supporting documentation contradicting or
undermining his or her claim, file his or her own affidavits or
other substantiating documentation so as to demonstrate that a
genuine issue for trial exists and that summary judgment should

3

not be granted.  Pursuant to Local Rules 7.6 and 7.8 such
contravening affidavits or documentation must be filed within
fifteen (15) days of the brief, affidavits and other
documentation filed by the moving party in support of his or her
motion for summary judgment.  If such contravening affidavits or
supporting documentation are not filed within this time frame,
the motion for summary judgment shall be considered solely upon
the affidavits or other supporting documentation filed by the
party who filed the motion for summary judgment, and in light of
the absence of contravening affidavits or other supporting
documentation, summary judgment may be granted.

A pro se plaintiff has the affirmative obligation to
keep the court informed of his or her address.  Should such
address change in the course of this litigation, the plaintiff
shall immediately inform the court of such change, in writing.
If the court is unable to communicate with the plaintiff because
the plaintiff has failed to notify the court of his or her
address, the plaintiff will be deemed to have abandoned the
lawsuit.

Attached to this order are copies of Local Rules 7.1
through 7.8 and 7.10, Local Rules 26.4 and 56.1, and a copy of
the relevant parts of the Federal Rule of Civil Procedure 56.

Accordingly, IT IS HEREBY ORDERED THAT:

All parties shall follow the requirements of these
rules or suffer the consequences of their failure to do such,

4

including possible dismissal of their action.  Unless otherwise ordered by the court, there will be no hearing.


THOMAS I. VANASKIE, Chief Judge
Middle District of Pennsylvania

WILLIAM J. NEALON
United States District Judge

SYLVIA H. RAMBO
United States District Judge

MALCOLM MUIR
United States District Judge

JAMES F. McCLURE, JR.
United States District Judge

RICHARD P. CONABOY
United States District Judge

A. RICHARD CAPUTO
United States District Judge

WILLIAM W. CALDWELL
United States District Judge

JAMES M. MUNLEY
United States District Judge

EDWIN M. KOSIK
United States District Judge

YVETTE KANE
United States District Judge


DATED:    May 19, 2000